IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

DROPBOX, INC.,

          *Plaintiff/Counter-Defendant,*

   v.

MOTION OFFENSE, LLC,

          *Defendant/Counter-Plaintiff.*

Civil Action No. 6:20-cv-00251-ADA

**PLAINTIFF/COUNTER-DEFENDANT DROPBOX, INC.'S SECOND AMENDED
ANSWER TO DEFENDANT/COUNTER-PLAINTIFF MOTION OFFENSE'S
COUNTERCLAIMS**

Dropbox, Inc. ("Plaintiff" or "Counter-Defendant" or "Dropbox") hereby provides Plaintiff's Second Amended Answer to Motion Offense, LLC's ("Defendant" or "Counter-Plaintiff" or "Motion Offense") Counterclaims to Plaintiff's First Amended Complaint ("Counterclaims") as follows:

## NATURE OF THE ACTION[1]

1.      Dropbox admits that the Counterclaims purport to state causes of action under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

## THE PARTIES

2.      Dropbox lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2, and therefore denies them.

3.      Dropbox admits that Dropbox is a Delaware corporation.  Dropbox denies that its principal place of business is at 333 Brannan Street, San Francisco, CA. Dropbox's principal place of business is located at 1800 Owens Street, San Francisco, CA.

## JURISDICTION AND VENUE

4.      Paragraph 4 states conclusions of law for which no answer is required.  To the extent a response is deemed to be required, based on its investigation to date, Dropbox admits that this Court has subject matter jurisdiction pursuant 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

5.      Paragraph 5 states conclusions of law for which no answer is required.  To the extent a response is deemed to be required, Dropbox admits that this case was transferred to this District from the District Court for the District of Delaware.

---

[1] For ease of reference, Dropbox utilizes the headings used in Motion Offense's Answer and Counterclaims.  In doing so, Dropbox does not admit to any of the allegations contained in those headings.  In addition, Dropbox's responses to Motion Offense's allegations correspond to the numbered paragraphs in the Counterclaims.

6.      Paragraph 6 states conclusions of law for which no answer is required.  To the extent a response is deemed to be required, Dropbox denies that it has committed any acts of patent infringement.

7.      Paragraph 7 states conclusions of law for which no answer is required.  To the extent a response is deemed to be required, Dropbox admits that it is registered to do business in Texas.  Dropbox also admits that it maintains an office in Austin.

### FIRST COUNTERCLAIM – INFRINGEMENT OF U.S. PATENT NO. 10,013,158

8.      Paragraph 8 of the Counterclaims requires no response.

9.      Dropbox admits Exhibit A to the Counterclaims purports on its face to be U.S. Patent No. 10,013,158 (referred to herein as the '158 patent), and to have the inventor, application number, filing date, title, and issue date as alleged.  Dropbox lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 9, and on that basis denies them.

10.      Dropbox lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10, and on that basis denies them.  To the extent Paragraph 10 alleges that Dropbox has committed or is committing any acts of patent infringement, Dropbox denies that allegation.

11.      Dropbox admits that Exhibit A purports on its face to be a copy of the '158 patent. Dropbox denies the remaining allegations in Paragraph 11.

12.      Dropbox admits that Paragraph 12 purports to quote a portion of the '158 patent. Dropbox denies the remaining allegations in Paragraph 12.

13.      Dropbox admits that Paragraph 13 purports to quote portions of the '158 patent. Dropbox denies the remaining allegations in Paragraph 13.

14.      Dropbox denies all allegations in Paragraph 14.

15.     Dropbox denies all allegations in Paragraph 15.

16.     Dropbox lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16, and on that basis denies them.

17.     Dropbox denies all allegations in Paragraph 17.

18.     Dropbox admits Exhibit A to the Counterclaims purports to have 30 claims. Dropbox denies the remaining allegations in Paragraph 18.

19.     Dropbox denies all allegations in Paragraph 19.

20.     Dropbox denies all allegations in Paragraph 20.

21.     Dropbox denies all allegations in Paragraph 21.

22.     Dropbox denies all allegations in Paragraph 22.

23.     Dropbox admits that it had knowledge of existence of the '158 patent as of the filing of the complaint in 1:19-cv-01521 (D. Del.) on August 14, 2019.  Dropbox denies the remaining allegations in Paragraph 23.

