**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| DROPBOX, INC., <br><br> *Plaintiff/Counter-Defendant,* <br><br> v. <br><br> MOTION OFFENSE, LLC, <br><br> *Defendant/Counter-Plaintiff.* | Civil Action No.: 6:20-cv-00251-ADA |
| MOTION OFFENSE, LLC, <br><br> *Plaintiff,* <br><br> v. <br><br> DROPBOX, INC., <br><br> *Defendant.* | Civil Action No.: 6:21-cv-758-ADA |

**DROPBOX, INC.'S OPPOSED MOTION TO DETERMINE ITS MOTION TO STRIKE IS NOT A DISCOVERY OR CASE MANAGEMENT MOTION UNDER LOCAL RULE CV-7 OR ALTERNATIVELY TO EXPAND THE PAGE LIMITS FOR DROPBOX'S MOTION TO STRIKE TO 20 PAGES**

Dropbox, Inc. ("Dropbox") respectfully requests that the Court find its Motion to Strike Motion Offense's July 1, 2022 belated amended infringement contentions ("July 2022 New Contentions") is not a discovery or case management motion under Local Rule CV-7. Alternatively, Dropbox respectfully requests that the Court grant it leave to file a 20 page Motion to Strike Motion Offense's July 1, 2022 belated amended infringement contentions ("July 2022 New Contentions"). As explained in Dropbox's Motion to Strike, the July 2022 New Contentions include multiple new theories of infringement.

Under Local Rule CV-7, any motion that is not a discovery or case management motion is limited to 20 pages. Given the substantial expansion of the case that is encompassed by Motion Offense's July 2022 New Contentions, Dropbox's Motion to Strike Motion Offense's July 2022 New Contentions is akin to a Motion to Strike an expert report or a *Daubert* motion, both of which are limited to 20 pages under the local rules.

Just as with a *Daubert* Motion or a Motion to Strike an expert report, the Court's ruling on Dropbox's Motion to Strike Motion Offense's July 2022 New Contentions will determine the scope of opinions that Motion Offense's expert may offer at trial. This impact is substantially greater than a discovery dispute about the scope of documents to be produced or a case management motion requesting that the case schedule change. Thus, this Motion is simply not the same as a discovery motion or a case management motion.

That Dropbox's motion is brought now, rather than during the dispositive motion phase of the case, is simply a matter of **when** the Court needs to decide the issue, not what type of motion it is. It simply cannot be the case, as Motion Offense has suggested, that the fact that a motion is brought during fact discovery results in a 10-page limit.

Alternatively, Dropbox respectfully requests that this Court find that the importance of

these issues and the complexity of these issues establishes good cause to expand the page limit from 10 pages to 20 pages. Due to the nature of Motion Offense's amendments and the arguments raised by Dropbox regarding why the infringement allegations are new and the substantial prejudice to Dropbox of those new allegations, additional pages are necessary for Dropbox to adequately address each new infringement allegation.

Dropbox understands and appreciates the Court's desire for a concise and well-organized brief. For that reason, Dropbox has taken a proactive approach to editing its Motion to Strike. However, Dropbox also understands that the Court ordered written briefing on this issue so that it could fully understand the new arguments Motion Offense is making and have all necessary information to issue an Order on Dropbox's Motion to Strike. As set forth in more detail in Dropbox's Motion to Strike, Motion Offense's July 2022 New Contentions contained multiple new arguments and, even after Motion Offense agreed to drop certain of those arguments, continues to assert multiple new infringement theories across five different patents. Each new infringement theory is different and therefore must be addressed separately.

| Patents | Original Theory | New Theories Addressed in Motion to Strike |
|---|---|---|
| '158, '353, and '737 patents | "Website Folder Sharing Method #1" | 1. "Sharing via Dropbox Desktop Application System Tray"<br>2. "Website Folder Sharing Method #2" |
| '215 patent | "Website Folder Sharing Method #2" | 1. "Sharing via Dropbox Desktop Application System Tray"<br>2. Smart Sync |
| '052 patent | "Dropbox File Requests with Email Notification" | "Dropbox File Requests with Dropbox Desktop Application System Tray Notification" |

In total, Dropbox needs to explain three original infringement theories, four new infringement theories, why the theories are different and the prejudice to Dropbox from each of

these theories.[1]  Dropbox's Motion also explains why Motion Offense could have included these new theories in Motion Offense's October 2021 Final Infringement Contentions.  Finally, Dropbox's Motion to Strike explains why a continuance would not be sufficient to remedy to the prejudice to Dropbox.  Due to the complexity and importance of these issues, Dropbox respectfully suggests that 20 pages are necessary for its Motion to Strike.

Accordingly, Dropbox respectfully requests that the Court find its Motion to Strike Motion Offense's July 2022 New Contentions is not a discovery or case management motion under Local Rule CV-7.  Alternatively, Dropbox respectfully requests that the Court grant it leave to file a 20-page Motion to Strike July 2022 New Contentions.

---

[1] At the hearing, the Court requested redlines showing the changes to Motion Offense's infringement contentions.  Dropbox has included these redlines as exhibits to its Motion.  However, because redlines are not as concise and well-organized as a brief, Dropbox has also included figures from Motion Offense's July 2022 New Contentions which Dropbox believes will help illustrate the differences between Motion Offense's October 2021 Final Contentions and Motion Offense's July 2022 New Contentions.

Dated: July 13, 2022

OF COUNSEL:

Gregory H. Lantier (*Pro Hac Vice*)
WILMER CUTLER PICKERING HALE
& DORR LLP
1875 Pennsylvania Avenue
Washington DC 20006
Tel: (202) 663-6327
Email: gregory.lantier@wilmerhale.com

Liv Herriot (*Pro Hac Vice*)
WILMER CUTLER PICKERING HALE
& DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Tel: (650) 858-6138
Email: liv.herriot@wilmerhale.com

Amanda L. Major (*Pro Hac Vice*)
WILMER CUTLER PICKERING HALE
& DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Tel:  (202) 663-6000
Fax: (202) 663-6363
Email:  Amanda.Major@wilmerhale.com

Respectfully submitted,

*/s/ J. Stephen Ravel*
J. Stephen Ravel
Texas State Bar No. 16584975
KELLY HART & HALLMAN LLP
303 Colorado, Suite 2000
Austin, Texas 78701
Tel: (512) 495-6429
Email: steve.ravel@kellyhart.com

*Attorneys for Dropbox, Inc.*

## CERTIFICATE OF CONFERENCE

The undersigned certifies counsel have conferred. Motion Offense opposes the relief sought. Accordingly, the Motion is presented to the Court for resolution.

*/s/ J. Stephen Ravel*
J. Stephen Ravel

5

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record are being served with a copy of the foregoing document via the Court's CM/ECF filing system on July 13, 2022.

> */s/ J. Stephen Ravel*
> J. Stephen Ravel