**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| DROPBOX, INC.,<br><br>*Plaintiff/Counter-Defendant,*<br><br>v.<br><br>MOTION OFFENSE, LLC,<br><br>*Defendant/Counter-Plaintiff.* | Civil Action No.:  6:20-cv-00251-ADA |
| MOTION OFFENSE, LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>DROPBOX, INC.,<br><br>*Defendant.* | Civil Action No.:  6:21-cv-758-ADA |

**<u>DROPBOX, INC.'S MOTION TO STRIKE MOTION OFFENSE LLC'S JULY 1</u>**
**<u>AMENDED INFRINGEMENT CONTENTIONS</u>**

## **TABLE OF CONTENTS**

I.     Introduction .................................................................................................................. 1

II.    Background ................................................................................................................... 2

     A.  The Asserted Patents ........................................................................................ 2

     B.  Procedural History ............................................................................................ 3

     C.  Dropbox Accused Functionality ...................................................................... 4

     D.  The July 2022 New Contentions ...................................................................... 5

     E.  Discovery History ............................................................................................. 5

III.   Legal Standards ............................................................................................................ 7

IV.   Argument ...................................................................................................................... 8

     A.  The Court Should Strike Motion Offense's Late and Prejudicial Amended
         Infringement Contentions ................................................................................ 8

   1.      Dropbox is Prejudiced By Motion Offense's New Theories .................................. 9

   2.      Motion Offense Could Have Included These Accusations In Its October 2021
Final Infringement Contentions But Failed to Do So ........................................................ 17

   3.      A Continuance Will Not Remedy the Prejudice to Dropbox ............................... 19

     B.  If the Court Permits Motion Offense's Late Change in Infringement Theories, Due
         Process Requires Providing Dropbox A Fair Opportunity to Prepare its Defenses
         ............................................................................................................................ 20

V.    Conclusion ................................................................................................................. 20

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Abiomed, Inc. v. Maquet Cardiovascular LLC*,
    No. CV 16-10914-FDS, 2020 WL 3868803 (D. Mass. July 9, 2020) ..............7, 12, 14, 15, 17

*EON CorpIP Holdings LLC v. Aruba Networks Inc*,
    No. 12-CV-01011-JST, 2013 WL 6001179 (N.D. Cal. Nov. 12, 2013)......8, 12, 14, 15, 17, 19

*Fintiv, Inc. v. Apple Inc.*,
    No. 1:21-cv-896-ADA (W.D. Tex. Nov. 12, 2020), Dkt. 201................................................20

*Fintiv, Inc. v. Apple Inc.*,
    No. 1:21-cv-896-ADA (W.D. Tex. July 5, 2022), Dkt. 441 ...................................................20

*LoganTree LP v. Garmin Int'l, Inc.*,
    No. 17-1217-EFM-ADM, 2021 WL 5998293 (D. Kan. Dec. 20, 2021) ......................7, 17, 19

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*,
    467 F.3d 1355 (Fed. Cir. 2006)..................................................................................7, 18, 19

*Philips N. Am. LLC v. Fitbit LLC*,
    No. CV 19-11586-FDS, 2021 WL 5417103 (D. Mass. Nov. 19, 2021) ............7, 12, 14, 15, 17

*Sybase, Inc. v. Vertica Sys., Inc.*,
    No. 6:08 CV 24, 2009 WL 4574690 (E.D. Tex. Nov. 30, 2009)........................7, 8, 12, 19, 20

*Sycamore IP Holdings LLC v. AT&T Corp.*,
    No. 2:16-CV-588-WCB, 2017 WL 4517953 (E.D. Tex. Oct. 10, 2017)...........8, 12, 14, 15, 17

## I.      INTRODUCTION

Dropbox, Inc. ("Dropbox") respectfully moves to strike Motion Offense's July 1, 2022 belated amended infringement contentions ("July 2022 New Contentions"). Motion Offense served its July 2022 New Contentions three minutes before midnight Central on the last day of fact discovery, on the Friday of a holiday weekend, just six business days before opening expert reports. Motion Offense has identified **no** compelling reason for its eleventh-hour amendments, which rely upon **public** documents to set forth multiple new theories of infringement.

Not only are Motion Offense's July 2022 New Contentions unjustified, they are highly prejudicial to Dropbox and would necessarily delay trial further if allowed into this nearly three-year-old case. Dropbox would need to invest substantial resources and time (1) investigating how the newly accused functionality works to develop non-infringement positions and (2) searching for prior art, including subpoenaing third parties. For Dropbox to fairly complete that investigation, the case schedule must be significantly extended and trial must be reset.

Motion Offense makes two arguments: (1) that the July 2022 New Contentions do not change its theories and (2) that its amendments in the July 2022 New Contentions could not have been made earlier. Both are incorrect. With respect to the first, Motion Offense has made significant substantive changes in the July 2022 New Contentions. For example, for three of the asserted patents, the July 2022 New Contentions accused **four additional** methods of allegedly sharing content that were not previously accused.[1] With respect to Motion Offense's second argument, Motion Offense could have included these allegations in its October 2021 Final Contentions, but failed to do so. In fact, Motion Offense's amendments rely primarily on public

---

[1] The night before Dropbox filed this motion, Motion Offense agreed to drop two of those four additional methods.

information[2]—not any confidential Dropbox information—and accuse functionality, such as the Dropbox Desktop application, that already existed when Motion Offense served its final contentions.  Moreover, Motion Offense chose not to review Dropbox's source code until May 2022, **_over a year_** after Dropbox first made its source code available for inspection and after fact discovery was previously set to close in this case.  Dropbox should not be penalized for Motion Offense's failure to timely review Dropbox's materials.

