## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| DROPBOX, INC., | |
| Plaintiff / Counterclaim Defendant, | **Civil Action No. 6:20-cv-00251-ADA** |
| v. | **JURY TRIAL DEMANDED** |
| MOTION OFFENSE, LLC, | |
| Defendant / Counterclaim Plaintiff. | |
| MOTION OFFENSE, LLC, | |
| *Plaintiff,* | **Civil Action No. 6:21-cv-00758-ADA** |
| v. | |
| DROPBOX, INC., | |
| *Defendant.* | |

**MOTION OFFENSE LLC'S OPPOSED RULE 72(A) OBJECTIONS AND APPEAL FROM JUDGE GILLILAND'S NOVEMBER 1, 2022 NON-DISPOSITIVE ORDER**

Dated:  November 7, 2022

Timothy Devlin
Derek Dahlgren (*pro hac vice*)
Alex Chan (Texas Bar No. 24108051)
**DEVLIN LAW FIRM LLC**
1526 Gilpin Ave.,
Wilmington, DE 19806
Telephone:  (302) 449-9010
tdevlin@devlinlawfirm.com
ddahlgren@devlinlawfirm.com
achan@devlinlawfirm.com

*Attorneys for* MOTION OFFENSE, LLC

## TABLE OF CONTENTS

I.      INTRODUCTION ..................................................................................................... 1

II.     STATEMENT OF FACTS ........................................................................................ 1

        A.     Relevant Procedural Background ................................................................ 1

        B.     Dropbox's Amended Contentions and New Non-Infringement Theories ....................... 2

III.    LEGAL STANDARD ............................................................................................... 3

        A.     Motions to Strike Amended Contentions .................................................... 3

        B.     Standard of Review for Objections and Appeals of Magistrate Judge Orders ................ 4

IV.     ARGUMENT ........................................................................................................... 5

        A.     Dropbox's Amended Invalidity Contentions and New Non-infringement are Extremely
               Prejudicial, Without Justification, and Should be Struck ................................ 5

        B.     Dropbox's Claims that Providing Redacted Invalidity Contentions Is Belied by Its
               Multiple Amendments to Its Final Invalidity Contentions ............................... 7

V.      CONCLUSION ........................................................................................................ 8

# TABLE OF AUTHORITIES

**<u>Cases</u>**                                                                                                        **<u>Page(s)</u>**

*Abiomed, Inc. v. Maquet Cardiovascular LLC*,
    No. CV 16-10914-FDS, 2020 WL 3868803 (D. Mass. July 9, 2020) ...................................... 4

*Adobe Systems v. Wowza Media Sys.*,
    2014 U.S. Dist. LEXIS 23153 (N.D. Cal. Feb. 22, 2014) ......................................................... 5

*Baylor Health Care Sys. v. Equitable Plan Serves.*,
    955 F. Supp. 2d 678 (N.D. Tex. 2013) ................................................................................. 4, 5

*Comput. Acceleration Corp. v. Microsoft Corp.*,
    503 F. Supp. 2d 819 (E.D. Tex. Aug. 24, 2007) ...................................................................... 4

*Cummins-Allison Corp. v. SBM Co.*,
    C.A. No. 9:07-CV-196, 2009 U.S. Dist. LEXIS 22114 (E.D. Tex. Mar. 19, 2009).............. 3, 5

*Davis-Lynch, Inc. v. Weatherford Int'l, Inc.*,
    No. 6:07-CV-559, 2009 WL 81874 (E.D. Tex. Jan. 12, 2009)................................................. 3

*EON CorpIP Holdings LLC v. Aruba Networks Inc*,
    No. 12-CV-01011-JST, 2013 WL 6001179 (N.D. Cal. Nov. 12, 2013).................................... 4

*Gomez v. Ford Motor Co.*,
    2017 WL 5201797 (W.D. Tex. Apr. 2017)............................................................................... 5

*LML Patent Corp. v. JPMorgan Chase & Co.*,
    No. 2:08-CV-448, 2011 U.S. Dist. LEXIS 128724 (E.D. Tex. Aug. 10, 2011) ........................ 7

*MacroSolve, Inc. v. Antenna Software, Inc.*,
    No. 6:11-cv-287-MHS-JDL, 2013 U.S. Dist. LEXIS 102954 (E.D. Tex. July 23, 2013).......... 6

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*,
    467 F.3d 1355 (Fed. Cir. 2006)................................................................................................ 4

