IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| DROPBOX, INC., <br><br> *Plaintiff/Counter-Defendant*, <br><br> v. <br><br> MOTION OFFENSE, LLC, <br><br> *Defendant/Counter-Plaintiff*. | Civil Action No. 6:20-cv-00251-ADA <br><br> JURY TRIAL DEMANDED |
| MOTION OFFENSE, LLC, <br><br> *Plaintiff,* <br><br> v. <br><br> DROPBOX, INC., <br><br> Defendant. | Civil Action No. 6:21-cv-00758-ADA <br><br> JURY TRIAL DEMANDED |

**[PROPOSED] ORDER**

The Court hereby resolves the following discovery dispute submitted by email. Motion Offense, LLC ("Motion Offense") has requested an Order (1) striking Dropbox, Inc.'s ("Dropbox") new non-infringement and invalidity theories and (2) ordering Dropbox to provide redacted invalidity contentions.

**Motion Offense's Position Regarding Dispute #1**

**Background:** On July 1, 2022, the end of fact discovery, Motion Offense served amended contentions. Opening reports were due July 12, 2022. Motion Offense added new support, including testimony obtained two days prior when a Dropbox technical witness was first

deposed. The amendments included many screenshots, raising the total page count from ~600 to ~1000. Dropbox objected and moved to strike. It argued 4 theories were new and wanted 6 months to provide additional information responsive to Motion Offense's new infringement theories prior to service of expert reports. The Court granted 3 months.

**October 25, 2022**: Dropbox served an 80+ pages supplemental interrogatory response with new noninfringement theories. There appear to be 20 or more. The relation to the July amendments is uncertain. Dropbox identifies new limitations when Motion Offense's amendments just added support. Any non-infringement theory was already available. No new claim construction disputes were identified. Around 10 pm that evening, Dropbox sent a revised list of prior art. It added "Dropbox 2009" that was never disclosed previously. Its first mention was an October 4 email saying code was available.

**October 26, 2022**: Motion Offense requested a hearing. The Court was unavailable until the following week. The parties filed an extension notice around 5 pm extending report deadlines 1 week to allow a hearing. At 11:30 pm, Dropbox served amended invalidity contentions. It did not seek leave or provide prior notice. The amendments included 30 new charts, with 3 incorporated into another 14. The 30 new charts are ~30,000 pages. The 3 incorporated charts are over 8500 pages. The 14 charts into which they are incorporated are ~100,000 pages.

Around 5000 pages of charts relate to "Dropbox 2009." Dropbox incorporated without discussion ~1400 pages from an earlier cover pleading for alleged motivation to combine for all new theories. No charts for the two § 103 combinations using "Dropbox 2009" were provided. The two references being combined are charted separately in ~9000 pages. Dropbox states its report may include additional motivations to combine for the prior art combinations provided the day before. It did not identify any claim construction disputes.

Dropbox's contentions are over 200,000 pages not considering incorporations by reference. Motion Offense cannot review everything and prepare reports by November 3, 2022. Dropbox's explanation for delay rings hollow. When Motion Offense objected to Dropbox's expert report adding new motivations to combine, Dropbox said it needed an extension to respond before reports. Reports were due the next day. Either Dropbox did not disclose what it had or was planning on an extension. Dropbox has not tied its amended invalidity theories to Motion Offense's July amendments. It added multiple pieces of new evidence that are unrelated. Dropbox 2009 also appears unrelated.

**Conclusion:** Striking the new theories is the only adequate relief. This case began 3+ years ago. Extending trial again is very prejudicial. Keeping the date and allowing new theories is essentially trial by ambush. Dropbox asked for 6 months for 4 allegedly new theories. Its new theories are exponentially more and were provided the night before reports were due. This conduct should not be rewarded.

**Requested Relief:** An order striking Dropbox's October 26, 2022 amendments to its final invalidity contentions, its October 25, 2022 supplemental Interrogatory response with new non-infringement theories and revised Narrowed List of Prior Art Combinations and prohibiting any reliance on Dropbox 2009.

### Dropbox's Position Regarding Dispute #1

Motion Offense's Motion is not well-taken. Judge Albright ordered Dropbox was permitted to respond to Motion Offense's new infringement theories within three months of July 26, 2022. That is exactly what Dropbox did.

On July 1, 2022, the evening fact discovery closed and six business days before opening reports, Motion Offense served multiple new infringement theories, including against different

portions of Dropbox's platform. Dropbox moved to strike as untimely and prejudicial. At the July 26, 2022 hearing, Judge Albright stated, "if I allow [Motion Offense] to add claims, I'm going to give [Dropbox] opportunity to adequately defend them." (7/26 Tr., 12:3-6.) He also ordered that the case schedule be extended by three months to allow Dropbox to investigate Motion Offense's allegations, and to "give [Dropbox] additional time to respond to [the amended pleading]." (Id., 11:6-7, 12:23-24).

Since the hearing, Dropbox has done only what Judge Albright expressly ordered was permitted. Dropbox investigated Motion Offense's allegations, collected and produced Dropbox 2009 source code, sent subpoenas, and received and analyzed documents. Dropbox's investigation confirmed the new allegations against different portions of Dropbox's platform provided additional non-infringement and invalidity theories.

