**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| DROPBOX, INC., <br><br>        *Plaintiff/Counter-Defendant*, <br><br>     v. <br><br> MOTION OFFENSE, LLC, <br><br>        *Defendant/Counter-Plaintiff*. | Civil Action No. 6:20-cv-00251-ADA <br><br> JURY TRIAL DEMANDED |
| MOTION OFFENSE, LLC, <br><br>        *Plaintiff,* <br><br> v. <br><br> DROPBOX, INC., <br><br>        Defendant. | Civil Action No. 6:21-cv-00758-ADA <br><br> JURY TRIAL DEMANDED |

## <u>ORDER</u>

The Court hereby enters the following Order regarding the parties' discovery dispute wherein Motion Offense, LLC ("Motion Offense") requested an Order (1) striking Dropbox, Inc.'s ("Dropbox") new non-infringement and invalidity theories and (2) ordering Dropbox to provide redacted invalidity contentions. After reviewing the parties' submission, conducting a hearing, and considering the arguments of counsel, the Court **DENIES** both requests.

At a hearing held on November 1, 2022, Plaintiff Motion Offense sought an order striking "Dropbox's supplemental interrogatory responses and revised list of narrowed prior art" and, though not identified as the issue in the parties' chart, an order striking Dropbox's amended

invalidity contentions. Motion Offense asserted that Dropbox's supplementation was untimely and prejudicial as it was served within days of the expert report deadline.

Dropbox, on the other hand, contended that its amendment was proper. Dropbox asserted that it was responding to Plaintiff's amended infringement contentions as Judge Albright had previously allowed—within three months of Motion Offense's amended infringement contentions.

In light of the parties' dispute chart, arguments of counsel—especially Motion Offense's inability to articulate a specific meaningful prejudice—and Judge Albright's prior ruling, on November 1, 2022, the Court **DENIED** Motion Offense's request.

At that same time, the parties submitted an additional dispute chart that identified the issue as, "Whether Dropbox must provide redacted contentions." Motion Offense contended that it needed redacted contentions to evaluate expert reports and prepare a summary judgment motion. Dropbox on the other hand contended that the request was unduly burdensome and prejudicial because it came at a time when Dropbox would need to prepare its expert reports. Additionally, Dropbox argued that Motion Offense's counsel and experts were already permitted to see the entirety of the contentions, including the confidential information.

In light of the parties' dispute chart, the arguments of counsel, and the procedures for dealing with confidential designations detailed in the Court's Protective Order, on November 1, 2022, the Court **DENIED** Motion Offense's request with prejudice.

At the conclusion of the hearing, the Court ordered the parties to jointly submit a proposed order memorializing the Court's rulings. As noted in the minute entry of the hearing (ECF No. 169), that order was due to the Court on November 8, 2022. Though neither party requested relief from that deadline, they did not submit a proposed order until December 30, 2022 (ECF No. 178), which was deficient and had to be resubmitted on January 3, 2023 (ECF No. 179). Rather than

submit a proposed order, on November 7, 2022, Motion Offense filed an objection to the Court's order, despite having never submitted the required proposed order. *See* ECF No. 173 (improperly designated by counsel as a "Response" in the CM/ECF system). As Motion Offense filed an objection to the Court's oral order, demonstrating that it had the ability to comply with the Court's order to submit a proposed but flagrantly to do so. Such failure without any proffered excuse or previous request for extension justifies the imposition of sanctions. *See Batson v. Neal Spelce Assocs., Inc.*, 765 F.2d 511, 515 (5th 1985) (noting that "it is universally understood that a court's orders are not to be wilfully ignored, and, certainly, attorneys are presumed to know that refusal to comply will subject them and their clients to sanctions."); Fed. R. Civ. P. Rule 37. This Court believes that the mildest sanction for this failure would be the denial of all relief requested by Motion Offense. Thus, all of Motion Offense's requested relief is **DENIED** as a sanction for failure to timely submit a proposed order.

The Court further finds that by failing to timely submit a proposed order, Motion Offense has waived any request for relief and any objection to this Court's order. This is an additional basis for why all of Motion Offense's requested relief is **DENIED**.

For the above-state reasons, **IT IS HEREBY ORDERED** that Motion Offense's request to strike Dropbox's interrogatory response and invalidity contentions is **DENIED** and that Motion Offense's request for redacted invalidity contentions is **DENIED**.

**SIGNED** this 6th day of January, 2023.

DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE