**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| DROPBOX, INC., <br><br> Plaintiff / Counterclaim Defendant, <br><br> v. <br><br> MOTION OFFENSE, LLC, <br><br> Defendant / Counterclaim Plaintiff. | **Civil Action No. 6:20-cv-00251-ADA** <br><br> **JURY TRIAL DEMANDED** |
| MOTION OFFENSE, LLC, <br><br> Plaintiff, <br><br> v. <br><br> DROPBOX, INC., <br><br> Defendant. | **Civil Action No. 6:21-cv-00758-ADA** <br><br> **JURY TRIAL DEMANDED** |

**MOTION OFFENSE, LLC'S MOTION FOR SUMMARY JUDGMENT OF
NO PRIOR ART INVALIDITY**

Dated: February 24, 2023

Timothy Devlin (DE Bar No. 4241)
Derek Dahlgren (*pro hac vice*)
Alex Chan (Texas Bar No. 24108051)
**DEVLIN LAW FIRM LLC**
1526 Gilpin Ave.,
Wilmington, DE 19806
Telephone: (302) 449-9010
tdevlin@devlinlawfirm.com
ddahlgren@devlinlawfirm.com
achan@devlinlawfirm.com
*Attorneys for* MOTION OFFENSE, LLC

**TABLE OF CONTENTS**

SUMMARY OF MOTION ................................................................................................................ 1
ARGUMENT AND AUTHORITIES ............................................................................................... 1
I.   LEGAL STANDARDS ........................................................................................................ 1
II.  ARGUMENT ........................................................................................................................ 4
   A.   Dropbox May Not Rely on Multiple Prior Art References as a Single Prior Art Reference in an Anticipation or Obviousness Challenge ................................................................ 4
      1.   Multiple Devices and Services That Are Described in Multiple Publications Do Not Qualify as a Single Prior Art Reference ................................................................ 4
      2.   Dropbox's Invalidity Theories Must be Stricken Because They Rely on Combinations of Multiple Services Described in Multiple Publications ........................................ 7
III. CONCLUSION .................................................................................................................... 9

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*American Hoist & Derrick Co. v. Sowa & Sons, Inc.*,
  725 F.2d 1350 (Fed. Cir. 1984)............................................................................................... 3

*Anderson v. Liberty Lobby*,
  477 U.S. 242 (1986).................................................................................................................. 2

*Batise v. Lewis*,
  976 F.3d 493 (5th Cir. 2020) .................................................................................................... 2

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986).................................................................................................................. 2

*Eli Lilly & Co. v. Barr Labs., Inc.*,
  251 F.3d 955 (Fed. Cir. 2001) .................................................................................................. 3

*Finisar Corp. v. DirecTV Group, Inc.*,
  523 F.3d 1323, 1334 (Fed. Cir. 2008)....................................................................................... 4

*Generac Power Sys. V. Kohler Co.*,
  2012 U.S. Dist. LEXIS 165606 (E.D. Wis. Nov. 20, 2012) ..................................................... 6

*Grantley Patent Holdings, Ltd. v. Clear Channel Communs., Inc.*,
  540 F.Supp.2d 724 (E.D. Tex. 2008) ....................................................................................... 3

*IP Innovation L.L.C. v. Red Hat, Inc.*,
  2010 U.S. Dist. LEXIS 145350 (E.D. Tex. Oct. 13, 2010) ...................................................... 5

*IPA Techs., Inc. v. Amazon.com, Inc.*,
  C.A. No. 16-1266-RGA, D.I. 173 (D. Del. Sept. 24, 2020) ..................................................... 8

*Kyocera Wireless Corp. v. ITC*,
  545 F.3d 1340 (Fed. Cir. 2008)................................................................................................. 5

*Microsoft Corp. v. i4i Ltd. Partnership*,
  564 U.S. 91 (2011).................................................................................................................... 3

*Sanofi-Aventis U.S., LLC v. Dr. Reddy's Labs., Inc.*,
  933 F.3d 1367 (Fed. Cir. 2019)................................................................................................. 3

*Theta IP v. Samsung Elecs. Co.*,
  2021 U.S. Dist. LEXIS 219460 (W.D. Tex. June 11, 2021) .................................................... 2

*Traxcell Techs., LLC v. Sprint Communs. Co. LP*,
  14 F.4th 1121 (Fed. Cir. 2021) ................................................................................................. 2

**Rules**

Fed. R. Civ. P. 56 ........................................................................................................................... 1

**SUMMARY OF MOTION**

In his Opening Expert Report on Invalidity, Dropbox's expert Dr. Shamos asserts that the patents in suit are anticipated and/or rendered obvious by numerous prior art references and combinations of references. Each of these "references" and "combinations of references," which Dr. Shamos also refers to as "file-sharing systems," (Shamos Rep. ¶ 786), are simply collections of hundreds of prior art references (such as documents, videos, source code, and/or other evidence) that Dr. Shamos opines cumulatively describe the operation of each such "system." However, many of the references describe features that Dr. Shamos fails to provide evidence existed in, were sold, or used as a single "system." Moreover, the references span timeframes of approximately two to five years. Dr. Shamos again fails to provide any evidence that the features described in some documents were simultaneously present with features described in other documents as a single "system." Motion Offense therefore files this motion for partial summary judgment of no prior art invalidity.

This motion for summary judgment is being filed contemporaneously with Motion Offense's Motion to Exclude Dr. Shamos's opinions.

**ARGUMENT AND AUTHORITIES**

**I.      LEGAL STANDARDS**

Motion Offense files this motion for partial summary judgment pursuant to Fed. R. Civ. P. 56. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When a party moves for summary judgment against a claim or defense for which the nonmoving party bears the burden of proof, the motion for summary judgment merely needs to point out that "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex Corp.*

*v. Catrett*, 477 U.S. 317, 323 (1986).  "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 322-23.

To raise a genuine issue of disputed fact, a party responding to a summary judgment motion must present more than a mere "scintilla" of evidence in support of its position.  *See Anderson v. Liberty Lobby*, 477 U.S. 242, 252 (1986).  Instead, "there must be evidence on which the jury could reasonably find for [the nonmoving party]" on the disputed issue.  *Id.* at 252.  When a party opposes a summary judgment motion with evidence or testimony that consists of nothing more than conclusory assertions or unsupported speculation, courts routinely find that such evidence is insufficient to raise a genuine factual dispute.  *See, e.g., Traxcell Techs., LLC v. Sprint Communs. Co. LP*, 14 F.4th 1121, 1128 (Fed. Cir. 2021) ("[T]he non-movant can't defeat summary judgment with conclusory allegations, unsupported assertions, or only a scintilla of evidence") (quoting *Batise v. Lewis*, 976 F.3d 493, 500 (5th Cir. 2020)).  *See also Theta IP v. Samsung Elecs. Co.*, 2021 WL 5229382, 2021 U.S. Dist. LEXIS 219460 at *6 (W.D. Tex. June 11, 2021) ("The nonmovant must identify and articulate how specific evidence in the record supports that party's claim. . . . This burden will not be satisfied by some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence") (internal quotes and cites omitted).

In assessing whether the nonmoving party presents sufficient evidence to survive summary judgment, the court necessarily must take the relevant standard of proof into account.  *See Anderson*, 477 U.S. at 255 ("In sum, we conclude that the determination of whether a given factual dispute requires submission to a jury must be guided by the substantive evidentiary standards that apply to the case.").  In *Anderson*, the Supreme Court held that a summary judgment motion against the "actual malice" element of a libel claim requires the trial judge take

into consideration that the plaintiff is required to prove actual malice by clear and convincing evidence. *See id.* at 257. The court wrote:

> Thus, in ruling on a motion for summary judgment, the judge must view the evidence presented through the prism of the substantive evidentiary burden. This conclusion is mandated by the nature of this determination. . . . Whether a jury could reasonably find for either party [] cannot be defined except by the criteria governing what evidence would enable the jury to find for either the plaintiff or the defendant: It makes no sense to say that a jury could reasonably find for either party without some benchmark as to what standards govern its deliberations and within what boundaries its ultimate decision must fall, and these standards and boundaries are in fact provided by the applicable evidentiary standards.

*Id.* at 254-55.

Similarly, attention to the standard of proof is required at the summary judgment stage of patent cases. "A patent is presumed valid, and overcoming that presumption at the district court ***requires clear and convincing evidence***." *Sanofi-Aventis U.S., LLC v. Dr. Reddy's Labs., Inc.*, 933 F.3d 1367, 1375 (Fed. Cir. 2019) (emphasis added). *See also Microsoft Corp. v. i4i Ltd. Partnership*, 564 U.S. 91, 95 (2011) (holding 35 U.S.C. §282 requires that patent invalidity be proved by clear and convincing evidence); *American Hoist & Derrick Co. v. Sowa & Sons, Inc.*, 725 F.2d 1350, 1360 (Fed. Cir. 1984) ("[Section] 282 creates a presumption that a patent is valid and imposes the burden of proving invalidity on the attacker. ***That burden is constant and never changes*** and is to convince the court of invalidity by clear evidence") (emphasis added). Thus, to survive summary judgment against an affirmative defense related to patent invalidity, the nonmoving party must present evidence sufficient to permit a jury to find in its favor by clear and convincing evidence on the invalidity defense. *See Eli Lilly & Co. v. Barr Labs., Inc.*, 251 F.3d 955, 962 (Fed. Cir. 2001). *See also Grantley Patent Holdings, Ltd. v. Clear Channel Communs., Inc.*, 540 F.Supp.2d 724, 734-35 (E.D. Tex. 2008) (finding that nonmovant's proof in support of inequitable conduct defense was insufficient to survive summary judgment in light of the clear and convincing standard of proof).

## II. ARGUMENT

### A. Dropbox May Not Rely on Multiple Prior Art References as a Single Prior Art Reference in an Anticipation or Obviousness Challenge

Dropbox fails to demonstrate that each of its alleged prior art "systems" did in fact exist in the prior art (*i.e.* before each patent's priority date) as alleged by Dr. Shamos.

An anticipation challenge must be based on a single prior art reference. *See Finisar Corp. v. DirecTV Group, Inc.*, 523 F.3d 1323, 1334 (Fed. Cir. 2008) ("To anticipate a claim, a single prior art reference must expressly or inherently disclose each claim limitation."). An obviousness challenge may be based on a combination of prior art references, but the challenge must identify each individual reference that comprises the asserted combination. Identifying each individual reference is critical because each individual reference within an asserted combination must be subject to obviousness standards (for example, to determine whether it is analogous art, the extent of its disclosure, whether it teaches away, and whether a person of ordinary skill would have been motivated to combine it with the other references). Such evaluation cannot be performed on a reference that is not in fact a single reference but a rather compilation of multiple references. Moreover, it would circumvent the requirement there be some reason or motivation to combine references if a challenger were allowed to simply submit a combination of multiple references as a single reference, when the multiple references are not descriptive of a single "system" that actually existed in the real world.

Accordingly, Dropbox may not treat multiple prior art references as constituting a single prior art reference, either for an anticipation or obviousness challenge.

#### 1. Multiple Devices and Services That Are Described in Multiple Publications Do Not Qualify as a Single Prior Art Reference

A single prior art "reference" for purposes of anticipation or obviousness can include a prior art "system" and multiple documents can be used to describe the operation of that single

4

prior art system. *See IP Innovation L.L.C. v. Red Hat, Inc.*, 2010 U.S. Dist. LEXIS 145350, 14 (E.D. Tex. Oct. 13, 2010) ("This court sees no error in using multiple references to describe a single prior art system for the purpose of showing anticipation").

However, an anticipation or obviousness challenge may not rely on multiple products and services described in multiple documents as a single prior art reference simply by (1) asserting that the separate products or services could have been or even were used together; and then (2) presenting them as a single "system." Instead, to rely on a system that is described in multiple publications as a single prior art "system," a validity challenge must show that the asserted "system" *actually existed* as such and was sold, used, or known before the critical date. *Compare IP Innovation L.L.C. v. Red Hat, Inc.*, 2010 U.S. Dist. LEXIS 145350, 14 (E.D. Tex. Oct. 13, 2010) (holding that the two publications that described the same exact system of virtual workspaces that was created by the same person and implemented as a system in an undergraduate classroom prior to the critical date described the same "system" that could be treated as a single prior art reference) *with Kyocera Wireless Corp. v. ITC*, 545 F.3d 1340, 1351 (Fed. Cir. 2008) (holding that reliance on eleven different specifications for the GCM standard that were authored by different people at different times did not describe a single prior art "system" because "the GSM standard is actually several prior art references with separate dates of creation, rather than a single prior art reference" and there was no evidence that the eleven different specifications had ever even been read by a single person, much less describe a single unitary device or service that was known or used prior to the crucial date).

The *Generac* case illustrates the difference between (i) relying on multiple publications to describe a single prior art reference, and (ii) impermissibly treating multiple references as a single reference by presenting them as a "system" when no such system actually existed. In *Generac*, the defendant sought to rely on two prior art "systems" that were described in multiple

5

publications to invalidate a patent: (1) the "Encorp" system, and (2) the "PowerCommand system." *Generac Power Sys. V. Kohler Co.*, 2012 U.S. Dist. LEXIS 165606, 38 (E.D. Wis. Nov. 20, 2012).

The *Generac* court found that what the defendant referred to as the "Encorp system" was not actually a system at all, and thus could not be relied upon as a single reference: "Here, there seems to have been multiple devices, or a 'suite of products,' including the Generator Power Control and entelligent software, all of which Encorp may have hypothesized could be used together. . . but of which there is no evidence that it was ***actually combined and created as a product***." *Generac.*, 2012 U.S. Dist. LEXIS 165606, 38-39, n. 4 (E.D. Wis. Nov. 20, 2012) (internal citations omitted, emphasis added). Conversely, the court found that the "PowerCommand" system could properly be treated as a single prior art reference because "[u]nlike the alleged Encorp system above, the PowerCommand system appears to have been an actual product with intended paralleled use. Therefore, as the *IP Innovations* court suggested was appropriate, there would be 'no error in using multiple references to describe a single prior art system for the purpose of showing anticipation.'" *Generac*, 2012 U.S. Dist. LEXIS 165606, 41-42 n. 4 (E.D. Wis. Nov. 20, 2012) (internal citations omitted).

Accordingly, to rely on a purported prior art "system" as the anticipatory prior art reference in an anticipation challenge or as single reference to be combined with other references in an obviousness challenge, Dropbox must show that what is being presented as a "system" is in fact a single prior art system that existed before the priority date—not merely a collection of different devices and services that could have been used together.

### 2. Dropbox's Invalidity Theories Must be Stricken Because They Rely on Combinations of Multiple Services Described in Multiple Publications

Dropbox fails to show that any prior art "system" or "reference" that Dr. Shamos relies on is in fact a single prior art system that can properly serve as the basis for an anticipation or obviousness challenge.

For example, as described further in the concurrently filed motion to exclude Dr. Shamos's opinions, each prior art "system" that Dr. Shamos relies on is in fact an arbitrarily-chosen collection of documents, videos, and/or other evidence that reflects, at best, snapshots of file sharing services over a timeframe of two to five years. Some references, such as Dropbox 2011 "Affiliated Systems," were add-on services offered by third parties that a user could choose to link with their Dropbox account. Dr. Shamos does not provide evidence that any user actually linked such a service to their Dropbox account, or that once linked, the combination resulted in a single "system." Other references, such as Dropbox 2009 and IBackup, comprise disparate features and embodiments introduced over several months without any indication that a user could have used one set of features with another in the manner recited by the asserted claims. With respect to Box, ShareFile, Attachmore, and Xdrive, Dr. Shamos similarly relies on disclosures from documents and other evidence so far apart in time that he fails to show that those disclosures reflect features in a product actually in use prior to the effective filing date. Similarly, with respect to "Dropbox 2017," Dr. Shamos seeks to piggyback off of Motion Offense's infringement contentions and asserts that the accused features were present in Dropbox itself in 2017. While Dr. Shamos purports to cite 2017 source code as support for this assertion, he fails to tie any particular source code file or function to any specific feature accused of infringement. Dr. Shamos therefore fails to show that the infringement contentions and source code are descriptive of single "system" referred to as "Dropbox 2017."

Because the various publications, videos, and/or other evidence that Dr. Shamos collectively refers to as each "system" do not qualify as a single prior art reference, they cannot form the basis of an anticipation challenge; and they cannot be used as a single prior art reference to be combined with other references in an obviousness challenge. Thus, for the same reasons set forth in the co-filed motion to exclude Dr. Shamos's opinions, Dropbox's invalidity theories must be stricken, and summary judgment is appropriate.

Indeed, Dropbox's approach here is more egregious than the approach rejected by Judge Andrews in *IPA Techs., Inc. v. Amazon.com, Inc.*, C.A. No. 16-1266-RGA, D.I. 173 (D. Del. Sept. 24, 2020). In that case, Amazon folded various publications, demonstrations, and source code into system references, and then asserted various combinations of those systems. According to the plaintiff, the contentions were set up like nesting dolls, such that some claim charts involved more than 20 publications. Judge Andrews reviewed a 170-page claim chart for a single combination for reasonableness, and rejected Amazon's approach on the basis that it did not give any "reasonable notice as to what Amazon's theories are":

> I think through a lot of tedious effort, [plaintiff] can see for each asserted reference what it is that Amazon says it discloses. . . . I do now better understand [plaintiff's] frustration. If I am properly understanding the claim charts, essentially, for the one combination, Amazon says, here are nine references (not counting [the secondary reference]), each of which discloses every limitation, and, in combination, they also make the claim obvious. I doubt that such an approach actually gives any reasonable notice as to what Amazon's theories are.

*Id.* at 2.

Accordingly, Judge Andrews ordered Amazon to cut back to just a single reference to describe each system. *Id.* at 3. He also ordered Amazon to eliminate all duplicative references from its obviousness combinations. *Id.* at 3.

8

## III.  CONCLUSION

Dropbox cannot present evidence sufficient to permit a jury to find in its favor on its prior art based invalidity theories.  First, Dropbox cannot present evidence sufficient to permit a finding that any of its asserted prior art "systems" were actually sold, offered for sale, or in public use as a single product or "system" under Section 102.  Second, Dropbox cannot present evidence sufficient to permit a finding that any of these references or "systems" could have been used as a single prior art reference to be combined with other references in an obviousness challenge.

Because Dropbox cannot present evidence sufficient to permit a jury to find in its favor on its prior art based invalidity theories, the Court should grant summary judgment.


Dated:  February 24, 2023

                                                 *s/ Derek Dahlgren*
Timothy Devlin (DE Bar No. 4241)
Derek Dahlgren (*pro hac vice*)
Alex Chan (Texas Bar No. 24108051)
**DEVLIN LAW FIRM LLC**
1526 Gilpin Ave.,
Wilmington, DE 19806
Telephone:  (302) 449-9010
tdevlin@devlinlawfirm.com
ddahlgren@devlinlawfirm.com
achan@devlinlawfirm.com

*ATTORNEYS FOR MOTION OFFENSE, LLC*

9

## CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

*/s/ Derek Dahlgren*
Derek Dahlgren
