# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| DROPBOX, INC.,<br><br>*Plaintiff/Counter-Defendant,*<br><br>v.<br><br>MOTION OFFENSE, LLC,<br><br>*Defendant/Counter-Plaintiff.* | Civil Action No.: 6:20-cv-00251-ADA<br><br>JURY TRIAL DEMANDED |
| MOTION OFFENSE, LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>DROPBOX, INC.,<br><br>*Defendant.* | Civil Action No.: 6:21-cv-758-ADA<br><br>JURY TRIAL DEMANDED |

**DROPBOX INC.'S RESPONSE TO MOTION OFFENSE'S OPPOSED MOTION FOR EXTENSION OF TIME TO FILE RESPONSES AND REPLIES TO SUMMARY <u>JUDGMENT AND DAUBERT MOTIONS</u>**

Motion Offense's request to extend the deadlines for responses to the pending summary judgment and *Daubert* motions is just the latest in a long line of delays introduced by Motion Offense. *See, e.g.*, D.I. 132; D.I. 140; D.I. 150 at 5-7 (detailing the discovery history of the case); D.I. 187 at 1-2 (requesting an order extending the deadline to serve rebuttal reports). Consistent with its conduct throughout the pretrial disclosure process, Motion Offense now seeks to further prejudice Dropbox, Inc. ("Dropbox") by delaying resolution of important motions that may significantly impact the scope of the upcoming trial. Dropbox respectfully opposes Motion Offense's request for an extension beyond Monday, March 13, as there is no good cause for Motion Offense's request. Indeed, Motion Offense's decision to hide the ball and require Dropbox and the Court to spend time addressing Motion Offense's failure to provide the required pretrial disclosures is not an excuse to delay other case deadlines.

Motion Offense's latest attempt to place blame on Dropbox is both improper and misleading. When it first asked for an extension on March 7, Motion Offense articulated ***no*** reason for its extension request. Nonetheless, Dropbox was willing to agree to extend the deadlines for responses to summary judgment motions by three days from March 10 to March 13 and the deadlines for replies by two days, to March 22, as an accommodation to counsel as a matter of courtesy. Motion Offense refused. After Motion Offense pivoted on March 8 to the position that it needed an extension due to a team member contracting COVID, Dropbox offered a longer extension for any briefs for which that team member was responsible. Motion Offense likewise declined that offer entirely. Instead, Motion Offense demanded that the deadline for all summary judgment responses be extended to March 17 but refused to provide any additional time for

preparing reply briefing.[1]

Motion Offense's proposed extension of the deadline for responses would significantly prejudice Dropbox given Motion Offense's repeated delays in providing timely and adequate pretrial disclosures.  On March 1, Motion Offense served wholly inadequate pretrial disclosures and failed to serve jury instructions at all.[2]  For example, with but a single exception, Motion Offense served deposition designations designating **all** testimony for **all** Dropbox employees and Dropbox former employees, which in no way reflects a good-faith attempt to disclose the evidence that Motion Offense seeks to introduce at trial.  And it was not until March 7—one week after the Pretrial Order deadline—that Motion Offense first provided Dropbox with proposed jury instructions and a revised exhibit list addressing some, but not all, of Dropbox's concerns.  Although Dropbox is working diligently to review and respond to these belated disclosures, if Motion Offense's motion for an extension is granted, Dropbox will be in the position of having to simultaneously prepare objections to Motion Offense's pretrial disclosures, responsive *Daubert* and summary judgment briefing, and motions *in limine* (which are due March 28, just ***one business day*** after the reply deadline if Motion Offense were granted an extension).

---

[1] For fairness, if the deadline for filing responses is extended, then the time period for preparing replies should also be extended so that it is longer than seven days.

[2] Motion Offense's suggestion that Dropbox "refus[ed]" to provide jury instructions is inaccurate. Consistent with counsel for Dropbox's experience in other cases before this Court, on February 14 – two weeks before the initial exchange of pretrial disclosures – Dropbox wrote Motion Offense asking that it confirm it "will be providing proposed jury instructions and proposed voir dire questions as part of its February 28 exchange" and (2) confirming "Dropbox will provide its proposed revisions as part of the rebuttal disclosures on March 14."  Motion Offense requested extensions and Dropbox agreed it could serve the jury instructions on March 2.  On March 2, rather than serving jury instructions, Motion Offense instead insisted on a simultaneous exchange of jury instructions, which is inconsistent with the parties' prior communications, inefficient, and contrary to this Court's Standing Order.  *See* Sept. 16, 2022 Pretrial Standing Order at 3.  Motion Offense then failed to provide any jury instructions—despite the parties' prior communications and its agreement to do so on March 2—until March 7.

Nor does Motion Offense's failure to comply with the Court's Pretrial Order and service of utterly inadequate pretrial disclosures justify its extension request. Motion Offense's refusal to take its required pretrial disclosures seriously is not an excuse to delay other case deadlines, which will only serve to further prejudice Dropbox in the short time remaining before trial.

Moreover, Motion Offense's requested extension will delay resolution of Dropbox's pending motions, which may have a significant impact on the scope of trial. For example, Dropbox seeks summary judgment of non-infringement as to all asserted claims and summary judgment of lack of patent eligibility. *See* D.I. 196; D.I. 193. As explained in Dropbox's motions, Motion Offense's direct infringement allegations fail as a matter of law because Dropbox does not supply any of its users with the hardware and software components required by the claims. *See* D.I. 196. There is also no sufficient basis upon which the jury could find that Dropbox infringes indirectly or under the doctrine of equivalents. *See id.* Further, the asserted patents all implement the long-standing activity of sharing data without attaching specific files using computer software and hardware conventionally over the Internet. D.I. 193. Dropbox also seeks to exclude the testimony of both of Motion Offense's expert witnesses. D.I. 197; D.I. 195. If granted, these motions may significantly impact the scope of the upcoming trial. Thus, the Court should have sufficient time to fully consider and address each of these important issues before trial, and the time for the Court to do so will be shortened if Motion Offense's extension request is granted.

Given Motion Offense's repeated failure to provide adequate pretrial disclosures and the prejudice it has already caused Dropbox, Dropbox respectfully requests that the Court deny Motion Offense's request for an extension beyond Monday, March 13.

3

March 9, 2023

    */s/ Gregory H. Lantier*
J. Stephen Ravel
Texas State Bar No. 16584975
Kelly Ransom
Texas State Bar No. 24109427
KELLY HART & HALLMAN LLP
303 Colorado, Suite 2000
Austin, Texas 78701
Tel: (512) 495-6429
Tel: (512) 495-6464
Steve.ravel@kellyhart.com
Kelly.ransom@kellyhart.com

Gregory H. Lantier (pro hac vice)
WILMER CUTLER PICKERING HALE
& DORR LLP
2100 Pennsylvania Avenue
Washington DC 20037
Tel: (202) 663-6327
gregory.lantier@wilmerhale.com

Liv Herriot (pro hac vice)
WILMER CUTLER PICKERING HALE
& DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Tel: (650) 858-6138
liv.herriot@wilmerhale.com

**Attorneys for Dropbox, Inc.**

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record are being served with a copy of the foregoing document via the Court's CM/ECF system on March 9, 2023.

*/s/ Kelly Ransom*

Kelly Ransom