# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| DROPBOX, INC.,<br><br>*Plaintiff/Counter-Defendant*,<br><br>v.<br><br>MOTION OFFENSE, LLC,<br><br>*Defendant/Counter-Plaintiff*. | Civil Action No. 6:20-cv-00251-ADA<br><br>█████████████<br><br>**PUBLIC VERSION** |
| MOTION OFFENSE, LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>DROPBOX, INC.,<br><br>*Defendant.* | Civil Action No. 6:21-cv-758-ADA<br><br>█████████████ |

**DROPBOX, INC.'S RESPONSE TO MOTION OFFENSE, LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DROPBOX AFFIRMATIVE DEFENSES NOT INVOLVING PRIOR ART**

# TABLE OF CONTENTS

I. INTRODUCTION ..........................................................................................................1
II. LEGAL STANDARDS ..................................................................................................1
III. ARGUMENT..................................................................................................................2
    A. Motion Offense's Summary Judgment Should Be Denied with Respect to Inequitable Conduct ..........................................................................................2
    1. There Is Ample Evidence in Support of Dropbox's Inequitable Conduct Claim.................................................................................................................3
    B. Motion Offense's Motion for Summary Judgment Should Be Denied with Respect to Prosecution History Estoppel...................................................6
    C. Motion Offense's Motion for Summary Judgment Should Be Denied with Respect to Ensnarement.................................................................................6
IV. CONCLUSION...............................................................................................................7

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986)...................................................................................................1

*Arigna Tech. Ltd. v. Nissan Motor Co.*,
    2022 WL 18046696 (E.D. Tex. October 24, 2022), (*see* Br. ) ..........................................6

*Digital Control, Inc. v. Charles Mach. Works*,
    437 F.3d 1309 (Fed. Cir. 2006).................................................................................2, 3

*Jang v. Bos. Sci. Corp.*,
    872 F.3d 1275 (Fed. Cir. 2017)..................................................................................6, 7

*M. Eagles Tool Warehouse, Inc. v. Fisher Tooling Co.*,
    439 F.3d 1335 (Fed. Cir. 2006).................................................................................2, 3

*Ohio Willow Wood Co. v. Alps S., LLC*,
    735 F.3d 1333 (Fed. Cir. 2013).......................................................................................3

*Streamfeeder, LLC v. Sure-Feed, Inc.*,
    175 F.3d 974 (Fed. Cir. 1999).........................................................................................7

*Therasense, Inc. v. Becton, Dickinson & Co.*,
    649 F.3d 1276 (Fed. Cir. 2011).......................................................................................3

*Wilson Sporting Goods Co. v. David Geoffrey & Assocs.*,
    904 F.2d 677 (Fed. Cir. 1990).........................................................................................7

**STATUTES, RULES, AND REGULATIONS**

35 U.S.C. § 287' ...............................................................................................................1

Fed. R. Civ. P. 56(a) .........................................................................................................1

I.      INTRODUCTION

Motion Offense seeks summary judgment as to six of the affirmative defenses raised by Dropbox in its amended answer.[1] Instead of engaging with the record in this case, Motion Offense simply alleges that there is insufficient evidence to support these defenses. *See* Dkt. 198 [Motion Offense, LLC's Motion for Partial Summary Judgment Against Dropbox Affirmative Defenses Not Involving Prior Art] ("Br.") at 3-4.  Contrary to Motion Offense's assertion, there is ample evidence to support Dropbox's inequitable conduct defense.  At a minimum, this shows that disputes of material fact exist and should therefore preclude summary judgment.

With regards to prosecution history estoppel and ensnarement, these defenses depend on the doctrine of equivalents theories alleged in this case.  However, Motion Offense has failed to present any doctrine of equivalents theories.  As a result, Dropbox's Motion for Summary Judgment of Non-infringement regarding the doctrine of equivalents, Dkt. 196 at 6-8, should be granted, and Motion Offense's motion should be denied as moot with regards to prosecution history estoppel and ensnarement.

II.     LEGAL STANDARDS

Summary judgment is proper only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).

---

[1] Dropbox does not oppose Motion Offense's motion with regards to "Dropbox's Fourth Affirmative Defense: 'Waiver, Estoppel, Acquiescence, Unclean Hands, and Implied License'" and "Dropbox's Ninth Affirmative Defense: 'Failure to Conduct Pre-Suit Investigation.'" Dropbox also does not oppose Motion Offense's motion with regards to "Dropbox's Third Affirmative Defense: 'Failure to Provide Notice Pursuant to 35 U.S.C. § 287'" in light of Motion Offense's admission that it does not practice the asserted patents.  *See* Ex. A, Motion Offense, LLC's Third Suppl. Objections and Resps. to Dropbox, Inc.'s First Set of Interrogs. (Nos. 1-11) at 50 ("Motion Offense has not practiced any claims of the Asserted Patents.").

III.    ARGUMENT

    A.    **Motion Offense's Summary Judgment Should Be Denied with Respect to Inequitable Conduct**

The entirety of Motion Offense's argument is that Dropbox allegedly "cannot present evidence sufficient to permit a jury to find in its favor on its inequitable conduct affirmative defense." Br. at 9. That is simply not true. The facts underpinning Dropbox's inequitable conduct defense demonstrate, at a minimum, that disputes of material fact exist.

As set forth in Dropbox's amended answer (Dkt. 119), Dropbox's opposition to Motion Offense's motion to strike (Dkt. 133),[2] Dropbox's interrogatory responses (Ex. B, Dropbox Inc.'s Fourth Suppl. Objections and Resps. to Motion Offense, LLC's Third Set of Interrogs. to Dropbox, Inc. (Nos. 13-29) at 44-46), and the expert report of Dr. Michael Shamos, Motion Offense's patents are unenforceable due to inequitable conduct because the individuals who prosecuted the asserted patents intentionally misled the Patent Office about the functionality of Dropbox. Robert Paul Morris, the sole named inventor of the asserted patents, and individuals who assisted Mr. Morris with drafting and prosecuting the applications, explicitly told and maintained to the patent examiner that Dropbox was not the disclosed invention. Yet, Motion Offense has reversed course and is now asserting that its claims cover Dropbox products and accusing some features that have been present in Dropbox products since at least as early as July 2012, before the earliest priority date that Motion Offense claims.

Summary judgment on the issue of inequitable conduct is uncommon given the "inherently factual nature of the issue of intent." *Digital Control, Inc. v. Charles Mach. Works*, 437 F.3d 1309, 1317 (Fed. Cir. 2006); *see M. Eagles Tool Warehouse, Inc. v. Fisher Tooling Co.*, 439 F.3d 1335,

---

[2] Dropbox incorporates by reference the arguments made in its Response in Opposition to Motion Offense LLC's Motion to Strike Dropbox, Inc's Inequitable Conduct Defense, Dkt. 133.

2

1340 (Fed. Cir. 2006) ("[T]his court 'urges caution' in making an inequitable conduct determination at the summary judgment stage." (citation omitted)). "Intent need not be proven by direct evidence. Intent is generally inferred from the facts and circumstances surrounding the applicant's overall conduct, especially where there is no good faith explanation for a nondisclosure." *M. Eagles Tool Warehouse,* 439 F.3d at 1341 (citations omitted); *see also Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1290 (Fed. Cir. 2011) ("Because direct evidence of deceptive intent is rare, a district court may infer intent from indirect and circumstantial evidence."). At the summary judgment stage "all inferences must be made in favor of the nonmovant." *Digital Control, Inc. v. Charles Mach. Works*, 437 F.3d 1309, 1317 (Fed. Cir. 2006); *see, e.g.*, *Ohio Willow Wood Co. v. Alps S., LLC*, 735 F.3d 1333, 1345 (Fed. Cir. 2013) (reversing grant of summary judgment of no inequitable conduct).

### 1. There Is Ample Evidence in Support of Dropbox's Inequitable Conduct Claim

All of the asserted patents claim priority, indirectly, to two applications: No. 13/624,906, filed on September 22, 2012, and No. 13/626,635, filed on September 25, 2012 (collectively, the "Original Applications").

The '635 application's specification states in the background section that "[a] variety of means exist for sharing filed [sic], folders, and other data via [a] network. For each a user must know how to configure and/or setup the sharing. ***For example, sharing a file [via] a Samba file system is different than sharing a via [sic] cloud based storage system, such as DROPBOX. Sharing via email is still different.*** Sharing copies of files is perhaps the best know[n] means and most widely used means for sharing copies. It would [be] useful if sharing files, folders, directory data, and other network accessible data were as easy as sending an attachment in an email." Ex. C ['635 Application] ¶ [0005] (emphasis added). The only mention of Dropbox to the Patent

3

Office during the prosecution of the Original Applications was this reference to Dropbox distinguishing it from the alleged inventions in the '635 application. *See* Ex. D [Shamos Rep.] ¶ 136. No documents describing Dropbox were provided to the Patent Office during the prosecution of the Original Applications. *See id.*

The '635 Application, and thus its statement distinguishing Dropbox from the alleged invention, is incorporated by reference into each of the asserted patents. Dkt. 43 at Ex. A ['158 patent] at 1:25-32; *id.* at Ex. B ['052 patent] at 1:44-50; *id.* at Ex C ['353 patent] at 1:30-37; *id.* at Ex. D ['737 patent] at 1:33-40; *id.* at Ex. E ['548 patent] at 1:48-53; Dkt. 196-2 ["'215 patent"] at 1:52-57. During prosecution of the '158, '052, and '353 patents, the applicant did not provide the Patent Office any disclosures related to Dropbox as it existed prior to the claimed priority date. *See* Ex. D [Shamos Rep.] ¶¶ 166, 177, 186.[3]

The asserted patents were prosecuted by Mr. Morris with the assistance, at least in part, of Andrew Gordon, manager of Motion Offense, and attorneys Patrick Caldwell and Kevin Zilka. *See* Ex. A [Motion Offense, LLC's Third Suppl. Objections and Resps. to Dropbox, Inc's First Set of Interrogs. (Nos. 1-11)] at 47 ("Motion Offense also identifies attorneys Kevin Zilka, Andrew Gordon, Britten Sessions, and Patrick Caldwell as persons knowledgeable regarding prosecution of the Asserted Patents."). Mr. Morris, Mr. Zilka, and Mr. Gordon were all aware of Dropbox prior to the filing of the Original Applications. *See* Ex. D [Shamos Rep.] ¶ 136. Records show that Mr. Zilka created a Dropbox account on March 26, 2012 and Mr. Morris created a Dropbox account on June 11, 2012. *Id.*; Ex. E [DRBX_MoOFF_000062723]; Ex. F

---

[3] For the prosecution of the '737 and '548 patents, the applicant only provided to the Patent Office three Dropbox references that failed to show the full functionality of Dropbox as it existed prior to the claimed priority date, *see id.* ¶¶ 195, 204, and for the prosecution of the '215 patent, the applicant did not provide the Patent Office any disclosures related to Dropbox as it existed prior to the claimed priority date until after the notice of allowance, *see id.* ¶ 219.

4

[DRBX_MoOFF_000062738]. Mr. Gordon testified that he had personal knowledge that Dropbox had a software product in service as early as mid-2012 because he created a Dropbox account at that time. Ex. G [Gordon Dep.] at 176:21-180:19; *see also* Ex. H [Motion Offense, LLC's First Suppl. Objections and Resps. to Dropbox Inc.'s Third Set of Interrogs. (Nos. 17-18)] at 8-9 ("Motion Offense was aware at the time of its formation in 2018 that Dropbox had a software product and service as early as mid-2012"). As users, Mr. Morris, Mr. Gordon and Mr. Zilka should have known about Dropbox's features. They likely knew that in 2012 Dropbox already included the features that Motion Offense now accuses of infringement. But they disclosed nothing to the Patent Office about the relevant Dropbox functionality and instead expressly told the examiner that Dropbox was not the accused invention.

Those involved in the prosecution of the asserted patents were aware of Dropbox, failed to disclose known information about Dropbox products to the Patent Office, and misrepresented to the Patent Office, expressly stating, that the claimed invention was different from Dropbox. Combined with Motion Offense's current representation that Dropbox infringes the asserted patents, this conduct is especially egregious and demonstrates an intent to deceive.

Moreover, the claims of the asserted patents would not have issued but for the omission of Dropbox prior art and the misrepresentation made to the examiner. As Dr. Shamos details in his report, "[u]nder Plaintiff's apparent infringement theory, [Dropbox 2009 and Dropbox 2011] anticipate[] or render[] obvious all the Asserted Claims." Ex. D [Shamos Rep.] ¶¶ 627, 666. This is because the allegedly infringing features of Dropbox were already in public use before the priority date of the asserted patents. *See id*. ¶¶ 167, 178, 187, 196, 205, 220. "[U]nder Motion Offense's application of the claims in its infringement contentions, the publicly available

5

documents and videos describing Dropbox in 2009 and 2011 … would have been material to patentability" for each of the asserted patents. *Id.*

Therefore, there is ample evidence in support of Dropbox's inequitable conduct claim. As a result, summary judgment should be denied.

### B. Motion Offense's Motion for Summary Judgment Should Be Denied with Respect to Prosecution History Estoppel

Motion Offense contends that "Dropbox's allegations in support of its prosecution history estoppel defense are entirely conclusory." Br. at 6. But if that is correct, then Motion Offense's doctrine of equivalents infringement allegations are similarly "entirely conclusory." Dropbox's prosecution history estoppel defense depends on Motion Offense's doctrine of equivalents allegations. As detailed in Dropbox's Motion for Summary Judgment of Non-infringement, Motion Offense has failed to present any arguments or evidence in support of its doctrine of equivalents theory. Dkt. 196 at 6-8. As a result, Dropbox's Motion for Summary of Non-infringement with regards to the doctrine of equivalents should be granted, (s*ee id.*), and Motion Offense's Motion for Summary Judgment with regards to prosecution history estoppel should be denied as moot.

### C. Motion Offense's Motion for Summary Judgment Should Be Denied with Respect to Ensnarement

As an initial matter, Motion Offense's motion with regards to ensnarement should be denied because Motion Offense is incorrect that Dropbox bears the initial burden under the ensnarement doctrine.[4] *See* Br. at 7. In fact, it is Motion Offense that "bears the burden of proving that it is entitled to 'the range of equivalents which it seeks.'" *Jang v. Bos. Sci. Corp.*, 872 F.3d

---

[4] Motion Offense failed to acknowledge that the case it relies on, *Arigna Tech. Ltd. v. Nissan Motor Co.,* 2022 WL 18046696 (E.D. Tex. October 24, 2022), (*see* Br. at 7), is a report and recommendation that was never adopted.

6

1275, 1287 (Fed. Cir. 2017) (citing *Wilson Sporting Goods Co. v. David Geoffrey & Assocs.*, 904 F.2d 677, 685 (Fed. Cir. 1990)). "[T]hat burden starts with proposing a proper hypothetical claim that only broadens the issued asserted claims." *Id.* (citing *Streamfeeder, LLC v. Sure-Feed, Inc.*, 175 F.3d 974, 983 (Fed. Cir. 1999)). Motion Offense has failed to do that here. By "fail[ing] to submit a proper hypothetical claim for consideration, [a patentee is] unable to meet [its] burden of proving that [its] doctrine of equivalents theory d[oes] not ensnare the prior art." *Id.*

Moreover, the ensnarement doctrine, like prosecution history estoppel, depends on Motion Offense's doctrine of equivalents allegations. For the same reasons as detailed above, Dropbox's Motion for Summary of Non-infringement with regards to the doctrine of equivalents should be granted and Motion Offense's Motion for Summary Judgment with Regards to Ensnarement should be denied as moot. *See supra* Section III.B.

## IV.    CONCLUSION

For the foregoing reasons, Motion Offense's motion should be denied.

| | |
|---|---|
| March 17, 2023 | Respectfully submitted,<br><br> /s/ *Gregory H. Lantier*  <br>Kelly Ransom<br>Texas State Bar No. 24109427<br>KELLY HART & HALLMAN LLP<br>303 Colorado, Suite 2000<br>Austin, Texas 78701<br>Tel: (512) 495-6464<br>Kelly.ransom@kellyhart.com<br><br>Gregory H. Lantier<br>WILMER CUTLER PICKERING HALE<br>& DORR LLP<br>2100 Pennsylvania Avenue<br>Washington DC 20037<br>Tel: (202) 663-6327<br>gregory.lantier@wilmerhale.com<br><br>Liv Herriot<br>WILMER CUTLER PICKERING HALE<br>& DORR LLP<br>2600 El Camino Real, Suite 400<br>Palo Alto, California 94306<br>Tel: (650) 858-6138<br>liv.herriot@wilmerhale.com<br><br>***Attorneys for Dropbox, Inc.*** |

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record are being served with a copy of the foregoing document via electronic mail on March 17, 2023.

*/s/ Kelly Ransom*
Kelly Ransom
