IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| DROPBOX, INC., <br><br> *Plaintiff / Counterclaim Defendant,* <br><br> v. <br><br> MOTION OFFENSE, LLC, <br><br> *Defendant / Counterclaim Plaintiff.* <br><br> MOTION OFFENSE, LLC, <br><br> *Plaintiff,* <br><br> v. <br><br> DROPBOX, INC., <br><br> *Defendant.* | Civil Action No. 6:20-cv-00251-ADA <br><br> **JURY TRIAL DEMANDED** <br><br><br><br><br><br> Civil Action No. 6:21-cv-00758-ADA <br><br> **JURY TRIAL DEMANDED** |

**MOTION OFFENSE, LLC'S REPY ON ITS
MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST
DROPBOX AFFIRMATIVE DEFENSES NOT INVOLVING PRIOR ART [DKT. 198]**

Dated: March 31, 2023

Timothy Devlin (DE Bar No. 4241)
Alex Chan (Texas Bar No. 24108051)
Donald Puckett (Texas Bar No. 24013358)
Derek Dahlgren (*pro hac vice*)
Srikant Cheruvu *pro hac vice*)
Andrew Sherman (*pro hac vice*)
**DEVLIN LAW FIRM LLC**
1526 Gilpin Ave.,
Wilmington, DE 19806
Telephone:  (302) 449-9010

*ATTORNEYS FOR* MOTION OFFENSE, LLC

**TABLE OF CONTENTS**

SUMMARY OF REPLY ............................................................................................................. 1

ARGUMENT AND AUTHORITIES ....................................................................................... 2

I.   Partial Summary Judgment Is Required Against Dropbox's Inequitable Conduct Affirmative Defense ............................................................................................................ 2

   A.   Dropbox Significantly Mis-States the Applicable Legal Standards ............................... 2

   B.   Dropbox Has Not Presented Evidence Sufficient to Create a Genuine Dispute of Fact Requiring a Trial on Inequitable Conduct ..................................................................... 5

      1.   Dropbox Has Not Identified a Specific Reference or Any Specific Information that the Patent Applicant Allegedly Failed to Disclose ............................................... 5

      2.   Dropbox Has Not Presented Any Evidence that the Allegedly Undisclosed Information Was Material to Patentability ............................................................... 6

      3.   Dropbox Has Not Presented Any Evidence of Motion Offense's Allegedly Deceitful Intent ................................................................................................................. 7

II.  Partial Summary Judgment is Required Against Dropbox's Prosecution History Estoppel Defense ................................................................................................................ 8

III. Partial Summary Judgment is Required Against Dropbox's Ensnarement Defense .......... 9

## TABLE OF AUTHORITIES

**Cases**

*01 Communique Lab., Inc. v. Citrix Sys.*
    889 F.3d 735 (Fed. Cir. 2018)..................................................................................... 6

*1st Media, LLC v. Elec. Arts, Inc.*,
    694 F.3d 1367 (Fed. Cir. 2012)..................................................................................... 3

*Argina Tech. Ltd. v. Nissan Motor Co.*,
    2022 U.S. Dist. LEXIS 23489 (E.D. Tex. Oct. 24, 2022) ............................................ 9

*Cao Lighting, Inc. v. Feit Elc. Co.*,
    2023 U.S. Dist LEXIS 45494 (C.D. Cal. March 16, 2023) ......................................... 8

*DeCurtis LLC v. Carnival Corp.*,
    2023 U.S. Dist. LEXIS 26590 (S.D. Fla. Feb. 8, 2023)................................................ 5

*Golden Hour Data Sys. v. emsCharts, Inc.*,
    2012 U.S. Dist LEXIS 114989 (E.D. Tex. Aug. 15, 2012) .......................................... 6

*In re Method of Processing Ethanol Byproducts*,
    2014 U.S. Dist. LEXIS 88512 (S.D. Ind. June 30, 2014) ............................................ 3

*Interactive Pictures Corp. v. Infinite Pictures, Inc.*,
    274 F.3d 1371 (Fed. Cir. 2001)..................................................................................... 9

*Jang v. Boston Sci. Corp.*,
    872 F.3d 1275 (Fed. Cir. 2017)................................................................................ 9, 10

*Meris U.S.A., Inc. v. Faro Techs., Inc.*,
    882 F.Supp.2d 160 (Dist. Mass. 2011) ......................................................................... 3

*Monkeymedia, Inc. v. Twentieth Century Fox Home Entm't, LLC*,
    242 F.Supp.3d 551 (W.D. Tex. 2017)........................................................................... 8

*Navico Int'l v. Garmin Int'l*,
    2017 U.S. Dist. LEXIS 136930 (E.D. Tex. Aug. 7, 2017) .......................................... 8

*ROY-G BIV Corp. v. ABB, Ltd.*,
    63 F.Supp.3d 690 (E.D. Tex. 2014).............................................................................. 8

*Scanner Techs. Corp. v. ICOS Vision Sys. Corp.*,
    528 F.3d 1365 (Fed. Cir. 2008)..................................................................................... 4

*Therasense, Inc. v. Becton, Dickinson & Co*,
    649 F.3d 1276 (Fed. Cir. 2011).............................................................................. passim

*Tinnus Enters., LLC v. Telebrands Corp.*,
    2017 U.S. Dist. LEXIS 219839 (E.D. Tex. Aug. 15, 2017) ........................................ 8

*Uniloc USA, Inc. v. Microsoft Corp.*,
    632 F.3d 1292 (Fed. Cir 2011)...................................................................................... 7

*Zenith Elecs. Corp v. PDI Comm. Sys., Inc.*,
    522 F.3d 1348 (Fed. Cir. 2008)..................................................................................... 7

**Rules**

Fed. R. Civ. P. 56 .................................................................................................................... 7

Case 6:20-cv-00251-ADA   Document 276   Filed 03/31/23   Page 4 of 15

**SUMMARY OF REPLY**

Dropbox expressly acknowledges that partial summary judgment is appropriate against Dropbox's Third, Fourth, and Ninth Affirmative Defenses. *See* Response, Dkt. 235 at 1 n.1.

Dropbox's attempt to salvage its Eleventh Affirmative Defense ("Inequitable Conduct") is unavailing. Dropbox literally *ignores* the effect of the Federal Circuit's 2011 *en banc* decision in *Therasense, Inc. v. Becton, Dickinson & Co*, 649 F.3d 1276 (Fed. Cir. 2011), which significantly revised the legal standards for inequitable conduct. Dropbox relies entirely on pre-*Therasense* cases, essentially urging the Court to decide this motion using pre-*Therasense* law.

Using the *Therasense* legal standards for inequitable conduct, the Court can decide this motion easily. Dropbox has not identified any specific prior art reference or other information that the patent applicant allegedly failed to disclose to the USPTO. Dropbox has presented no admissible evidence to show that any undisclosed information was material to patentability, and Dropbox's evidence of deceptive intent is glaringly deficient. Dropbox's Response asserts only that the patent applicant and prosecution attorneys "should have known" the technical features of Dropbox—clearly demonstrating that Dropbox is attempting to assert a negligence or gross negligence theory of inequitable conduct that was expressly rejected in *Therasense*.

Partial summary judgment also is required against Dropbox's Fifth Affirmative Defense ("Prosecution History Estoppel") and Tenth Affirmative Defense ("Ensnarement"). Dropbox's Response brief fails to meet Dropbox's summary judgment burden because Dropbox does not cite even one piece of evidence in favor of either defense; nor does Dropbox even articulate a specific theory of either defense. Dropbox cannot be allowed to surprise Motion Offense by unveiling its theories and evidence in support of these affirmative defenses for the first time at trial. Partial summary judgment is required against both of these defenses.

## ARGUMENT AND AUTHORITIES

I.  **PARTIAL SUMMARY JUDGMENT IS REQUIRED AGAINST DROPBOX'S INEQUITABLE CONDUCT AFFIRMATIVE DEFENSE**

    A.  **Dropbox Significantly Mis-States the Applicable Legal Standards**

Dropbox cites two cases from 2006 to assert that "[s]ummary judgment on the issue of inequitable conduct is uncommon given the 'inherently factual nature of the issue of intent.'" *See* Response, Dkt. 235 at 2-3. That was an accurate statement of the law in 2006, but it is a wildly inaccurate statement of the law today.

In 2011, the *en banc* Federal Circuit decided to revisit the legal standards applicable to the defense of inequitable conduct "[r]ecognizing the problems created by the **expansion and overuse**[1] of the inequitable conduct doctrine . . . ." *Therasense, Inc. v. Becton, Dickinson & Co*, 649 F.3d 1276, 1285 (Fed. Cir. 2011, *en banc*). The *Therasense* court noted that, *in the past*, the Federal Circuit had adopted "low standards" for both the "materiality" and "intent to deceive" elements of inequitable conduct. *See id.* at 1287-88. The Federal Circuit had "embraced these reduced standards . . . to foster full disclosure to the PTO," but the low standards for inequitable conduct "had numerous unforeseen and unintended consequences." *Id.* at 1288. The *Therasense* court found that inequitable conduct had "become a significant litigation strategy" used too frequently by accused infringers in litigation to "cast a dark cloud over the patent's validity and paint the patentee as a bad actor." *Id.* "Because the doctrine focuses on the moral turpitude of the patentee with ruinous consequences for the reputation of his patent attorney, it discourages settlement and **deflects attention from the merits of validity and infringement issues**." *Id.*

The *Therasense* court described inequitable conduct as the "atomic bomb" of patent law. *See id.* at 1288. *Therasense* noted that "[i]nequitable conduct has been overplayed, is appearing

---

[1] Throughout this brief, emphasis in quotations has been added unless stated otherwise.

2

in nearly every patent suit, and is cluttering up the patent system." *Id* at 1289. "The habit of charging inequitable conduct in almost every major patent case **has become an absolute plague**." *Id.* "Left unfettered, the inequitable conduct doctrine has plagued not only the courts but also the entire patent system." *Id.*

To remedy the serious harms to the patent system that had been caused by lax legal standards for inequitable conduct, the *en banc* Federal Circuit "tighten[ed] the standards for finding both intent and materiality in order to redirect a doctrine that has been overused to the detriment of the public." *Id.* at 1290. The *Therasense* opinion itself, and subsequent court decisions applying *Therasense*, leave no doubt that *Therasense* rewrote the legal standards for inequitable conduct in ways that radically departed from prior law. *See, e.g., 1st Media, LLC v. Elec. Arts, Inc.*, 694 F.3d 1367, 1372 (Fed. Cir. 2012) ("This court's recent opinion in *Therasense* changed the standard for proving inequitable conduct based on nondisclosure of a reference to the PTO"); *Meris U.S.A., Inc. v. Faro Techs., Inc.*, 882 F.Supp.2d 160, 166 (Dist. Mass. 2011) ("Since the issuance of that opinion, the Federal Circuit has caused a sea-change in the law of inequitable conduct"); *In re Method of Processing Ethanol Byproducts*, 2014 U.S. Dist. LEXIS 88512 at *31, 2014 WL 2938183 (S.D. Ind. June 30, 2014) ("*Therasense* makes an inequitable conduct claim extraordinarily difficult to prove").

*Therasense* expressly held that the "intent and materiality" elements of inequitable conduct "are separate requirements." *Therasense*, 649 F.3d at 1290.[2] The *Therasense* court then proceeded to tighten the legal standards for both elements of inequitable conduct.

---

[2] *Therasense* rejected and overruled the prior "sliding scale" approach to the two elements "where a weak showing of intent may be found sufficient based on a strong showing of materiality, and vice versa." *Id.* at 1290. *Therasense* held that "a district court may not infer intent solely from materiality. Instead, a court must weigh the evidence of intent to deceive independent of its analysis of materiality." *Id.*

3

As to deceptive intent, *Therasense* held that "[t]o prevail on a claim of inequitable conduct, the accused infringer must prove that the patentee acted with the ***specific intent to deceive the PTO***." *Id.* at 1290. *Therasense* expressly rejected inequitable conduct based on the patentee's alleged negligence or even gross negligence. *See id.* ("A finding that the misrepresentation or omission amounts to gross negligence or negligence under a 'should have known' standard ***does not satisfy this intent requirement***"). "In a case involving nondisclosure of information, clear and convincing evidence must show that the applicant ***made a deliberate decision*** to withhold a ***known*** material reference." *See id.* (original emphasis). "In other words, the accused infringer must prove by clear and convincing evidence that the applicant knew of the reference, knew that it was material, and made a deliberate decision to withhold it." *Id.*

Dropbox cites a single sentence from *Therasense* in its Response brief, where the court held that "a district court may infer intent from indirect and circumstantial evidence." *Id.* at 1290 (quoted in Response, Dkt. 235 at 3). But Dropbox fails to acknowledge the high evidentiary standards that *Therasense* imposed on an accused infringer's use of indirect evidence to prove deceptive intent. In the very next sentence of the opinion, *Therasense* holds: "However, to meet the clear and convincing evidence standard, the specific intent to deceive must be ***the single most reasonable inference*** able to be drawn from the evidence." *Id.*  "Indeed, the evidence must be sufficient to ***require*** a finding of deceitful intent in the light of all the circumstances." *Id.* (original emphasis). "Whenever evidence proffered to show either materiality or intent is susceptible of multiple reasonable inferences, a district court clearly errs in overlooking one inference in favor of another equally reasonable inference." *Id.* (quoting *Scanner Techs. Corp. v. ICOS Vision Sys. Corp.*, 528 F.3d 1365, 1376 (Fed. Cir. 2008)).[3]

---

[3] *Therasense* further held that the patent owner is not required to offer any good faith explanation for the failure to disclose unless the accused infringer first proves a threshold level of deceptive

4

*Therasense* also tightened the legal standards for the materiality element of inequitable conduct. *Therasense* adopted a "but-for" standard for materiality and instructed district courts to "determine whether the PTO would have allowed the claim if it had been aware of the undisclosed reference."[4] *Id.* at 1291. *See also id.* at 1294-95 (expressly rejecting the broader definition of materiality from the USPTO's patent examination rules).

Just as the *Therasense* court intended, the Federal Circuit's tightening of the substantive standards for inequitable conduct have led to a dramatic increase in the number of cases in which the district court enters partial summary judgment against a defense of inequitable conduct prior to trial. Contrary to Dropbox's statement of the legal standards, Therasense made it significantly more difficult for an accused infringer to survive summary judgment on a defense of inequitable conduct. *See, e.g.*, *DeCurtis LLC v. Carnival Corp.*, 2023 U.S. Dist. LEXIS 26590 at *22-30, 2023 WL 2071915 (S.D. Fla. Feb. 8, 2023) (reviewing post-*Therasense* cases and discussing the impact of *Therasense* on summary judgment standards for inequitable conduct).

### B.  Dropbox Has Not Presented Evidence Sufficient to Create a Genuine Dispute of Fact Requiring a Trial on Inequitable Conduct

#### 1.  Dropbox Has Not Identified a Specific Reference or Any Specific Information that the Patent Applicant Allegedly Failed to Disclose

Dropbox's inequitable conduct defense, as explained in its Response brief, is premised on the applicant's and patent prosecutor's alleged failure to disclose technical details regarding the functionality of the Dropbox system, as Dropbox existed at the time of the patent application. *See* Response, Dkt. 235 at 4. Critically, however, Dropbox fails to identify any specific Dropbox

---

intent by clear and convincing evidence, and that "[t]he absence of a good faith explanation for withholding a material reference does not, by itself, prove intent to deceive." *Id.* at 1291.

[4] *Therasense* recognized an exception to the but-for materiality requirement "in cases of affirmative misconduct." *Id.* at 1292. But the exception does not apply where the inequitable conduct defense is based on an alleged failure to disclose, "[b]ecause neither mere nondisclosure of prior art references to the PTO nor failure to mention prior art references in an affidavit constitutes affirmative egregious misconduct . . . ." *Id.* at 1292-93.

technical information that the patent applicant allegedly failed to disclose. Dropbox's Response brief makes repeated vague references to "Dropbox" or "Dropbox's features," with no additional specificity. *See id.* at 4-6.  Dropbox does not identify any specific product manual, technical documentation, sales brochure, or other specific document that it contends the applicant should have disclosed to the USPTO. *See id.*

Dropbox's failure to identify a specific technical document or specific technical information is fatal to its inequitable conduct defense. *See, e.g, Golden Hour Data Sys. v. emsCharts, Inc.*, 2012 U.S. Dist LEXIS 114989, 2012 WL 3494366 (E.D. Tex. Aug. 15, 2012).

### 2. Dropbox Has Not Presented Any Evidence that the Allegedly Undisclosed Information Was Material to Patentability

Dropbox makes no attempt to show that any allegedly unsubmitted Dropbox technical information would have been material to the patentability of any particular asserted patent claim, and Dropbox makes no attempt to show materiality by comparing, on an element-by-element basis, the allegedly unsubmitted prior art to any patent claim. Instead, the only evidence Dropbox cites in support of materiality is the testimony of its own expert, Dr. Shamos, who offers a conclusory opinion that "the allegedly infringing features of Dropbox were already in public use before the date of the asserted patents."[5] Response, Dkt. 235 at 5.

Dr. Shamos's testimony comparing the Accused Instrumentalities to the alleged prior art is a "practicing the prior art" defense that is forbidden under Federal Circuit law. *See, e.g., 01 Communique Lab., Inc. v. Citrix Sys.* 889 F.3d 735, 742 (Fed. Cir. 2018) ("There is no 'practicing the prior art' defense to literal infringement"). Dropbox is prohibited at trial from attempting to prove invalidity by comparing its accused products to an alleged prior art system,

---

[5] Motion Offense has submitted evidence contradicting this assertion by Dr. Shamos, but it need not itemize that proof here. "Practicing the prior art" is a legally prohibited defense, and any factual dispute regarding the similarities or differences between the Accused Instrumentalities and prior versions of the Dropbox system are legally irrelevant to this motion for summary judgment.

6

and the cited Dr. Shamos testimony is inadmissible. *See Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1322-23 (Fed. Cir 2011); *Zenith Elecs. Corp v. PDI Comm. Sys., Inc.*, 522 F.3d 1348, 1363 (Fed. Cir. 2008). Dropbox cannot meet its summary judgment burden by relying on evidence that is not admissible at trial. *See* Fed. R. Civ. P. 56(c)(1)(B).

### 3. Dropbox Has Not Presented Any Evidence of Motion Offense's Allegedly Deceitful Intent

As stated very plainly in its Response brief, Dropbox's inequitable conduct defense is premised on a negligence or gross negligence theory of deceptive intent. *See* Response, Dkt. 235 at 5 ("As users [of Dropbox], Mr. Morris, Mr. Gordon, and Mr. Zilka ***should have known*** about Dropbox's features"). But *Therasense* expressly rejected negligence or gross negligence theories of inequitable conduct. *See Therasense*, 649 F.3d at 1290 ("A finding that the misrepresentation or omission amounts to gross negligence or negligence under a 'should have known' standard ***does not satisfy this intent requirement***").

To show deceptive intent under *Therasense*, the alleged infringer must show three things. "[T]he accused infringer must prove by clear and convincing evidence that the applicant knew of the reference, knew that it was material, and made a deliberate decision to withhold it." *Id.* at 1290. Dropbox has presented evidence showing none of these three requirements.

Dropbox's Response brief cites no evidence at all to show that the applicant or his attorneys had actual knowledge of the unspecified Dropbox technical details that Dropbox contends should have been submitted to the USPTO. Dropbox asserts only—with no supporting evidence—that the applicant "should have known" of unspecified technical details of Dropbox. *See* Response, Dkt. 235 at 5. Dropbox similarly points to no evidence at all that the applicant or his prosecution attorneys were actually aware that undisclosed technical details regarding Dropbox were material to patentability. Nor does Dropbox point to any evidence at all showing that the applicant or his attorneys acted with a specific intent to deceive the patent office.

7

"Proving that the applicant knew of a reference, should have known of its materiality, and decided not to submit it to the PTO does not prove specific intent to deceive." *Therasense*, 649 F.3d at 1290.

The flimsy evidence cited by Dropbox comes nowhere close to raising a disputed fact issue requiring trial on the deceptive intent element of inequitable conduct. To survive summary judgment, Dropbox must produce evidence making deceptive intent "the single most reasonable inference to be drawn from the evidence" and the evidence must be so strong that it is "sufficient to ***require*** a finding of deceitful intent in the light of all the circumstances." *Id.* at 1290. "[W]here there are multiple reasonable inferences that may be drawn, intent to deceive cannot be found." *Id*. at 1290-91. The evidence here supports a reasonable inference of no deceptive intent, and therefore the Court must grant partial summary judgment. *See id.* at 1290-91.[6]

## II.  PARTIAL SUMMARY JUDGMENT IS REQUIRED AGAINST DROPBOX'S PROSECUTION HISTORY ESTOPPEL DEFENSE

Dropbox is correct that *if* the Court enters summary judgment against all of Motion Offense's doctrine of equivalents theories of infringement, then the Court should also find that this motion is moot with respect to prosecution history estoppel. *See* Response, Dkt. 235 at 6. But the inverse is not true. If the Court denies Dropbox's motion for summary judgment on the doctrine of equivalents, Dropbox is not automatically entitled to carry its prosecution history estoppel defense to trial. Dropbox bears the burden of proof on this defense, and thus Dropbox

---

[6] *See also, e.g. Cao Lighting, Inc. v. Feit Elc. Co.*, 2023 U.S. Dist LEXIS 45494 at *12-13 (C.D. Cal. March 16, 2023) (granting summary judgment against inequitable conduct where the "evidence here does not establish inequitable conduct as the single most likely inference"); *Tinnus Enters., LLC v. Telebrands Corp.*, 2017 U.S. Dist. LEXIS 219839 at *14-16, 2017 WL 8727626 (E.D. Tex. Aug. 15, 2017) (granting summary judgment where accused infringer failed to show intent to deceive was the single most reasonable inference); *Navico Int'l v. Garmin Int'l*, 2017 U.S. Dist. LEXIS 136930 at *5-6 (E.D. Tex. Aug. 7, 2017) (same); *Monkeymedia, Inc. v. Twentieth Century Fox Home Entm't, LLC*, 242 F.Supp.3d 551, 556-57 (W.D. Tex. 2017) (same); *ROY-G BIV Corp. v. ABB, Ltd.*, 63 F.Supp.3d 690, 695 (E.D. Tex. 2014) (same).

must present evidence supporting the defense to survive this motion for partial summary judgment. *See* Motion, Dkt. 198 at 2-3.

Dropbox's Response cites no evidence at all to support its prosecution history estoppel defense. *See* Response, Dkt. 235 at 6. Indeed, Dropbox does not even articulate any specific theory of prosecution history estoppel. *See id.* Dropbox merely states, without further explanation, that "Dropbox's prosecution history estoppel defense depends entirely on Motion Offense's doctrine of equivalents allegations." *Id.* This flippant statement, with no cited evidence, is insufficient to meet Dropbox's summary judgment burden.

Anything that Dropbox would say at trial on prosecution history estoppel would come as a complete surprise to Motion Offense. Dropbox has never articulated a specific theory or identified any evidence in support of this defense. Dropbox cannot sandbag Motion Offense and the Court in this way. The discovery rules and summary judgment procedures are intended to eliminate this type of surprise and ambush at trial.

### III. PARTIAL SUMMARY JUDGMENT IS REQUIRED AGAINST DROPBOX'S ENSNAREMENT DEFENSE

Dropbox is completely wrong to assert that Motion Offense bears any "initial burden" with respect to Dropbox's ensnarement defense. *See* Response, Dkt. 235 at 6-7. When an accused infringer asserts ensnarement as an affirmative defense to an infringement claim based on the doctrine of equivalents, "the accused infringer bears the initial burden of producing evidence of ensnared prior art." *See Argina Tech. Ltd. v. Nissan Motor Co.*, 2022 U.S. Dist. LEXIS 23489 at *10, 2022 WL 18046696 (E.D. Tex. Oct. 24, 2022) (citing *Jang v. Boston Sci. Corp.*, 872 F.3d 1275, 1285 (Fed. Cir. 2017) and *Interactive Pictures Corp. v. Infinite Pictures, Inc.*, 274 F.3d 1371, 1380 (Fed. Cir. 2001)).[7]

---

[7] Dropbox points out that the *Argina* opinion was "a report and recommendation that was never adopted." Response, Dkt. 235 at 6 n.4. In fact, this report and recommendation was neither

Dropbox is wrong to suggest that its ensnarement defense can survive summary judgment because Motion Offense has failed to carry its "initial burden." Motion Offense has no such burden—initially or otherwise. "The hypothetical claim analysis is not the only method in which a district court can assess whether a doctrine of equivalents theory ensnares the prior art." *Jang*, 872 F.3d at 1285 n.4. Because a patentee may rebut ensnarement in other ways, the patent owner is under no general obligation to propose a hypothetical claim. This is particularly true where Dropbox has failed to meet its initial burden to identify a particular prior art reference that Dropbox contends is ensnared by Motion Offense's use of the doctrine of equivalents.

Again, Dropbox cannot be allowed to surprise Motion Offense at trial by revealing its ensnarement theory and evidence for the first time. Dropbox is correct that this motion for summary judgment is moot as to ensnarement if the Court grants summary judgment against Motion Offense's use of doctrine of equivalents. But if the Court denies summary judgment on doctrine of equivalents, it still must enter partial summary judgment against Dropbox's ensnarement defense because Dropbox has failed to meet its summary judgment burden to come forward with evidence supporting its own affirmative defense.

---

objected to nor adopted because the case settled just four days later. *See* Joint Motion to Stay Deadlines and Notice of Settlement, Dkt. 337, Case No. 2:22-cv-00126 (E.D. Tex. Oct. 28, 2022). Dropbox does not identify any error in the reasoning or holding in the cited *Argina* order.

10

Dated:  March 31, 2023

                                          *s/ Derek Dahlgren*
                                          Timothy Devlin (DE Bar No. 4241)
                                          Alex Chan (Texas Bar No. 24108051)
                                          Donald Puckett (Texas Bar No. 24013358)
                                          Derek Dahlgren (*pro hac vice*)
                                          Srikant Cheruvu *pro hac vice*)
                                          Andrew Sherman (*pro hac vice*)
                                          **DEVLIN LAW FIRM LLC**
                                          1526 Gilpin Ave.,
                                          Wilmington, DE 19806
                                          Telephone:  (302) 449-9010
                                          tdevlin@devlinlawfirm.com
                                          achan@devlinlawfirm.com
                                          dpuckett@devlinlawfirm.com
                                          ddahlgren@devlinlawfirm.com
                                          scheruvu@devlinlawfirm.com
                                          asherman@devlinlawfirm.com

                                          *ATTORNEYS FOR* MOTION OFFENSE, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

                                          */s/ Derek Dahlgren*
                                          Derek Dahlgren