UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| DROPBOX, INC.,<br><br>  *Plaintiff/Counter-Defendant*,<br><br>v.<br><br>MOTION OFFENSE, LLC,<br><br>  *Defendant/Counter-Plaintiff.* | Civil Action No. 6:20-cv-00251-ADA<br><br>■■■■■■■■■■■■■<br><br>**PUBLIC VERSION** |
| MOTION OFFENSE, LLC,<br><br>  *Plaintiff,*<br><br>v.<br><br>DROPBOX, INC.,<br><br>  *Defendant*. | Civil Action No. 6:21-cv-758-ADA<br><br>■■■■■■■■■■■■■ |

**DROPBOX INC.'S OPPOSED MOTIONS *IN LIMINE***

## **TABLE OF CONTENTS**

I. MIL NO. 1: Preclude Evidence or Argument Concerning Dropbox's Size, Wealth, and Financial Performance ................................................................ 1

II. MIL NO. 2: Motion to Exclude References to or Presentation of Pleadings, Motions, Briefing and Other Litigation Filings ............................................. 1

III. MIL NO. 3: Preclude the Use of Deregatory Words to Imply Willful Infringement or Copying Because There Is No Allegation or Evidence of Willful Infringement or Copying ................................................................... 3

IV. MIL NO. 4: Preclude the Introduction of Irrelevant Dropbox Surveys ........ 4

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Eidos Display, LLC v. Chi Mei Innolux Corp.*,
  No. 6:11-CV-00201, 2017 WL 2773944 (E.D. Tex. May 26, 2017) .................................. 3

*FastShip, LLC v. United States*,
  892 F.3d 1298 (Fed. Cir. 2018) .................................................................................... 2

*Parthenon Unified Memory Architecture LLC v. Apple Inc.*,
  No. 2:15-cv-621-JRG-RSP, 2016 WL 7743510 (E.D. Tex. Sept. 21, 2016) ...................... 1

*Rembrandt Wireless Technologies, LP v. Samsung Electronics Co.*,
  No. 2:13-cv-213-JRG-RSP, 2015 WL 627430 (E.D. Tex. Jan. 31, 2015) .......................... 1

*TecSec, Inc. v. Adobe Inc.*,
  978 F.3d 1278 (Fed. Cir. 2020) ................................................................................. 6, 7

*Tucker v. SAS Institute, Inc.*,
  462 F. Supp. 2d 715 (N.D. Tex. 2006) ........................................................................... 2

*Two Rivers Pipeline & Construction Co., Inc. v. Cimarex Energy Co.*,
  No. P:19-CV-049-DC, 2020 WL 6379242 (W.D. Tex. Sept. 27, 2020) ........................... 2

*Uniloc USA, Inc. v. Microsoft Corp.*,
  632 F.3d 1292 (Fed. Cir. 2011) .................................................................................... 1

I. **MIL NO. 1: PRECLUDE EVIDENCE OR ARGUMENT CONCERNING DROPBOX'S SIZE, WEALTH, AND FINANCIAL PERFORMANCE**

The Court should exclude evidence and argument referring to Dropbox's total company revenues, overall size, and financial performance. That information is irrelevant and unfairly prejudicial. *See* Fed. R. Evid. 402, 403; *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1320 (Fed. Cir. 2011) (evidence of a company's revenues "cannot help but skew the damages horizon for the jury"). Courts routinely exclude such evidence and argument of financial metrics from trial. *See, e.g.*, *Parthenon Unified Memory Architecture LLC v. Apple Inc.*, No. 2:15-cv-621-JRG-RSP, 2016 WL 7743510, at *2 (E.D. Tex. Sept. 21, 2016) (excluding evidence of defendant's wealth, profits, revenue, and size); *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*, No. 2:13-cv-213-JRG-RSP, 2015 WL 627430, at *5 (E.D. Tex. Jan. 31, 2015) (same). In particular, there is no reason for Motion Offense to introduce revenues, profits, or other dollar values other than the prices per month of each accused subscriber plan because those are the only dollar amounts used by Motion Offense's damages expert in his damages analysis.

II. **MIL NO. 2: MOTION TO EXCLUDE REFERENCES TO OR PRESENTATION OF PLEADINGS, MOTIONS, BRIEFING AND OTHER LITIGATION FILINGS.**

Dropbox requests that the Court exclude any references to or presentation of pleadings, motions, briefing, and other litigation filings as evidence at trial. Motion Offense's March 7, 2023 proposed exhibit list includes at least 46 exhibits that are pleadings, the parties' litigation filings (such as motions for summary judgment and claim construction filings), or litigation filings from unrelated matters. *See, e.g.*, Ex. 1, (Motion Offense Exhibit List) at Ex. 179 (Dropbox's Proposed Terms for Claim Construction, dated 9/30/2020), Ex. 191 (Excerpts from the Case Management Conference transcript, dated 7/6/2022 (Dkt. 173-2)), Ex. 806 (claim construction order in *Justservice.net LLC v. Dropbox, Inc.* (Case No. 6:20-cv-00070), 6/2/2021), Ex. 807 (complaint from *Synkloud Technologies, LLC v. Dropbox, Inc.* (Case No.

1

6:19-cv-00525), 9/6/2019), and Ex. 1364 (Dropbox's Motion for Summary Judgment for Lack of Patent Eligibility, dated 2/24/2023 (Dkt. 193, 193-1)).  These litigation materials, which consist almost entirely of attorney argument, are not evidence and should be excluded.

*First*, it is axiomatic that "'attorney argument is not evidence.'" *FastShip, LLC v. United States*, 892 F.3d 1298, 1309 (Fed. Cir. 2018) (quoting *Icon Health & Fitness, Inc. v. Strava, Inc.*, 849 F.3d 1034, 1043 (Fed. Cir. 2017)); *Two Rivers Pipeline & Constr. Co., Inc. v. Cimarex Energy Co.*, No. P:19-CV-049-DC, 2020 WL 6379242, at *10 (W.D. Tex. Sept. 27, 2020) ("Motions are attorneys' written arguments and it is well-settled that attorneys' arguments are not evidence.") (citing *Foradori v. Harris*, 523 F.3d 477, 513 (5th Cir. 2008)); *Tucker v. SAS Inst., Inc.*, 462 F. Supp. 2d 715, 723 (N.D. Tex. 2006) (holding that "briefs . . . , like an attorney's opening or closing argument in trial, are not evidence" and are inadmissible). All attorney-authored pleadings, motions, and briefing should therefore be excluded pursuant to Federal Rules of Evidence 401 and 402.

*Second*, any purported relevance of these materials is outweighed by the likelihood of jury confusion and the potential for undue prejudice to Dropbox and time wasting.  The issues covered by the litigation filings on Motion Offense's exhibit list include claim construction, summary judgment, *Daubert* motions, motions to stay, and motion to strike, all of which are questions of law for the Court, not the jury, to decide.  *See* Ex. 1 (Motion Offense exhibit list) at Exs. 179, 180, 191, 192, 195, 311, 801, 802, 803, 804, 804, 806, 807, 808, 1320, 1321, 1322, 1323, 1324, 1325, 1326, 1327, 1328, 1329, 1341, 1353, 1354, 1357, 1358, 1364, 1377, 1386, 1402, 1413, 1424, 1425, 1427, 1428, 1431, 1432, 1466, 1467, 1560.  It would be extremely confusing and prejudicial to present such documents to the jury as they are not issues the jury will be asked to decide.  Further, references to or presentation of motions filed by Dropbox and denied by this Court risk prejudicing the jury against Dropbox, as does allowing Motion

Offense to reference or enter into evidence miscellaneous complaints for cases that name Dropbox as defendant (but which do not involve Motion Offense or the asserted patents at all).

For the foregoing reasons, Dropbox respectfully asks that the Court exclude any references to or presentation of pleadings, motions, briefing, or litigation filings at trial.

**III.     MIL NO. 3: PRECLUDE THE USE OF DEROGATORY WORDS TO IMPLY WILLFUL INFRINGEMENT OR COPYING BECAUSE THERE IS NO ALLEGATION OR EVIDENCE OF WILLFUL INFRINGEMENT OR COPYING**

Motion Offense should be precluded from using inflammatory language to imply that Dropbox willfully infringed or copied Motion Offense's technology.  In the present case, there is no allegation or evidence of willful infringement or copying.  There is no mention of willful infringement or copying in any of Motion Offense's infringement contentions, interrogatory responses, or expert reports.  There is also no allegation in the pleadings of pre-suit knowledge of the asserted patents in this case.  *See, e.g.*, Dkt. 43 at 11 ¶ 21.  Therefore, it would be irrelevant, prejudicial, and misleading to the jury for Motion Offense to make argument or use derogatory terms implying that Dropbox copied or willfully infringed.  Courts routinely preclude plaintiffs from using charge words such as 'copying,' 'stealing,' 'taking,' and 'robbing,' to describe defendants' actions because such words have no probative value and serve only to inflame the jury.  *See, e.g.*, *Eidos Display, LLC v. Chi Mei Innolux Corp.*, No. 6:11-CV-00201, 2017 WL 2773944, at *2 (E.D. Tex. May 26, 2017) ("No party shall use the terms 'steal' or 'stole' at trial."); Ex. 2, *Huawei Techs. Co. Ltd. v. T-Mobile US, Inc.*, No. 2:16-cv-00052, slip op. at 13 (E.D. Tex. Sept. 29, 2017) ("Huawei may not present evidence or argument that T-Mobile or Intervenors 'copied' the patent(s)-in-suit or are otherwise 'copyists.'").  The Court should preclude the use of such terms and argument here.

## IV.     MIL NO. 4: PRECLUDE THE INTRODUCTION OF IRRELEVANT DROPBOX SURVEYS

Motion Offense should be precluded under Fed. R. Evid. 402 & 403 from offering into evidence or referring to PTX-112, PTX-113, and PTX-115. These are compilations of survey results that do not focus on any accused feature or set of features. To the contrary, these surveys unquestionably include responses regarding unaccused Dropbox plans, unaccused Dropbox features (including prior art features) and even responses from non-Dropbox users. They are entirely irrelevant to any disputed issue in the case. And even if they had some marginal relevance (which they do not), their probative value is substantially outweighed by the risk of unfair prejudice, confusing the issues, and misleading the jury, because the only way that Motion Offense could use these documents would be to attempt to confuse the jury into thinking that they represent the value of the accused Dropbox features.[1]

***First***, the surveys are irrelevant under Fed. R. Evid. 402 because there is no information relating specifically to accused plans and accused features in these documents. They are thus irrelevant to any issue that the jury is being asked to decide. For example:

- PTX-112 is a ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮ Ex. 3, [DRBX_MoOff_000030882 (PTX-112)] at -882. (Motion Offense's contention in this case is limited to an argument that ***post-2015*** Dropbox features infringe.) The presentation describes ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮). PTX-112 is irrelevant because ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[1] The Dropbox surveys should also be excluded for the reasons presented in Dropbox, Inc.'s Motion to Exclude the Opinions of Stephen E. Dell. *See* Dkt. 195 at 4-14. The surveys should be excluded even if the Court grants the Motion to Exclude the Opinions of Stephen E. Dell because these documents will be even less relevant and more prejudicial if introduced into evidence through an alternative witness for the reasons stated in this motion *in limine*.

4

██████████████████████████████████. See Ex. 3, [DRBX_MoOff_000030882 (PTX-112)] at -891, -904.  Moreover, PTX-112 does not describe ████████████████ ████████████████████████████████████████████ See id. at -892.  The surveys provide no information whatsoever as to whether respondents ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████ Motion Offense's damage expert, Mr. Stephen Dell, admitted that ████████████████████████████████████████████ Dkt. 195-5 (Dell Dep.) at 189:3-12 ██████████████████████████████ ████████████████.  Correct?  A. There are, yes.  Q. And this description, ██████ ████████████████████████████████████████  Correct?  A. Yes, as well as encompasses ways that do infringe.  I would agree.").

- PTX-113 is a ████████████████████████████████████████████ Ex. 4, [DRBX_MoOff_000031325 (PTX-113)] at -325.  It details some of the results of a ████████████████████████████████████████████████████████████████ ████████████  And it is similarly irrelevant.  Motion Offense relies on PTX-113 to show that ████████████████████████████████████████████████████████ ████████████████████████████████████████████████.  Dkt. 195-2 [Dell Rep.] ¶ 261 (citing Ex. 4, [DRBX_MoOff_000031325 (PTX-113)] at -336).  This data about how ████████████████████████████████ is irrelevant because the survey results described in PTX-113 included both ████████████████████████████ ████████████████████████████████████████████████████████████████ ████████  Motion Offense also relies on PTX-113 to show that ████████████████ ████████████████████████████████████████████████ Dkt. 195-2 [Dell Rep.] ¶ 208 (citing Ex. 4, [DRBX_MoOff_000031325 (PTX-113)] at -346).  But the

5

- ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Ex. 4, [DRBX_MoOff_000031325 (PTX-113)] at -346 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.

- PTX-115 is a ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ 5, [DRBX_MoOff_000031648 (PTX-115)] at -648. The document describes some of the findings of a Dropbox survey ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Ex. 5, [DRBX_MoOff_000031648 (PTX-115)] at -648. Because ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, the document has no relevance to this case.

As a result, these surveys are irrelevant because they do not show information specific to the accused features or the accused plans.

Even if these surveys did somehow provide information specific to the accused features or the accused plans (which they do not), customers' use of Dropbox is not relevant to Motion Offense's claims in this case. Motion Offense is only asserting direct infringement by **Dropbox**—not its customers. *See* Dkt. 247, Motion Offense's Opp. to Dropbox's Motion for Summary Judgment of Non-infringement, at 1 ("Motion Offense alleges that **Dropbox** directly infringes through **Dropbox's software** coupled with **Dropbox's backend services and/or hardware**."). Despite this, Motion Offense points to these customer surveys as evidence of supposed damages. But damages must be tied to the allegedly infringing activity. *See, e.g.*, *TecSec, Inc. v. Adobe Inc.*, 978 F.3d 1278, 1291-92 (Fed. Cir. 2020). Because Motion Offense is not asserting indirect infringement by Dropbox's customers, Dkt. 247 at 1 n.1, the surveys'

purported information regarding customers' purchase and use of the accused plans is irrelevant.[2]

***Second***, these surveys should be excluded as unfairly prejudicial and misleading under Fed. R. Evid. 403 because the limited (if any) data these documents provide regarding accused features and accused plans is intermingled with and indistinguishable from data regarding unaccused features (including prior art features), unaccused plans, and non-Dropbox users. It would thus be misleading and unfairly prejudicial for Motion Offense to introduce these documents as evidence of the value of accused features. It would also be misleading to suggest these surveys are evidence of infringement or damages when they have no connection to the activity Motion Offense alleges to infringe—i.e., supposed direct infringement by Dropbox's own use of the Dropbox software.

Motion Offense mischaracterizes Dropbox's use of this survey data, claiming ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Dkt. 241 [Motion Offense, LLC's Opp'n to Dropbox, Inc.'s Mot. to Exclude the Ops. of Stephen E. Dell] at 3. But that is misleading. Although ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *See* Ex. 6 [Shu Dep.] at 21:16-22:11. Yet, Motion Offense relies on a survey that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, PTX-112, pointing to survey results ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Dkt. 195-2 [Dell Rep.] ¶¶ 250-53; Ex. 3, [DRBX_MoOff_000030882 (PTX-112)] at -892, -905. It is misleading and unfairly prejudicial to use PTX-112, a ▇▇▇▇▇▇▇▇▇▇

---

[2] *See TecSec*, 978 F.3d at 1291-92 ("Sales of Acrobat . . . cannot be a measure of damages for direct infringement by Adobe—sales could serve here as a measure of damages only for TecSec's indirect infringement theory, which relies on infringement by Adobe customers." (citations omitted)).

7

███████ what Motion Offense points to as the accused features) describing unaccused features and unaccused plans, as evidence of Dropbox's pricing decisions.

For the forgoing reasons, the Court should preclude Motion Offense from offering into evidence or referring to PTX-112, PTX-113, and PTX-115.

March 28, 2023                                    Respectfully submitted,

                                            */s/ Gregory H. Lantier*
Kelly Ransom
Texas State Bar No. 24109427
**KELLY HART & HALLMAN LLP**
303 Colorado, Suite 2000
Austin, Texas 78701
Tel: (512) 495-6464
Kelly.ransom@kellyhart.com

Gregory H. Lantier
Amanda L. Major (*pro hac vice*)
**WILMER CUTLER PICKERING HALE & DORR LLP**
2100 Pennsylvania Avenue
Washington DC 20037
Tel: (202) 663-6327
Tel: (202) 663-6304
gregory.lantier@wilmerhale.com
amanda.major@wilmerhale.com

Liv Herriot
**WILMER CUTLER PICKERING HALE & DORR LLP**
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Tel: (650) 858-6138
liv.herriot@wilmerhale.com

Makenzi G. Herbst (*pro hac vice*)
Rauvin A. Johl (*pro hac vice*)
Jeannette Leopold (*pro hac vice*)
**WILMER CUTLER PICKERING HALE & DORR LLP**
60 State Street
Boston, MA 02109
Tel: (617) 526-6171
Tel: (617) 526-6104
Tel: (617) 526-6109
makenzi.herbst@wilmerhale.com
rauvin.johl@wilmerhale.com
jeannette.leopold@wilmerhale.com

***Attorneys for Dropbox, Inc.***

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record are being served with a copy of the foregoing document via electronic mail on March 28, 2023.

*/s/ Kelly Ransom*
Kelly Ransom