24.     Dropbox denies all allegations in Paragraph 24.

25.     Dropbox admits that it had knowledge of existence of the '158 patent as of the filing of the complaint in 1:19-cv-01521 (D. Del.) on August 14, 2019.  Dropbox denies the remaining allegations in Paragraph 25.

26.     Dropbox denies all allegations in Paragraph 26.

27.     Dropbox denies all allegations in Paragraph 27.

**SECOND COUNTERCLAIM – INFRINGEMENT OF U.S. PATENT NO. 10,021,052**

28.     Paragraph 28 of the Counterclaims requires no response.

29.     Dropbox admits Exhibit B to the Counterclaims purports on its face to be U.S. Patent No. 10,021,052 (referred to herein as the '052 patent), and to have the inventor, application number, filing date, title, and issue date as alleged.  Dropbox lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 29, and on that basis denies them.

30.     Dropbox lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30, and on that basis denies them.   To the extent Paragraph 30 alleges that Dropbox has committed or is committing any acts of patent infringement, Dropbox denies that allegation.

31.     Dropbox admits that Exhibit B purports on its face to be a copy of the '052 patent. Dropbox denies the remaining allegations in Paragraph 31.

32.     Dropbox admits that Paragraph 32 purports to quote a portion of the '052 patent. Dropbox denies the remaining allegations in Paragraph 32.

33.     Dropbox admits that Paragraph 33 purports to quote portions of the '052 patent. Dropbox denies the remaining allegations in Paragraph 33.

34.     Dropbox denies all allegations in Paragraph 34.

35.     Dropbox denies all allegations in Paragraph 35.

36.     Dropbox lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36, and on that basis denies them.

37.     Dropbox denies all allegations in Paragraph 37.

38.     Dropbox admits Exhibit B to the Counterclaims purports to have 30 claims. Dropbox denies the remaining allegations in Paragraph 38.

39.     Dropbox denies all allegations in Paragraph 39.

40.     Dropbox denies all allegations in Paragraph 40.

41.     Paragraph 41 of the Counterclaims requires no response.

42.     Dropbox denies all allegations in Paragraph 42.

43.     Dropbox denies all allegations in Paragraph 43.

44.     Dropbox admits that it had knowledge of existence of the '052 patent as of the filing of the complaint in 1:19-cv-01521 (D. Del.) on August 14, 2019.  Dropbox denies the remaining allegations in Paragraph 44.

45.     Dropbox denies all allegations in Paragraph 45.

46.     Dropbox admits that it had knowledge of existence of the '052 patent as of the filing of the complaint in 1:19-cv-10521 (D. Del.) on August 14, 2019.  Dropbox denies the remaining allegations in Paragraph 46.

47.     Dropbox denies all allegations in Paragraph 47.

48.     Dropbox denies all allegations in Paragraph 48.

**THIRD COUNTERCLAIM – INFRINGEMENT OF U.S. PATENT NO. 10,303,353**

49.     Paragraph 49 of the Counterclaims requires no response.

50.     Dropbox admits Exhibit C to the Counterclaims purports on its face to be U.S. Patent No. 10,303,353 (referred to herein as the '353 patent), and to have the inventor, application number, filing date, title, and issue date as alleged.  Dropbox lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 50, and on that basis denies them.

51.     Dropbox lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51, and on that basis denies them.  To the extent Paragraph 51 alleges that Dropbox has committed or is committing any acts of patent infringement, Dropbox denies that allegation.

52.     Dropbox admits that Exhibit C purports on its face to be a copy of the '353 patent. Dropbox denies the remaining allegations in Paragraph 52.

5

53.     Dropbox admits that Paragraph 53 purports to quote a portion of the '353 patent. Dropbox denies the remaining allegations in Paragraph 53.

54.     Dropbox admits that Paragraph 54 purports to quote portions of the '353 patent. Dropbox denies the remaining allegations in Paragraph 54.

55.     Dropbox denies all allegations in Paragraph 55.

56.     Dropbox denies all allegations in Paragraph 56.

57.     Dropbox lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57, and on that basis denies them.

58.     Dropbox denies all allegations in Paragraph 58.

59.     Dropbox admits Exhibit C to the Counterclaims purports to have 21 claims. Dropbox denies the remaining allegations in Paragraph 59.

60.     Dropbox denies all allegations in Paragraph 60.

61.     Dropbox denies all allegations in Paragraph 61.

62.     Dropbox denies all allegations in Paragraph 62.

63.     Dropbox denies all allegations in Paragraph 63.

64.     Dropbox denies all allegations in Paragraph 64.

65.     Dropbox denies all allegations in Paragraph 65.

66.     Dropbox denies all allegations in Paragraph 66.

67.     Dropbox denies all allegations in Paragraph 67.

68.     Dropbox denies all allegations in Paragraph 68.

**FOURTH COUNTERCLAIM – INFRINGEMENT OF U.S. PATENT NO. 10,613,737**

69.     Paragraph 69 of the Counterclaims requires no response.

70.     Dropbox admits Exhibit D to the Counterclaims purports on its face to be U.S. Patent No. 10,613,737 (referred to herein as the '737 patent), and to have the inventor, application

6

number, filing date, title, and issue date as alleged.  Dropbox lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 70, and on that basis denies them.

71.     Dropbox lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71, and on that basis denies them.  To the extent Paragraph 71 alleges that Dropbox has committed or is committing any acts of patent infringement, Dropbox denies that allegation.

72.     Dropbox admits that Exhibit D purports on its face to be a copy of the '737 patent. Dropbox denies the remaining allegations in Paragraph 72.

73.     Dropbox admits that Paragraph 73 purports to quote a portion of the '737 patent. Dropbox denies the remaining allegations in Paragraph 73.

74.     Dropbox admits that Paragraph 74 purports to quote portions of the '737 patent. Dropbox denies the remaining allegations in Paragraph 74.

75.     Dropbox denies all allegations in Paragraph 75.

76.     Dropbox denies all allegations in Paragraph 76.

77.     Dropbox lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77, and on that basis denies them.

78.     Dropbox denies all allegations in Paragraph 78.

79.     Dropbox admits Exhibit D to the Counterclaims purports to have 40 claims. Dropbox denies the remaining allegations in Paragraph 79.

80.     Dropbox denies all allegations in Paragraph 80.

81.     Dropbox denies all allegations in Paragraph 81.

82.     Dropbox denies all allegations in Paragraph 82.

83.     Dropbox denies all allegations in Paragraph 83.

84.     Dropbox denies all allegations in Paragraph 84.

85.     Dropbox denies all allegations in Paragraph 85.

86.     Dropbox denies all allegations in Paragraph 86.

87.     Dropbox denies all allegations in Paragraph 87.

88.     Dropbox denies all allegations in Paragraph 88.

## FIFTH COUNTERCLAIM – INFRINGEMENT OF U.S. PATENT NO. 10,587,548

89.     Paragraph 89 of the Counterclaims requires no response.

90.     Dropbox admits Exhibit E to the Counterclaims purports on its face to be U.S. Patent No. 10,587,548 (referred to herein as the '548 patent), and to have the inventor, application number, filing date, title, and issue date as alleged.  Dropbox lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 90, and on that basis denies them.

91.     Dropbox lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91, and on that basis denies them.  To the extent Paragraph 91 alleges that Dropbox has committed or is committing any acts of patent infringement, Dropbox denies that allegation.

92.     Dropbox admits that Exhibit E purports on its face to be a copy of the '548 patent. Dropbox denies the remaining allegations in Paragraph 92.

93.     Dropbox admits that Paragraph 93 purports to quote a portion of the '548 patent. Dropbox denies the remaining allegations in Paragraph 93.

94.     Dropbox admits that Paragraph 94 purports to quote portions of the '548 patent. Dropbox denies the remaining allegations in Paragraph 94.

95.     Dropbox denies all allegations in Paragraph 95.

96.     Dropbox denies all allegations in Paragraph 96.

97.     Dropbox lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97, and on that basis denies them.

98.     Dropbox denies all allegations in Paragraph 98.

99.     Dropbox admits Exhibit E to the Counterclaims purports to have 46 claims. Dropbox denies the remaining allegations in Paragraph 99.

100.    Dropbox denies all allegations in Paragraph 100.

101.    Dropbox denies all allegations in Paragraph 101.

102.    Dropbox denies all allegations in Paragraph 102.

103.    Dropbox denies all allegations in Paragraph 103.

104.    Dropbox denies all allegations in Paragraph 104.

105.    Dropbox denies all allegations in Paragraph 105.

106.    Dropbox denies all allegations in Paragraph 106.

107.    Dropbox denies all allegations in Paragraph 107.

108.    Dropbox denies all allegations in Paragraph 108.

## **JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Dropbox demands a trial by jury on all issues triable as such.

## **PRAYER FOR RELIEF**

Dropbox denies subparagraphs A–E of Motion Offense's Prayer For Relief; Dropbox denies that Motion Offense is entitled to any relief from Dropbox.

Dropbox denies any and all Affirmative Defenses raised by Motion Offense.

Dropbox denies all allegations of Motion Offense's Counterclaims not specifically admitted above.

## AMENDED AFFIRMATIVE DEFENSES TO THE COUNTERCLAIMS

By alleging the amended Defenses set forth below, Dropbox does not agree or concede that it bears the burden of proof or the burden of persuasion on any of these issues, whether in whole or in part.  For its amended Defenses to Motion Offense's Counterclaims, Dropbox alleges as follows:

### First Affirmative Defense

*(Non-Infringement)*

1.      Dropbox does not make, use, sell, offer for sale, or import into the United States, and has not made, used, sold, offered for sale or imported into the United States, any products or methods that infringe any valid claim of the patents asserted in the Counterclaims, either directly, indirectly, contributorily,  through the doctrine of equivalents, or otherwise, and has not induced others to infringe, or otherwise indirectly infringed, any valid claim of the patents asserted in the Counterclaims.

### Second Affirmative Defense

*(Invalidity)*

2.      One or more claims of the patents asserted in the Counterclaims are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101 *et seq.*, including 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

### Third Affirmative Defense

*(Failure to Provide Notice Pursuant to 35 U.S.C. § 287)*

3.      On information and belief, to the extent Motion Offense, its predecessors, or licensees of the patents asserted in the Counterclaims have failed to comply with the marking requirement set forth in 35 U.S.C. § 287, Motion Offense's damages are barred, in whole or in part.

### Fourth Affirmative Defense

*(Waiver, Estoppel, Acquiescence, Unclean Hands, and Implied License)*

4.      On information and belief, Motion Offense's claims for relief are barred in whole or in part by waiver, estoppel, acquiescence, unclean hands, and/or implied license.

### Fifth Affirmative Defense

*(Prosecution History Estoppel)*

5.      Motion Offense is estopped, based on statements, representations, and admissions made during prosecution of the patent applications that led to the patents asserted in the Counterclaims, from asserting that the claims of the patents asserted in the Counterclaims are infringed by Dropbox or Dropbox's products or services, either directly, indirectly, contributorily, through the doctrine of equivalents, or otherwise.

### Sixth Affirmative Defense

*(No Immediate or Irreparable Injury)*

6.      On information and belief, Motion Offense is not entitled to equitable relief with respect to the patents asserted in the Counterclaims under any theory because Motion Offense has not and will not suffer irreparable harm, Motion Offense does not practice the patents, Motion Offense is not without adequate remedy at law, the balance of the hardships do not favor entry of an injunction, and/or public policy concerns weigh against any equitable relief.

### Seventh Affirmative Defense

*(Time Limitation)*

7.      On information and belief, Motion Offense's claims for damages are barred, in whole or in part, under 35 U.S.C. § 286.

**Eighth Affirmative Defense**

*(No Costs)*

8.      On information and belief, Motion Offense is barred from recovering costs associated with this action with respect to the patents asserted in the Counterclaims under 35 U.S.C. § 288.

**Ninth Affirmative Defense**

*(Failure to Conduct Pre-Suit Investigation)*

9.      Motion Offense's claims for relief are barred, and its cause of action against Dropbox is subject to dismissal, because Motion Offense failed to conduct a reasonable investigation of Dropbox's products and/or methods of providing services prior to filing suit.

**Tenth Affirmative Defense**

*(Ensnarement)*

10.      To the extent that Motion Offense claims infringement under the Doctrine of Equivalents, Motion Offense's claims are barred under the Ensnarement Doctrine, which prohibits Motion Offense from asserting an infringement theory under the Doctrine of Equivalents that encompasses, or "ensnares," the prior art.

**Eleventh Affirmative Defense**

*(Inequitable conduct)*

11.      On information and belief, Motion Offense's claims for relief are barred in whole or in part by inequitable conduct because the applicant, the prosecuting attorneys, and/or those substantively involved in prosecution failed to disclose information and/or made false or misleading statements to the United States Patent & Trademark Office ("USPTO"), with the intent to deceive the examiner, regarding Dropbox products and other prior art of which they were aware that was but-

for material to the patentability of the asserted patents in this Action and in Case No. 6:21-cv-00758 (which is consolidated with this Action).

12.     For example, during prosecution of Application No. 15/724,235 ("'235 Application"), from which U.S. Patent No. 10,013,158 ("'158 patent") issued, the applicant, the prosecuting attorneys, and/or those substantively involved in prosecution of the '235 Application submitted materially false or misleading statements to the USPTO and/or failed to disclose material prior art.

13.     Motion Offense has alleged that all the asserted patents in this Action and in Case No. 6:21-cv-00758 (which is consolidated with this Action)—including the '158 patent—claim priority, directly or indirectly, to Application No. 14/274,623 ("'623 Application"), which in turn claims priority to two 2012 applications: Application No. 13/626,635 ("'635 Application"), filed on September 25, 2012, and Application No. 13/624,906 ("'906 Application"), filed on September 22, 2012.

14.     On information and belief, at least the named inventor of all asserted patents in this Action and in Case No. 6:21-cv-00758 (which is consolidated with this Action) and these priority applications—Robert Paul Morris—was familiar with the operation of Dropbox products before any of the '906 Application, the '635 Application, the '623 Application, or the '235 Application was filed.

15.     Claim 1 of the '158 patent includes the limitation: "after the information associated with the at least one folder, the object associated with the at least one email address, and the indication of the selection of the third user interface element is sent via the at least one network; receive, at the second node via the at least one network, at least one email message identifying the at least one folder and including a reference to the at least one folder, without including a file attachment

with the at least one email message."  Dkt. 43, Ex. A to Counterclaims, '158 patent at claim 1.

Independent claims 3, 17, and 19 recite similar limitations.

16.     In this litigation, Motion Offense alleges that a Dropbox-generated email—present in

Dropbox's products at least as early as July 2012—meets this limitation of claim 1 of the '158

patent.

17.     The applicant, the prosecuting attorneys, and/or those substantively involved in

prosecution of the '235 Application had awareness of Dropbox's products prior to September 22,

2012 but failed to disclose information regarding the operation of Dropbox's products to the

USPTO.

18.     In fact, the '158 patent specification itself distinguishes the methods claimed therein from

the operation of Dropbox products.  It states in the Background section that "A variety of means

exist for sharing filed [*sic*], folders, and other data via [a] network.  For each a user must know

how to configure and/or setup the sharing.  ***For example, sharing a file [via] a Samba file system***

***is different than sharing a via*** [*sic*] ***cloud based storage system, such as DROPBOX.   Sharing***

***via email is still different***.  Sharing copies of files is perhaps the best know[n] means and most

widely used means for sharing copies.  It would [be] useful if sharing files, folders, directory data,

and other network accessible data were as easy as sending an attachment in an email."  Dkt. 43,

Ex. A to Counterclaims, '158 patent at 1:55-67 (emphasis added).  The applicant simultaneously

noted that the claimed invention is related to "sharing a folder and any contents … involving an

email message and a file explorer interface without an attachment included with the at least one

email message."  *Id.* at Abstract.

19.     But for these misrepresentations and/or misleading statements and/or the omission of information regarding the operation of Dropbox products, the claims of the '158 patent would not have issued.

20.     The single most reasonable inference from the facts and circumstances alleged in Paragraphs 11 through 19 is that the applicant, prosecuting attorneys, and/or those substantively involved in prosecution of the '235 Application supplied materially misleading information and/or failed to disclose but-for material information to the USPTO with specific and deliberate intent to deceive.   The Applicant's conduct violated the duty of candor under 37 C.F.R. § 1.56 and constituted inequitable conduct, thereby rendering the '158 patent unenforceable due to inequitable conduct.

21.     As another example, during prosecution of Application No. 15/724,223 ("'223 Application"), from which U.S. Patent No. 10,021,052 ("'052 patent") issued, the applicant, the prosecuting attorneys, and/or those substantively involved in prosecution of the '223 Application submitted materially false or misleading statements to the USPTO and/or failed to disclose material prior art.

22.     Motion Offense has alleged that all the asserted patents in this Action and in Case No. 6:21-cv-00758 (which is consolidated with this Action)—including the '052 patent—claim priority, directly or indirectly, to the '623 Application, which in turn claims priority to two 2012 applications: the'635 Application, filed on September 25, 2012, and the '906 Application, filed on September 22, 2012.

23.     On information and belief, at least the named inventor of all asserted patents in this Action and in Case No. 6:21-cv-00758 (which is consolidated with this Action) and these priority applications—Robert Paul Morris—was familiar with the operation of Dropbox products before

any of the '906 Application, the '635 Application, the '623 Application, or the '223 Application was filed.

24.     Claim 1 of the '052 patent includes the limitation: "detecting, utilizing the at least one third interface at the second node, a selection of the seventh user interface element, where the detection of the selection of the seventh user interface element indicates that the at least one file is to be caused to be uploaded; sending, from the second node via the at least one network, an indication of the selection of the seventh user interface element for causing the at least one file to be uploaded."  Dkt. 43, Ex. B to Counterclaims, '052 patent at claim 1.  Independent claims 10, 12, and 28 recite similar limitations.

25.     In this litigation, Motion Offense alleges that a Dropbox upload feature—present in Dropbox's products at least as early as July 2012—meets this limitation of claim 1 of the '052 patent.

26.     The applicant, the prosecuting attorneys, and/or those substantively involved in prosecution of the '223 Application had awareness of Dropbox's products prior to September 22, 2012 but failed to disclose information regarding the operation of Dropbox's products to the USPTO.

27.     Not only was information regarding this prior art Dropbox upload feature withheld from the USPTO, but the '052 patent specification also states that the methods claimed therein are different from the operation of Dropbox products.  The patent incorporates by reference the '635 Application, which states in the Background section that "A variety of means exist for sharing filed [*sic*], folders, and other data via [a] network.  For each a user must know how to configure and/or setup the sharing.  ***For example, sharing a file [via] a Samba file system is different than sharing a via [*sic*] cloud based storage system, such as DROPBOX.  Sharing via email is still***

16

*different*.  Sharing copies of files is perhaps the best know[n] means and most widely used means for sharing copies.  It would [be] useful if sharing files, folders, directory data, and other network accessible data were as easy as sending an attachment in an email."   Dkt. 43, Ex. B to Counterclaims, '052 patent at 1:6-50; Ex. 1, '635 Application ¶ [0005] (emphasis added).

28.     But for these misrepresentations and/or misleading statements and/or the omission of information regarding the operation of Dropbox products, the claims of the '052 patent would not have issued.

29.     The single most reasonable inference from the facts and circumstances alleged in Paragraphs 11 and 21 through 28 is that the applicant, prosecuting attorneys, and/or those substantively involved in prosecution of the '223 Application supplied materially misleading information and/or failed to disclose but-for material information to the USPTO with specific and deliberate intent to deceive.  The Applicant's conduct violated the duty of candor under 37 C.F.R. § 1.56 and constituted inequitable conduct, thereby rendering the '052 Patent unenforceable due to inequitable conduct.

30.     In general, Motion Offense's patent assertions target Dropbox features and capabilities present in Dropbox's products at least as early as July 2012.  But for the applicant's, prosecuting attorneys', and/or those substantively involved in prosecution's failure to disclose the Dropbox prior art and/or their representations expressly stating that what was claimed was different from Dropbox, claims in the asserted patents in this Action and in Case No. 6:21-cv-00758 (which is consolidated with this Action) would not have issued.  The single most reasonable inference from these facts and circumstances is that the applicant, prosecuting attorneys, and/or those substantively involved in prosecution of the asserted patents in this Action and in Case No. 6:21-cv-00758 (which is consolidated with this Action) supplied materially misleading information

and/or failed to disclose but-for material information to the USPTO with specific and deliberate intent to deceive.

### Reservation of Defenses

Dropbox reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation.

Dated: March 23, 2022

Respectfully submitted,

_/s/ J. Stephen Ravel_____

Gregory H. Lantier (*pro hac vice*)
WILMER CUTLER PICKERING HALE
& DORR LLP
1875 Pennsylvania Avenue
Washington DC 20006
Tel: (202) 663-6327
Email: gregory.lantier@wilmerhale.com

J. Stephen Ravel
Texas State Bar No. 16584975
KELLY HART & HALLMAN LLP
303 Colorado, Suite 2000
Austin, Texas 78701
Tel: (512) 495-6429
Email: steve.ravel@kellyhart.com

Liv Herriot (*pro hac vice*)
WILMER CUTLER PICKERING HALE
& DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel: (650) 858-6138
Email: liv.herriot@wilmerhale.com

***Attorneys for Dropbox, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record are being served with a copy of the foregoing document via the Court's CM/ECF system on March 23, 20221.

_/s/ J. Stephen Ravel_____
J. Stephen Ravel

19