This Court should grant Dropbox's Motion to Strike, maintain the current case schedule, and permit this case to proceed to trial in January 2023.  Alternatively, if the Court permits Motion Offense to make these amendments, then as a matter of Due Process, Dropbox requests that the Court reset the procedural schedule to allow Dropbox adequate time to investigate and respond to Motion Offense's new infringement assertions.  Dropbox expects such rescheduling would require a six-month delay in the trial.

## II.   BACKGROUND

### A.   The Asserted Patents

In the -251 action, Motion Offense asserts five patents: U.S. Patent Nos. 10,013,158 (-251 action, Dkt. 43 at Ex. A, the "'158 patent"), 10,021,052 (-251 action, Dkt. 43 at Ex. B, the "'052 patent"), 10,303,353 (-251 action, Dkt. 43 at Ex. C, the "'353 patent"), 10,587,548 (-251 action, Dkt. 43 at Ex. E, the "'548 patent"), and 10,613,737 (-251 action, Dkt. 43 at Ex. D, the "'737 patent").  In the -758 action, Motion Offense asserts one patent: U.S. Patent No. 11,044,215 (-758 action, Dkt. 1 at Ex. 1, the "'215 patent").

---

[2] Indeed, the contentions are not even labeled confidential, meaning that Motion Offense's arguments rely on public documents, **_not_** confidential discovery produced by Dropbox.  Motion Offense merely cites entire Dropbox-produced documents (without pin cites) and the full deposition transcript of a Dropbox witness as "see also" support for the new theories it has presented using public information and evidence.

All of the asserted patents are directed to requesting and/or sharing content between two users across a network (such as the Internet) via email such that the content is shared without attaching the content to the email.  *See* '158 patent at Abstract, 1:58-2:3, Figs. 5-6G, claim 1; '052 patent at Abstract, 1:53-66, Figs. 5-6G, claim 1; '353 patent at Abstract, 1:63-2:9, Figs. 5-6G, claim 1; '548 patent at Abstract, 1:57-2:4, Figs. 5-6G, claim 1; '737 patent at Abstract, 1:66-2:11, Figs. 5-6G, claim 1.  The asserted patents claim specific ways of requesting and/or sharing content that require a user to take specific steps to share or request a file using specifically claimed "interfaces" and "interface elements."  The patents further require that specific communications occur between a first user computer and an external messaging node (e.g., "first hypertext markup language-equipped code that is sent via at least one network") and require specific ways of accessing shared or uploaded content (e.g., via a "a second message that includes an eighth user interface element").  *See, e.g.*, '158 patent, claim 3; '052 patent, claim 12.

### B.    Procedural History

On July 12, 2019, Motion Offense filed a now-stayed litigation against Dropbox customers Sprouts Farmers Market, Inc. and Sprouts Farmers Market Texas, LP d/b/a Sprouts Farmers Market (collectively, "Sprouts") asserting the '158 and '052 patents.  Motion Offense's allegations against Sprouts—in its complaint and in February 2020 infringement contentions— were based exclusively on Sprouts' use of Dropbox and set forth the same infringement theories for the '158 and '052 patents that Motion Offense asserted against Dropbox until its July 2022 New Contentions.[3]  Declaration of Gregory Lantier ("Lantier Decl."), ¶ 3.

On August 14, 2019, Dropbox filed a declaratory judgment action against Motion

---

[3] The primary change between Motion Offense's initial charts and its October 15, 2021 Final Infringement Contentions was the addition of documentation allegedly showing how the Dropbox server receives certain information related to the accused features.

Offense ("-251 action") requesting a finding that Dropbox did not infringe either the '158 and '052 patents.  On June 17, 2020, Motion Offense added the '353, '548 and '757 patents to the -251 action.  Approximately one month later, Motion Offense served preliminary infringement contentions.  More than one year after that, on July 7, 2021, Motion Offense served final infringement contentions in the -251 action.  Motion Offense's infringement theories did not change between its July 2020 preliminary and July 2021 final contentions.

On July 23, 2021, Motion Offense filed a complaint in the -758 action, asserting the '215 patent.  Dropbox moved to consolidate the actions.  (-251 action, Dkt. 95).  The parties later stipulated to consolidation and the cases were consolidated on September 30, 2021.  (-215 action, Dkt. 105).

On October 15, 2021, Motion Offense served final infringement contentions in the -758 action and amended final infringement contentions for the five asserted patents in the original -251 action.  Like Motion Offense's contentions for the five originally asserted patents, the final infringement contentions in the -758 action accused only methods of sharing exclusively via the Dropbox website.  While Motion Offense served "amended" final infringement contentions for the -251 action, the October 15, 2021 contentions were in fact unchanged from the July 7, 2021 final contentions.

On July 1, 2022, shortly before midnight on the last day of fact discovery and six business days before opening expert reports were due, Motion Offense improperly served amended contentions that sought to inject new infringement theories into the case.  Lantier Decl., Exs. G-L; *see also* Exs. M-R (redlines showing changes in the July 2022 New Contentions).

### C.    Dropbox Accused Functionality

The Dropbox platform permits a user to share files and folders and request files from others.  A user may access Dropbox via the Dropbox website, the Dropbox Desktop application

and the Dropbox mobile application.  Dropbox also permits a user to share files and folders in multiple different ways using each of these three methods of accessing Dropbox.

In Motion Offense's October 2021 Final Infringement Contentions, Motion Offense accused certain specific ways to share and request files.  For example, Motion Offense accused only web browser-initiated dialog boxes, and text boxes and buttons found within those web browser-initiated dialog boxes as allegedly meeting the claimed "interface" and "interface elements" of the asserted claims.  Motion Offense also accused only Dropbox email notifications as allegedly meeting the claimed "second message" of certain of the asserted claims.  Lantier Decl., Ex. B at 112-118, 146, 148, 167-174, 177-178, 183, 190, Ex. E at 305-307, 314, 318, 321.

### D.      The July 2022 New Contentions

In the July 2022 New Contentions, relying primarily upon public information rather than newly produced or confidential Dropbox information, Motion Offense accuses the following additional ways to share and request files through the Dropbox platform: (1) Dropbox **_Desktop_** application-initiated dialog boxes as allegedly meeting certain claimed "interface" and "interface elements," (2) Dropbox **_Desktop_** pop-up notifications as allegedly meeting the claimed "second message" of some of the file request patents, and (3) an entirely new feature—Dropbox Transfer.

### E.      Discovery History

Motion Offense's infringement contentions and all amendments thereto, including the July 2022 New Contentions, rely on **_public information_**.  Motion Offense's belated amendments cannot be justified, especially considering Dropbox's good faith efforts to timely produce discovery to Motion Offense.  While Dropbox has consistently made available confidential information, Motion Offense has not been diligent in taking advantage of the opportunities Dropbox has provided.  Motion Offense's delays have impeded the discovery process.

For instance, Dropbox timely produced highly technical documents and source code

5

regarding its products.  Dropbox first made its source code available for inspection in April 2021 and, for prior art products, July 2021.  On June 8, 2021, Motion Offense stated it would not conduct a source code review for purposes of its final contentions.  On April 20, 2022, ***seven days before the then-operative deadline for fact discovery***, Motion Offense for the first time requested to inspect Dropbox's source code.  Motion Offense ultimately inspected Dropbox's source code during the week of May 17-20, 2022.  Because Motion Offense's expert was not prepared to comply with the Protective Order's requirements for storing source code in his home office until June 7, Motion Offense's expert first received printouts of Dropbox's source code on June 9, 2022.  Lantier Decl., ¶ 4.

Dropbox also sought to make its witnesses available to Motion Offense in a timely fashion.  However, Motion Offense was not diligent in seeking discovery from Dropbox's witnesses. On September 14, 2021—16 days before the October 1, 2021 then-operative discovery deadline in the -251 case—Motion Offense served a 30(b)(6) notice and requested depositions of five Dropbox employees.  After the -251 and -728 actions were consolidated, all depositions were taken off calendar and the close of fact discovery was moved to April 27, 2022. With Motion Offense having taken no steps to reschedule the Dropbox employees' depositions, on April 5, 2022, Dropbox notified Motion Offense that Dropbox's 30(b)(6) witness was available on April 14, 2022.  Later that day, Motion Offense noticed five other witnesses for deposition.  It was not until Dropbox inquired as to the five originally noticed witnesses that Motion Offense confirmed it was still seeking those depositions.  Motion Offense subsequently rejected multiple offered deposition dates, including the April 14 deposition date of the Dropbox 30(b)(6) witness.  Motion Offense has repeatedly waited until the last minute to accept or reject deposition dates and frequently has only provided a response after multiple follow-up emails

from counsel for Dropbox.  Lantier Decl., ¶ 5.  Motion Offense's belated contentions are another reflection of its lack of diligence in pursuing this case.

## III.    LEGAL STANDARDS

"Good cause" to amend infringement contentions "requires a showing of diligence."  *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc*., 467 F.3d 1355, 1366 (Fed. Cir. 2006); *see also Sybase, Inc. v. Vertica Sys., Inc*., No. 6:08 CV 24, 2009 WL 4574690, at *2 (E.D. Tex. Nov. 30, 2009) ("The first factor to consider is the party's explanation for its failure to supplement before the deadline.").  A party is not diligent in amending its contentions when the amendment is based on publicly available information about a feature that is "either known or reasonably ascertainable."  *LoganTree LP v. Garmin Int'l, Inc*., No. 17-1217-EFM-ADM, 2021 WL 5998293, at *10 (D. Kan. Dec. 20, 2021) (no good cause to amend infringement contentions).

Moreover, amendments should not be permitted if they are "unduly prejudicial." *Abiomed, Inc. v. Maquet Cardiovascular LLC*, No. CV 16-10914-FDS, 2020 WL 3868803, at *4 (D. Mass. July 9, 2020); *see also Sybase*, 2009 WL 4574690, at *2 ("The third factor is prejudice to the nonmoving party if leave is granted").  "[C]ourts disfavor amendments that add new theories of infringement, particularly late in the litigation and near or after the close of discovery, as unduly prejudicial." *Abiomed*, 2020 WL 3868803, at *4 (collecting cases).

Finally, Courts consider whether a continuance would cure the potential prejudice. *Sybase*, 2009 WL 4574690, at *2.  Factors to consider include whether claim construction has already occurred, whether "fact discovery would have to be reopened" and whether the Defendant would have to "bear unjustified costs."  *Philips N. Am. LLC v. Fitbit LLC*, No. CV 19-11586-FDS, 2021 WL 5417103, at *5-7 (D. Mass. Nov. 19, 2021) (denying motion for leave where "[i]t also appears that defendant would be prejudiced by the amendment, because new infringement theories may be introduced into the case and, even if not, fact discovery would

7

have to be reopened"); *Sybase*, 2009 WL 4574690, at *2 ("Considering that the claim construction briefing and the *Markman* hearing have already concluded, a continuance is not likely to remedy any potential prejudice that [Defendant] might suffer" from amended contentions asserting new patent); *EON CorpIP Holdings LLC v. Aruba Networks Inc*, No. 12-CV-01011-JST, 2013 WL 6001179, at *3 (N.D. Cal. Nov. 12, 2013) (denying motion to amend where "if amendment is permitted, Defendants would either have to forego fact discovery related to those accusations, or to further extend the schedule of an already venerable case and in doing so bear unjustified costs.").

## IV.     ARGUMENT

### A.     The Court Should Strike Motion Offense's Late and Prejudicial Amended Infringement Contentions

Motion Offense has had since 2019 to crystalize its theories of infringement with respect to Dropbox.  Instead of abiding by the Court's Scheduling Order, Motion Offense waited to amend its contentions—with no prior warning to Dropbox—until six business days before Dropbox's opening expert reports were due.  At this stage of the case, Motion Offense plainly lacks good cause to amend its contentions.  Because any belated amendments would unduly prejudice Dropbox and necessarily delay trial, the Court should grant Dropbox's Motion.

As set forth below, Motion Offense's July 2022 New Contentions substantially change Motion Offense's infringement theories and accuse different, previously unaccused, features of the Dropbox platform.  "To allow the addition of new theories of liability relatively late in the case, as [plaintiff] requests, typically results in at least some prejudice to the opposing side, particularly in a case such as this one in which the new issue is raised near the close of discovery." *Sycamore IP Holdings LLC v. AT&T Corp.*, No. 2:16-CV-588-WCB, 2017 WL 4517953, at *5 (E.D. Tex. Oct. 10, 2017); *see also EON CorpIP*, 2013 WL 6001179, at *3

(denying motion to amend where "if amendment is permitted, Defendants would either have to forego fact discovery related to those accusations, or to further extend the schedule of an already venerable case and in doing so bear unjustified costs.").

For each of these new theories, Motion Offense relies primarily on public information. There is thus no excuse for Motion Offense's delay in making these infringement allegations other than Motion Offense's repeated failure to diligently prosecute this case.

### 1.     Dropbox is Prejudiced By Motion Offense's New Theories

### a)      Motion Offense's New File Sharing Theories

As set forth below, on the eve of expert reports, Motion Offense substantially expanded the case from asserting only folder sharing theories relating exclusive to the Dropbox *website* to also accusing (1) two different ways of sharing via the Dropbox Desktop application, (2) a different feature: Dropbox Transfer, (3) for the '158, '353, and '737 patents, a different way of sharing files on the Dropbox website, and (4) for the '215 patent, new accusations against a feature not previously accused: Smart Sync.  This motion addresses the amendments Motion Offense has not agreed to withdraw.[4]

| Patents | Original Theory | New Theories Addressed Herein |
|---------|-----------------|-------------------------------|
| '158, '353, and '737 patents | "Website Folder Sharing Method #1" | 1.  "Sharing via Dropbox Desktop Application System Tray" <br> 2.  "Website Folder Sharing Method #2" |
| '215 patent | "Website Folder Sharing Method #2" | 1.  "Sharing via Dropbox Desktop Application System Tray" <br> 2.  Smart Sync |

"Website Folder Sharing Method #1":  For three of the asserted patents—the '158, '353,

---

[4] In particular, Dropbox understands Motion Offense agreed to withdraw its amendments with respect to one of the ways of sharing via the Dropbox Desktop application and with respect to Dropbox Transfer.  Lantier Decl., ¶ 9.  To the extent Motion Offense continues to assert either theory in the future, Dropbox reserves the right to move to strike those theories at that time.

and '737 patents—Motion Offense previously asserted only that one method of sharing folders via the Dropbox *website* infringed.  In particular, Motion Offense alleged a specific way of sharing folders using different dialog boxes for each claimed interface: (1) a first dialog box for creating the folder, and (2) a second dialog box for adding the recipient of the folder.  The second dialog box included a button to initiate a folder share.  Lantier Decl., Ex. A at 23-30, 50-51, 56-63, Ex. C at 23-28, Ex. D at 22-29.  Dropbox investigated this specific method of sharing folders, confirmed how the communications between the user computer and the server worked for this particular web-based method of sharing folders, developed non-infringement positions, and identified prior art – including Dropbox's own 2011 product.

"Website Folder Sharing Method #2": For a fourth asserted patent—the '215 patent—Motion Offense previously asserted a different method of sharing folders via the Dropbox *website*.  In particular, Motion Offense alleged that a specific way of sharing folders with "user interface elements" that were initiated entirely from a single dialog box in a web browser infringed.  Lantier Decl., Ex. F at 4-6, 42-43, 46-48.  Motion Offense did not accuse the '158, '353, and '737 patents of infringing this method of sharing folders.  *Id.*, Ex. A at 23-30, 50-51, 56-63, Ex. C at 23-28, Ex. D at 22-29.  For the '215 patent, Dropbox investigated this specific method of sharing folders, confirmed how the communications between the user computer and the server worked for this particular web-based method of sharing folders, developed non-infringement positions, and identified prior art – including Dropbox's own 2011 product.

### (1)  New Dropbox Desktop Theories

Motion Offense originally asserted only "Website Folder Sharing Method #1" ('158, '353, and '737 patents) and "Website Folder Sharing Method #2" ('215 patent).  While Motion Offense did accuse using the Dropbox Desktop application to *access* a shared folder, Motion Offense did *not* accuse *sharing* the folder via the Dropbox Desktop application for *any* asserted

patent.  Dropbox, therefore, has never investigated how the Dropbox Desktop application shares files.

Motion Offense now asserts and has refused to withdraw one theory relating to the Dropbox Desktop application: "Sharing via Dropbox Desktop Application System Tray" which relates to sharing files using a pop-up menu associated with the Dropbox Desktop application icon in the system tray at the bottom of the user's computer screen.

| Motion Offense Original Theory: "Website Folder Sharing Method #1" | Motion Offense New Theory: Sharing via Dropbox Desktop Application System Tray |
|---|---|
| Lantier Decl., Ex. A at 29 | Lantier Decl., Ex. G at 50-51 |

If this new theory is permitted in the case, Dropbox would need to investigate how this newly accused method of sharing via the Dropbox Desktop application works.  There is simply no basis for Motion Offense's assertion that communications between a ***Desktop*** application and Dropbox's servers would function in the same way as communications between a ***website*** and Dropbox's servers.  Dropbox may have additional or different non-infringement arguments, depending on the specific steps taken by the Dropbox Desktop application and the Dropbox servers in order to allow a user to share folders via this newly accused method, including the specific dialog boxes shown to the user and the specific communications between the Desktop application and the servers.

Moreover, had Dropbox known that Motion Offense would contend that sharing folders

via the Dropbox Desktop application met the requirements of its asserted patents, Dropbox would have investigated different prior art. For example, many of the cloud-based storage prior art systems that Dropbox included in the invalidity contentions, including Box, ShareFile and IBackup, include desktop applications. Dropbox previously only investigated these desktop applications with respect to accessing a shared folder and not for any functionality related to interfaces for sharing or communications between the servers and the desktop application for sharing. Dropbox would have also included in its investigation sharing functionality within the various desktop applications and between the various desktop applications and the cloud-based servers had Motion Offense timely disclosed these allegations. Further, there were other references that Dropbox chose not to elect when it narrowed its prior art combinations in April 2022 that may now be relevant given the new accusations. Lantier Decl., ¶ 6.

Dropbox is, therefore, substantially prejudiced by the addition of these new infringement theories. *Sycamore IP Holdings LLC*, 2017 WL 4517953, at *5; *Abiomed*, 2020 WL 3868803, at *4; *Philips N. Am. LLC*, 2021 WL 5417103, at *5-7; *EON CorpIP*, 2013 WL 6001179, at *3.

### (2)   New Web-Based File Sharing Theory

For the '158, '353, and '737 patents, Motion Offense originally asserted only "Website Folder Sharing Method #1." Motion Offense now seeks to also include "Website Folder Sharing Method #2."[5]

---

[5] This new theory presents substantial claim construction issues. However, Dropbox understands from Motion Offense that it is dropping its argument that a single dialog box in the "Website Folder Sharing Method #2" can be both the first and second interface and is instead arguing that that dialog box is only the second interface. To the extent Motion Offense still pursues that argument, it would raise claim construction issues and should also be struck on that basis. *Sybase*, 2009 WL 4574690, at *2. For example, Motion Offense appears to be reading "first" and "second" out of the claim. Alternatively, Motion Offense is now proposing that "interface" has a meaning different from the plain and ordinary meaning. In either case, claim construction would be needed to clarify the meaning of "first interface" and "second interface."

| '158 Patent, Claim 3 | Motion Offense's Original Theory: Website Folder Sharing Method #1 | Motion Offense's New Theory: Website Folder Sharing Method #2 |
|---|---|---|
| cause, at a first node, display of at least *one first interface* with a first user interface element, utilizing first hypertext markup language-equipped code that is sent via at least one network; | Lantier Decl., Ex. A at 23 | Lantier Decl., Ex. G at 5 |
| cause, at the first node, display of at least *one second interface* with a second user interface element, utilizing second hypertext markup language-equipped code that is sent via the at least one network; | Lantier Decl., Ex. A at 25 | Lantier Decl., Ex. G at 22-23 |

There can be no dispute that Motion Offense could have included "Website Folder Sharing Method #2" in its infringement contentions for the '158, '353, and '737 patents given that it accused "Website Folder Sharing Method #2" of infringing the '215 patent.  Lantier Decl., Ex. F at 4-6.  The prior '215 patent infringement contentions thus evidences Motion Offense's much earlier awareness of the sharing technique accused in the "Website Folder Sharing Method #2" theory.  However, given the differences between the '215 patent and the '158, '353, and '737 patents (such as the requirements of a "first interface" and a "second interface"), Dropbox needs to investigate how the accusations against "Website Folder Sharing Method #2" for the three additional patents will affect the invalidity and non-infringement positions Dropbox has taken thus far in the case.  Dropbox did not previously investigate these because it appeared Motion

13

Offense had taken an affirmative position that "Website Folder Sharing Method #2" did not infringe the '158, '353, and '737 patents.  Dropbox is, therefore, substantially prejudiced by the addition of this new infringement theory.  *Sycamore IP Holdings LLC*, 2017 WL 4517953, at *5; *Abiomed*, 2020 WL 3868803, at *4; *Philips N. Am. LLC*, 2021 WL 5417103, at *5-7; *EON CorpIP*, 2013 WL 6001179, at *3.

### (3)    New Accusations Against Dropbox Smart Sync

For the '215 patent, Motion Offense has also added accusations against Dropbox's Smart Sync feature.  Smart Sync is a feature of the Dropbox Desktop application that allows a user to make files online-only so the user can save hard drive space on her or his computer.  Lantier Decl., Ex. S.  While Motion Offense had previously accused this feature for certain limitations of the '158, '353, and '737 patents, Motion Offense did not accuse this feature for the '215 patent. *Id.*, Exs. F, R.  As the '215 patent recites different claim language from the '158, '353, and '737 patents, Dropbox needs to investigate how this newly accused feature will affect the invalidity and non-infringement positions Dropbox has taken thus far in the case.  For example, Dropbox developed its infringement theories and investigated prior art in part on the understanding that Motion Offense interpreted the following limitation of the '215 patent to only cover ***email*** without attachments because Motion Offense's infringement contentions (1) only accused email and (2) expressly distinguished between emails with attachments and emails without attachments: "where the at least one email … does not include a file attachment, for avoiding at least one file from being communicated to and stored at the second node until an initiation of the communication of the at least one file by a user of the second node is detected and the communication commences via at least one server that stores the at least one file."  Dropbox will now need to investigate how as part of not including a file attachment in an email, a feature of Dropbox's Desktop application, Smart Sync, is implicated and what additional non-infringement

14

and invalidity issues this raises.[6]  Dropbox is, therefore, substantially prejudiced by the addition

of this new infringement theory.  *Sycamore IP Holdings LLC*, 2017 WL 4517953, at *5;

*Abiomed*, 2020 WL 3868803, at *4; *Philips N. Am. LLC*, 2021 WL 5417103, at *5-7; *EON

CorpIP*, 2013 WL 6001179, at *3.

**b)      Motion Offense's New File Request Theories**

Motion Offense's July 2022 New Contentions also sought to expand the case with respect

to its infringement theories for the '052 and '548 patents.  This motion addresses the

amendments Motion Offense has not agreed to withdraw.[7]

| Patents | Original Theory | New Theory Addressed Herein |
|---------|-----------------|-----------------------------|
| '052 patent | "Dropbox File Requests with Email Notification" | "Dropbox File Requests with Dropbox Desktop Application System Tray Notification" |

"Dropbox File Requests with Email Notification": Motion Offense previously accused

one method of requesting files: using Dropbox File Requests to request a file and receiving a

notification that the requested file had been provided via an email.  As with the file sharing

accusations, Dropbox investigated the accused method of requesting a file, providing the

requested file, receiving an email notification that the requested file had been provided and

viewing the requested files in a web-browser.  As part of that investigation, Dropbox confirmed

how each step in the accused process was performed (including how the communications

between the user computers and the server worked, how the email notification worked and how

the uploaded files were displayed in a web-browser), developed non-infringement positions, and

---

[6] While Smart Sync was accused for other patents, the accusations were not related to limitations for receiving an email without an attachment.

[7] Dropbox understands that Motion Offense has agreed to withdraw its amendments with respect to Dropbox Transfer for both the '052 and '548 patents.  To the extent Motion Offense asserts this theory in the future, Dropbox reserves the right to move to strike that theory at that time.

identified prior art – including Dropbox's own 2011 product.

Motion Offense now includes a new allegation, which is not substantially the same as the prior allegations and therefore requires investigation by Dropbox.

Dropbox File Requests with Dropbox Desktop Application System Tray Notification: For the '052 patent, Motion Offense now accuses (1) a new and different way of notifying the user who requested the file that the requested files have been provided and (2) a different way of displaying the uploaded files.  Where previously Motion Offense only alleged that notification via email and display of the uploaded file in a web browser via a link in the email notification infringed, Motion Offense now alleges that a completely different method of receiving notifications and displaying of the uploaded file infringes: receiving a notification of uploaded documents via a pop-up notification associated with the Dropbox Desktop application icon in the system tray at the bottom of the user's computer screen and then, as a result of the pop-up notification, displaying the uploaded file in a file list associated with the Dropbox Desktop application icon in the system tray.

| '052 Patent, Claim 12 | Motion Offense Original Theory: Dropbox File Requests with Email Notification | Motion Offense New Theory: Dropbox File Requests with Dropbox Desktop Application System Tray Notification |
|---|---|---|
| send, to the first node via the at least one network, the second message;<br><br>receive, from the first node via the at least one network, an indication of a selection of the eighth user interface element of the second message; | <br>Lantier Decl., Ex. B at 112-119 | <br>Lantier Decl., Ex. H at 69-74 |

As with the new file sharing accusations, Dropbox needs to investigate how the newly accused method of receiving a pop-up notification associated with the Dropbox Desktop application icon and displaying an uploaded file in a menu associated with the Dropbox Desktop application icon works.  As discussed with the other new Desktop application related infringement allegations above, Dropbox needs to investigate how these new allegations will affect the invalidity and non-infringement positions Dropbox has taken thus far in the case. Dropbox is, therefore, substantially prejudiced by the addition of these new infringement theories.  *Sycamore IP Holdings LLC*, 2017 WL 4517953, at *5; *Abiomed*, 2020 WL 3868803, at *4; *Philips N. Am. LLC*, 2021 WL 5417103, at *5-7; *EON CorpIP*, 2013 WL 6001179, at *3.

### 2. Motion Offense Could Have Included These Accusations In Its October 2021 Final Infringement Contentions But Failed to Do So

Motion Offense could have included these allegations in its October 2021 Final Infringement Contentions.  Instead, Motion Offense served amended final infringement contentions for five of the asserted patents that were ***unchanged*** from its prior July 2021 Final Infringement Contentions.

The confidential material cited in Motion Offense's July 2022 New Contentions does not offer good cause to amend.  ***First***, Motion Offense did not need confidential information in order to prepare its July 2022 New Contentions.  The contentions, which are not even labeled confidential, are based primarily on public information and do not excerpt or quote from confidential Dropbox documents, Dropbox source code or Dropbox deposition testimony. Lantier Decl., Exs. G-L.  Instead, the July 2022 New Contentions include screenshots that any user of Dropbox could have created.  Thus, Motion Offense "could have and should have discovered the pertinent [accused] features long ago.  [Dropbox] is a publicly available website and app." *LoganTree LP v. Garmin Int'l, Inc*., No. 17-1217-EFM-ADM, 2021 WL 5998293, at

*10 (D. Kan. Dec. 20, 2021) (finding no good cause to amend infringement contentions).

**Second**, despite Dropbox's request, Motion Offense has not identified any confidential documents it needed to supplement its contentions.[8]  Lantier Decl., ¶ 7.  Motion Offense's citations to Dropbox documents, source code and deposition testimony[9] are bulk "see also" citations without citations to specific page numbers or parenthetical quotes.  This suggests that, at most, they were included as additional support for the **public** information and documents Motion Offense is relying upon.[10]

**Third**, to the extent Motion Offense alleges it needed confidential information to amend, Motion Offense was not diligent in obtaining this confidential information.  To the extent Motion Offense is relying upon source code, it was Motion Offense's decision to delay reviewing Dropbox's source code for over a year.  Dropbox first made its source code available in April 2021, but Motion Offense made the decision not to review that code until May 2022.  Motion Offense's delay does not provide good cause to amend its contentions at the eleventh hour.  *See, e.g.*, *O2 Micro*, 467 F.3d at 1366, 1370 (affirming denial of motion to amend final infringement

---

[8] Indeed, the source code Motion Offense printed and cited does not relate to the Dropbox Desktop.  Dropbox is not aware of any documents that it produced that would have provided Motion Offense with information it needed to amend its infringement contentions to add new theories but to the extent Motion Offense identifies any such documents in its opposition, Dropbox respectfully requests an opportunity from the Court to respond to such allegations. Lantier Decl., ¶ 7.

[9] On July 11, 2022, Motion Offense pointed specifically to pages 167-183 of Mr. Belanger's deposition transcript.  While the referenced testimony appears to relate to Smart Sync and the Dropbox Desktop application, it is unclear what of Mr. Belanger's testimony was "new", i.e., could have not otherwise have been found publicly and/or in the source code Dropbox made available for inspection in April 2021.  Lantier Decl., ¶ 8.

[10] To the extent Motion Offense points to the Court's scheduling order, which permits amending to cite to subsequently produced evidence, Dropbox does not dispute that Motion Offense is permitted to amend to add subsequently produced evidence to support **existing** theories. Dropbox is bringing this motion because Motion Offense's addition of **new** theories substantially prejudices Dropbox.

contentions and stating "'good cause' requires a showing of diligence"); *Sybase*, 2009 WL 4574690, at *2–3 (Plaintiff "has not shown its delay in adding [new patent] was reasonable based on the amount of time [approximately 2 months] it had to inspect [Defendant]'s source code"). Likewise, to the extent Motion Offense is relying upon deposition testimony, despite a failure to cite any particular portion of that testimony in its amended contentions, it was Motion Offense's lack of diligence that resulted in delays of the depositions of Dropbox employees.

**Fourth**, Motion Offense does not have good cause to add infringement allegations regarding Website Folder Sharing Method #2 for the '158, '353, and '737 patents because it **already** knew about this theory: it accused this method of sharing of infringing the '215 patent.[11] Motion Offense likewise knew about the Dropbox Desktop application since it accused **other portions** of that application of infringement in its October 2021 Final Infringement Contentions.

Motion Offense's July 2022 New Contentions were served on the eve of expert reports not because of any newly discovered confidential information but because of Motion Offense's failure to diligently prosecute this case.  There is, accordingly, no good cause to amend.  *O2 Micro*, 467 F.3d at 1366, 1370; *LoganTree LP*, 2021 WL 5998293, at *10; *Sybase*, 2009 WL 4574690, at *2–3.

### 3.    A Continuance Will Not Remedy the Prejudice to Dropbox

A continuance would not remedy the prejudice to Dropbox because Dropbox would still incur the costs of re-doing fact discovery and an opening expert report that was nearly ready for service but would now need to be substantially different.  *See, e.g.*, *EON CorpIP*, 2013 WL

---

[11] As discussed above, Dropbox understands Motion Offense to have withdrawn the portion of this theory that raises claim construction issues.  To the extent that is incorrect and Motion Offense's theory requires a supplemental *Markman* hearing, allowing the amendment "would cause a great deal of prejudice" to Dropbox and the Court.  *See Sybase*, 2009 WL 4574690, at *2–3 (finding no good cause to amend).

6001179, at *3 (denying motion to amend where "if amendment is permitted, Defendants would either have to forego fact discovery related to those accusations, or to further extend the schedule of an already venerable case and in doing so bear unjustified costs."); *Sybase*, 2009 WL 4574690, at *2 ("Considering that the claim construction briefing and the Markman hearing have already concluded, a continuance is not likely to remedy any potential prejudice that [Defendant] might suffer.").

> **B.    If the Court Permits Motion Offense's Late Change in Infringement Theories, Due Process Requires Providing Dropbox A Fair Opportunity to Prepare its Defenses**

As set forth above, a continuance is insufficient to remedy the prejudice to Dropbox. However, if the Court finds that Motion Offense has good cause to amend, which it does not, Dropbox respectfully requests that the Court extend the case schedule by a minimum of six months in order to allow Dropbox time to investigate the new allegations, develop non-infringement positions relating to those new allegations, serve subpoenas for additional prior art and serve amended invalidity contentions addressing these new contentions.  This extension of the case schedule is necessary as a matter of fundamental fairness and is required by Due Process.  *See, e.g.*, November 12, 2020 Hearing Transcript at 9-11, *Fintiv, Inc. v. Apple Inc.*, No. 1:21-cv-896-ADA, (W.D. Tex. Nov. 12, 2020), Dkt. 201 (moving trial date and stating "what can I do to help make this fair for [Defendant]? … I want everything to be as fair as possible."); Order on Emergency Motion at 1, *Fintiv, Inc. v. Apple Inc.*, No. 1:21-cv-896-ADA, (W.D. Tex. Jul. 5, 2022), Dkt. 441 ("The Court will reschedule trial in this matter following the completion of the bilateral, limited fact discovery ordered below and any resulting motion practice.").

## V.    CONCLUSION

For the reasons set forth above, the Court should grant Dropbox's motion to strike or in the alternative move trial to July 2023.

Dated: July 13, 2022

Respectfully submitted,

OF COUNSEL:

*/s/ J. Stephen Ravel*
J. Stephen Ravel
Texas State Bar No. 16584975
KELLY HART & HALLMAN LLP
303 Colorado, Suite 2000
Austin, Texas 78701
Tel: (512) 495-6429
Email: steve.ravel@kellyhart.com

Gregory H. Lantier (*Pro Hac Vice*)
WILMER CUTLER PICKERING HALE
& DORR LLP
1875 Pennsylvania Avenue
Washington DC 20006
Tel: (202) 663-6327
Email: gregory.lantier@wilmerhale.com

*Attorneys for Dropbox, Inc.*

Liv Herriot (*Pro Hac Vice*)
WILMER CUTLER PICKERING HALE
& DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Tel: (650) 858-6138
Email: liv.herriot@wilmerhale.com

Amanda L. Major (*Pro Hac Vice*)
WILMER CUTLER PICKERING HALE
& DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Tel:  (202) 663-6000
Fax: (202) 663-6363
Email:  Amanda.Major@wilmerhale.com

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record are being served with a copy of the foregoing

document via the Court's CM/ECF filing system on July 13, 2022.

*/s/ J. Stephen Ravel*
J. Stephen Ravel