*Personalized Media Communs., LLC v. Apple, Inc.*,
    No. 2:15-CV-01366-JRG, 2021 U.S. Dist. LEXIS 16909 (E.D. Tex. Jan. 29, 2021) ........ 3, 5, 6

*Pisony v. Commando Constrs., Inc.*,
    No. 6:17-cv-00055-ADA, 2020 U.S. Dist. LEXIS 153007 (W.D. Tex. Aug. 24, 2020)........... 5

*Sybase, Inc. v. Vertica Sys., Inc.*,
    No. 6:08 CV 24, 2009 WL 4574690 (E.D. Tex. Nov. 30, 2009)............................................... 4

*U.S. Well Servs. v. Halliburton Co.*, No. 6:21-cv-367-ADA, 2022 U.S. Dist. LEXIS 168134
    (W.D. Tex. Aug. 31, 2022) .............................................................................................. 5, 6, 7

**Statutes**

28 U.S.C. § 636(b)(1)(A)................................................................................................................ 4

**Rules**

Fed. R. Civ. P. 72(a) ................................................................................................................... 5

## I.      INTRODUCTION

Pursuant to Fed. R. Civ. P. 72(a), Rule CV-72, and 28 U.S.C. § 636(b)(1), Motion Offense

LLC ("Motion Offense") objects to Judge Gilliland's rulings denying its request to strike Dropbox,

Inc.'s ("Dropbox") new non-infringement and invalidity theories, and to compel production of a

public version of Dropbox's invalidity contentions.

## II.     STATEMENT OF FACTS

### A.      Relevant Procedural Background

On July 1, 2022, two days after deposing Dropbox's first technical fact witness, Motion

Offense amended its final infringement contentions.  That was the last day of fact discovery and

11 days before for opening expert reports were due.  Dropbox objected.  After a July 6, 2022

hearing, Dropbox was given leave to file a motion to strike Motion Offense's amended

contentions.  The hearing also addressed Motion Offense's request for leave to file a motion to

strike Dropbox's invalidity contentions because they were marked highly confidential and thus not

prior art.  The Court instructed Motion Offense to brief that issue on summary judgment.  (July 6,

2022 Hearing Tr. at 30:10-15 ("Exhibit 1").)

The Court held a second hearing on July 26, 2022 and denied Dropbox's motion to strike.

The Court extended the schedule by three months to give Dropbox "additional time to respond to

it." (July 26, 2022 Hearing Tr. at 11:5-7 ("Exhibit 2").)   It noted "if I allow [Motion Offense] to

add claims, I'm going to give the defendant opportunity to adequately defend them.  And if they

wanted to add invalidity or a defense, I would give [Motion Offense] the same courtesy." (*Id.* at

12:3-8.)  The Court instructed Dropbox that if it believed more time was needed after two months,

it should contact Motion Offense to negotiate an appropriate extension, and if necessary, the Court.

(*Id.* at 13:23-14:25.)

1

Motion Offense had a pending dispute regarding scheduling the depositions of Dropbox's fact witnesses.  In view of the extension, it told the Court the parties would work it out.  (*Id.* at 15:6-10.)  The parties submitted a revised schedule for the remaining deadlines.  (Dkt. 164.)  Fact discovery had already ended.  The next deadline was opening expert reports.  The parties agreed on October 27, 2022.  (*Id.*)

### B.    Dropbox's Amended Contentions and New Non-Infringement Theories

On October 25, 2022, two days before opening expert reports were due, Dropbox served supplemental interrogatory responses adding at least 18 new non-infringement arguments. At 9 pm that same day, Dropbox also served an amended list of prior art and combinations that added, "Dropbox 2009," and two new combinations. (Ex. 6.) Motion Offense objected and contacted the Court a few hours later on October 26, requesting a hearing.  (Ex. 3.)  The Court set a hearing for November 1.  (*Id.*)  The parties agreed to extend the opening expert report deadline from October 27 to November 3.  (*Id.*)  Later that day, on October 26, they filed a notice of agreed extension. (Dkt. 166.)

Dropbox served amended final invalidity contentions at 10:30 pm that same night. (Ex. 7.) The amendments include roughly 30,000 pages of amended or new charts.  Three charts are also incorporated by reference into 14 other charts that total nearly 100,000 pages.  Six new charts relate to "Dropbox 2009."   Dropbox also incorporates by reference more than 1000 pages regarding alleged motivations to combine into all of its claim charts.  All of Dropbox's invalidity contentions are marked highly confidential.  As with its previous amendments, Dropbox did not seek leave from the Court or provide prior notice to Motion Offense.  Motion Offense objected. (Ex. 4.)  Motion Offense also renewed its request for a public, redacted version of Dropbox's final invalidity contentions.

Judge Gilliland held a hearing on November 1.  He denied Motion Offense's request to strike Dropbox's new non-infringement and invalidity theories.  (November 1, 2022 Hearing Tr. at 20:8-21:20 ("Exhibit 5").)  He stated that Dropbox's amendments on the eve of opening expert reports "fit[] squarely within what Judge Albright had anticipated in July . . . ." (*Id.* at 20:17-20.) Judge Gilliland also denied Motion Offense's request for a redacted copy of Dropbox's invalidity contentions.  (*Id.* at 21:21-22.)  He mistakenly believed Motion Offense was challenging Dropbox's confidentiality designations.  (*Id*. at 21:21-23:2.).  Both Dropbox and Motion Offense had stated the dispute was not about the propriety of the designations.  (*Id.* at 15:10-17 and 17:2-8.)  The dispute was whether Dropbox had to provide a public version that identified what information was confidential versus public.   (*Id.* at 17:2-8.)

## III.   LEGAL STANDARD

### A.     Motions to Strike Amended Contentions

"The purpose of the Local Rules is to further the goal of full, timely, discovery and provide all parties with adequate notice and information with which to litigate their cases, not to create supposed loopholes through which parties may practice litigation by ambush."  *Personalized Media Communs., LLC v. Apple, Inc.*, No. 2:15-CV-01366-JRG, 2021 U.S. Dist. LEXIS 16909, at *9 (E.D. Tex. Jan. 29, 2021) (cleaned up).  "[T]he right to amend is subject to the court's duty to avoid unfairly prejudicing Plaintiff through eleventh-hour alterations." *Cummins-Allison Corp. v. SBM Co.*, Civil Action No. 9:07-CV-196, 2009 U.S. Dist. LEXIS 22114, at *5 (E.D. Tex. Mar. 19, 2009) (cleaned up).

The test for determining whether to allow or strike amended contentions is essentially the same. *Davis-Lynch, Inc. v. Weatherford Int'l, Inc.*, No. 6:07-CV-559, 2009 WL 81874, at *3 (E.D. Tex. Jan. 12, 2009).  Courts consider (1) the party's diligence and reason for delay; (2) the importance of the amendments; (3) the danger of unfair prejudice; and (4) the availability of a

continuance and impact of any delay. *Id.*  Courts also consider "[w]hether the offending party was diligent in seeking an extension of time, or in supplementing contentions, after an alleged need to disclose the new matter became apparent." *Comput. Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819, 822 (E.D. Tex. Aug. 24, 2007).  Dropbox bears the burden to show diligence; it is not Motion Offense's burden to show lack thereof.   *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006).

Amendments should not be permitted if they are unduly prejudicial.  *Sybase, Inc. v. Vertica Sys.*, No. 6:08 CV 24, 2009 U.S. Dist. LEXIS 110775, at *6 (E.D. Tex. Nov. 30, 2009) ("Because discovery in this case is set to close on January 28, 2010 and the case is set for trial in June 2010, allowing the amendment would significantly prejudice Vertica."); *Abiomed, Inc. v. Maquet Cardiovascular LLC*, No. CV 16-10914-FDS, 2020 WL 3868803, at *4 (D. Mass. July 9, 2020). Amendments that add new theories, particularly when added late in the case and near or after the close of discovery, are unduly prejudicial.  *Abiomed*, No. CV 16-10914-FDS, 2020 WL 3868803, at *4 (collecting cases); *see also EON CorpIP Holdings LLC v. Aruba Networks Inc*, No. 12-CV-01011-JST, 2013 WL 6001179, at *3 (N.D. Cal. Nov. 12, 2013) (denying motion to amend where "if amendment is permitted, Defendants would either have to forego fact discovery related to those accusations, or to further extend the schedule of an already venerable case and in doing so bear unjustified costs."); *Sybase, Inc. v. Vertica Sys., Inc*., No. 6:08 CV 24, 2009 WL 4574690, at *2 (E.D. Tex. Nov. 30, 2009) ("Considering that the claim construction briefing and the *Markman* hearing have already concluded, a continuance is not likely to remedy any potential prejudice that [Defendant] might suffer" from amended contentions asserting new patent).

### B.    Standard of Review for Objections and Appeals of Magistrate Judge Orders

"A magistrate judge's determination regarding a nondispositive matter is reviewed under the 'clearly erroneous or contrary to law' standard." *Baylor Health Care Sys. v. Equitable Plan Serves.*, 955 F. Supp. 2d 678, 689 (N.D. Tex. 2013); *see also* 28 U.S.C. § 636(b)(1)(A); Fed. R.

Civ. P. 72(a).  The "clearly erroneous" standard applies to the magistrate judge's findings of fact.  *See Baylor Health Care Sys.*, 955 F. Supp. 2d at 689.  It is met where the Court is left with a definite and firm conviction that a mistake has been made.  *Gomez v. Ford Motor Co.*, 2017 WL 5201797, at *2 (W.D. Tex. Apr. 2017).  On the other hand, legal conclusions are reviewed *de novo* under the "contrary to law" standard.  *Id.*

## IV.    ARGUMENT

### A.    Dropbox's Amended Invalidity Contentions and New Non-infringement are Extremely Prejudicial, Without Justification, and Should be Struck

Judge Gilliland erred legally and factually by finding Dropbox's new invalidity and non-infringement theories did not cause any prejudice to Motion Offense.  Opening expert reports were due October 27.  On October 25, Dropbox served supplemental interrogatory responses with an 80+ page supplementation to its non-infringement theories including at least 18 new arguments.  On October 26, Dropbox served amended final invalidity contentions spanning hundreds of thousands of pages.  It is incorrect as a matter of law and blinks reality to find there is no prejudice.  *U.S. Well Servs. v. Halliburton Co.*, No. 6:21-cv-367-ADA, 2022 U.S. Dist. LEXIS 168134, at *5 (W.D. Tex. Aug. 31, 2022) (Gilliland, M.J.); *Pisony v. Commando Constrs., Inc.*, No. 6:17-cv-00055-ADA, 2020 U.S. Dist. LEXIS 153007, at *5-6 (W.D. Tex. Aug. 24, 2020); *Personalized Media Communs*, 2021 U.S. Dist. LEXIS 16909, at *9 (contentions not meant to allow "litigation by ambush"); *Cummins-Allison Corp*, 2009 U.S. Dist. LEXIS 22114, at *5 ("[T]he right to amend is subject to the court's duty to avoid unfairly prejudicing Plaintiff through eleventh-hour alterations."); *Adobe Systems v. Wowza Media Sys.*, 2014 U.S. Dist. LEXIS 23153, at *52-53 n.7 (N.D. Cal. Feb. 22, 2014) ("prejudice is inherent in the assertion of a new theory after discovery has closed").

The prejudice is extreme.  Dropbox's contentions span hundreds of thousands of pages. (Ex. 4.)  It added nearly 30,000 pages of new or amended charts and incorporated 3 charts by

reference into another 14 that total around 100,000 pages. (*Id.*)  Dropbox added a new prior art reference—"Dropbox 2009"—that is being asserted alone and in two new combinations. (*Id.*) Dropbox has not explained why "Dropbox 2009" is not cumulative of "Dropbox 2011" or "Dropbox 2012." *MacroSolve, Inc. v. Antenna Software, Inc.*, No. 6:11-cv-287-MHS-JDL, 2013 U.S. Dist. LEXIS 102954, at *18 (E.D. Tex. July 23, 2013).  Motion Offense also had no meaningful opportunity to review that source code.  It had no chance to depose Dropbox's witnesses about "Dropbox 2009" despite not deposing Dropbox's technical 30(b)(6) witness until October 21 and technical fact witness with knowledge of Dropbox's alleged prior art products until October 25.  Motion Offense had no opportunity to engage in any further discovery on the new theories or take the new theories into account while preparing expert reports. *U.S. Well Servs.*, 2022 U.S. Dist. LEXIS 168134, at *5 (finding "significant prejudice" because no opportunity to conduct depositions or other discovery regarding new prior art asserted at the "eleventh hour").

It was legal and factual error to determine Dropbox provided adequate excuse for its eleventh-hour theories.  Motion Offense's July 1 amended infringement contentions do not justify trial by ambush. *Personalized Media Communs*, 2021 U.S. Dist. LEXIS 16909, at *9.  Motion Offense served those contentions two days after its first deposition of a Dropbox technical witness, on the last day of fact discovery, just weeks after reviewing source code, after Dropbox had amended its final contentions multiple times without leave, and 11 days before opening reports were due.  Furthermore, ***Dropbox certainly knew about its new theories much earlier*** given expert reports were due within hours. *U.S. Well Servs.*, 2022 U.S. Dist. LEXIS 168134, at *5 ("If these references were found weeks/months ago, why did USWS wait until discovery cut-off to spring them in the litigation?").  Why did it wait until after the last October 21 and 25 depositions of its witnesses and a day or two before expert reports to disclose the new theories? *Id.*  Why did it send an October 4 email stating "Dropbox 2009" source code was available to review without any notice

it would be relied on as prior art? *Id.* Dropbox has not explained why it waited until days or even hours before opening expert reports to inform Motion Offense of its new theories, much less why it did not seek leave. *U.S. Well Servs.*, 2022 U.S. Dist. LEXIS 168134, at *5; *LML Patent Corp. v. JPMorgan Chase & Co.*, No. 2:08-CV-448, 2011 U.S. Dist. LEXIS 128724, at *20 (E.D. Tex. Aug. 10, 2011) (no "sanction short of exclusion would adequately deter future violation of the Patent Rules and rectify the unfair prejudice to Plaintiff . . . To find otherwise would be to create a loophole through which parties may practice litigation by ambush") (cleaned up).

If Dropbox had moved for leave to amend its contentions and non-infringement theories with reasonable notice and justification, Motion Offense almost certainly would not have objected. Instead, Dropbox chose to ambush Motion Offense as it had the last few times it amended its final contentions without leave from the Court. Judge Gilliland's conclusion that the amendments were what the Court had anticipated are refuted by the July 26 transcript. The Court expressly instructed Dropbox to inform Motion Offense in two months if it needed more time, and contact the Court if necessary. (Ex. 2 at 13:23-14:25.) Dropbox never did. Motion Offense does not see how the Court was authorizing Dropbox to raise new theories hours before expert reports were due. The Court's guidance suggests the opposite. (*Id.* at 12:3-8 ("[I]f I allow [Motion Offense] to add claims, I'm going to give the defendant opportunity to adequately defend them. And if they wanted to add invalidity or a defense, I would give [Motion Offense] the same courtesy.").)

### B.   Dropbox's Claims that Providing Redacted Invalidity Contentions Is Belied by Its Multiple Amendments to Its Final Invalidity Contentions

Judge Gilliland admittedly misunderstood Motion Offense's request that Dropbox be compelled to produce a redacted version of its final invalidity contentions. (Ex. 5 at 21:22-23:2.) He thought it was a challenge to confidentiality designations. (*Id.*) Both Dropbox and Motion Offense told him that was incorrect. (*Id.* at 15:10-17 and 17:2-8.) Deciding a question that ***both parties*** agree is not the issue is clearly erroneous. Motion Offense wants Dropbox to produce a

7

redacted, public version of its invalidity contentions.  Motion Offense wants to know exactly what information Dropbox contends is confidential, which is not possible with the current blanket confidentiality designations.  Motion Offense has been seeking this since at least 2021.  Dropbox claims it would be unduly burdensome, but that is belied by the many amendments to its final invalidity contentions.  If Dropbox can amend its contentions so readily, there is no legitimate reason it cannot generate a public, redacted version.  Motion Offense is unable to determine what confidential information is not "prior art" and cannot disclose the contentions to the U.S. Patent and Trademark Office.  Motion Offense expects Dropbox is concerned about claims being allowed once again over its contentions.   Motion Offense requests Dropbox be ordered to produce a redacted version of its April 22, 2022 amended invalidity contentions or that it be granted leave to file a motion to compel.

## V.      CONCLUSION

For the reasons set forth above, the Court should strike Dropbox's new invalidity and non-infringement positions and order Dropbox to produce a redacted version of its April 22, 2022 Amended Final Invalidity Contentions.  Alternatively, at a minimum, the Court should authorize briefing similar to the courtesy given to Dropbox in July.

Dated:  November 7, 2022

*s/ Derek Dahlgren*
Timothy Devlin
Derek Dahlgren (*pro hac vice*)
Alex Chan (Texas Bar No. 24108051)
**DEVLIN LAW FIRM LLC**
1526 Gilpin Ave.,
Wilmington, DE 19806
Telephone:  (302) 449-9010
tdevlin@devlinlawfirm.com
ddahlgren@devlinlawfirm.com
achan@devlinlawfirm.com

*Attorneys for* MOTION OFFENSE, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

*/s/ Derek Dahlgren*
Derek Dahlgren