**Non-Infringement**: The Court already rejected Motion Offense's argument that its amendments "only added additional support." (See id., 12:3-11.) Motion Offense's new infringement theories accuse different portions of Dropbox's platform, which function differently. Therefore, Dropbox's investigation identified new responsive non-infringement theories. Because Motion Offense's new accusations are different, it is unsurprising that Dropbox's non-infringement defenses implicate additional limitations. Dropbox gave Motion Offense redlines showing the six new theories (three are related).

**Invalidity**: Dropbox explained at the July 26, 2022 hearing that a primary issue is whether preexisting Dropbox technology invalidates and therefore "this is a case where if the infringement allegations change, the invalidity case also changes." (Id., 3:23-4:6.) One change is that Dropbox 2009 is now relevant.

Dropbox also explained it expected to serve "additional subpoenas." (Id., 13:6-8.) Dropbox received the last subpoenaed documents on October 10, 2022. It analyzed them, Dropbox 2009, the prior narrowed combinations and identified three combinations to replace.

Motion Offense complained it did not have Dropbox 2009 claim charts. Dropbox provided these and amended claim charts identifying recently produced third-party documentation and additional documentation for Dropbox 2011 and Dropbox 2017 responsive to Motion Offense's new infringement theories. To give Motion Offense fewer pages to review, Dropbox stated that other claim charts that rely upon Dropbox 2011 would include the same new disclosures.

With expert reports due the next day, there was insufficient time to create a new separate document with responsive motivation to combine arguments and no prejudice since Motion Offense would be receiving the arguments the next day.

**Conclusion**: The amended schedule did not set a date for Dropbox to provide additional information responsive to Motion Offense's new infringement theories prior to service of expert reports. Nevertheless, Dropbox did so. The schedule extension was precisely to allow Dropbox to investigate and respond to Motion Offense's new infringement theories. Dropbox did exactly this. It would be fundamentally unfair to strike Dropbox's responsive contentions

**Requested Relief:** An order denying Motion Offense's request in full.

### Motion Offense's Position Regarding Dispute #2

Dropbox's invalidity contentions are marked highly confidential. Motion Offense previously requested to strike any confidential material because it was not prior art. The Court said that should be briefed during summary judgment. Dropbox refuses to provide redacted contentions. Dropbox says it is too burdensome. It chose to serve over 200,000 pages of

contentions. Any claim of burden is belied by the three amendments made this year. Each time it could have created redactions as it made the amendments. Motion Offense needs this to evaluate expert reports and prepare a summary judgment motion. The blanket confidentiality designations are improper and prejudicial.

**Requested Relief:** An order that Dropbox provide redacted contentions separately identifying highly confidential – attorneys eyes only material and highly confidential – source code material.

## Dropbox's Position Regarding Dispute #2

It would be extremely time-consuming and burdensome for Dropbox to prepare redacted invalidity contentions, given that (1) Motion Offense continues to assert an incredibly large number of claims from an untriably large number of patents, and (2) Dropbox's invalidity case is based on Dropbox's own confidential documents and source code. Motion Offense's newly renewed demand for redacted contentions appears to be primarily motivated by a desire to impose substantial cost on Dropbox and to distract its counsel from preparing Dropbox's defenses.

Indeed, Motion Offense's insert (received at midnight on Friday) is the first time Motion Offense has ever argued that it needs redacted contentions to evaluate expert reports and prepare a summary judgment motion. Dropbox does not understand why redacted contentions are required to allow counsel for Motion Offense and Motion Offense's experts – all of whom are permitted to see confidential information – to evaluate Dropbox's invalidity theories.

Dropbox has repeatedly offered to counsel for Motion Offense that it would prepare redacted contentions if Motion Offense paid for it. After Dropbox stated that in a May 23, 2022

letter, counsel for Motion Offense did not raise the issue again until October 27, 2022, after it received Dropbox's amended invalidity contentions on October 26, 2022.

That counsel for Motion Offense dropped the issue in May, and did not raise it again until the day before expert reports were due, suggests that counsel for Motion Offense does not in fact need redacted invalidity contentions to prepare expert reports.

While it should be self-evident from the face of a document, Dropbox is willing to work with Motion Offense after service of expert reports and before summary judgment motions are due to identify a list of the documents in Dropbox's expert's invalidity report that are confidential. That list should be sufficient for counsel for Motion Offense to prepare a summary judgment motion.

**Requested Relief:** An order denying Motion Offense's request in full.

## ORDER

The Court denies Motion Offense's Motion to Strike regarding the new non-infringement and invalidity theories. This Court considers the four factors for a motion to amend. This Court finds Dropbox's delay to be within Judge Albright's timeline provided in the July 2022 hearing and responsive to Motion Offense's amendments. The Court finds the amended information to be important for Dropbox's defense of the case. The Court finds there is no prejudice to Motion Offense with respect to the new invalidity theories. With respect to the new non-infringement theories, to the extent there is any prejudice, the Court finds that a continuance or an extension of time for Motion Offense to respond or supplement its reports is sufficient to address any prejudice. The parties should confer and attempt to resolve any issues themselves. If the parties cannot reach agreement, they should request relief from the Court.

The Court denies the Motion to Compel the production of redacted invalidity contentions. Motion Offense may challenge any improper designations through the procedure provided in the protective order. If agreement cannot be reached between the parties, they may seek relief from the Court.

**IT IS HEREBY ORDERED** that Motion Offense's Motion to Strike is **DENIED**, and Motion Offense's Motion to Compel Redacted Invalidity Contentions is **DENIED**.

**SIGNED** this \_\_\_ day of _____, 202\_.

_____

DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE