**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| DROPBOX, INC., | |
| *Plaintiff / Counterclaim Defendant,* | **Civil Action No. 6:20-cv-00251-ADA** |
| v. | **JURY TRIAL DEMANDED** |
| MOTION OFFENSE, LLC, | |
| *Defendant / Counterclaim Plaintiff.* | |
| | |
| MOTION OFFENSE, LLC, | |
| *Plaintiff,* | **Civil Action No. 6:21-cv-00758-ADA** |
| v. | **JURY TRIAL DEMANDED** |
| DROPBOX, INC., | |
| *Defendant.* | |

## REQUESTED JOINT PROPOSED JURY INSTRUCTIONS[1][2]

---

[1]     Motion Offense hereby submits these proposed preliminary jury instructions and proposed final jury instructions for the trial of this case. Motion Offense reserves the right to request such additional, modified, or supplemental instructions as may be necessary in light of Dropbox's proposed jury instructions, in light of future developments during this litigation, and/or in light of the evidence and argument presented at trial.

By submitting these proposed instructions, Motion Offense does not concede that any particular fact issue(s) should be resolved by the jury, or that there is legally sufficient evidence to support the submission of any particular Dropbox defenses to the jury.  Motion Offense expressly reserves its rights to file motions seeking judgment as a matter of law under Rule 50 of the Federal Rules of Civil Procedure.

Motion Offense also reserves its rights: to assert additional objections to the Court's instructions as provided for by Rule 51 of the Federal Rules of Civil Procedure; to make objections to Dropbox's proposed instructions; to object to any modification to Motion Offense's proposed instructions; and/or to object to the removal of any part of Motion Offense's proposed instructions.

[2]     Dropbox reserves the right to add, subtract, or otherwise modify its proposal. The below proposal is set forth to facilitate the submission of joint instructions and does not constitute an agreement by Dropbox that any particular instruction below is appropriate in this case or that any referenced issue is appropriate in this case.

## <u>TABLE OF CONTENTS</u>

1.  Instructions For Beginning of Trial (To Voir Dire Panel)...................................................... 1
2.  Preliminary Instructions to Jury (After Voir Dire) ................................................................ 3
3.  What a Patent is and How One is Obtained ........................................................................... 5
    3.1    Parts of a Patent .......................................................................................................... 10
    3.2    Patent Claims and Claim Construction......................................................................... 13
4.  Summary of Contentions ...................................................................................................... 14
5.  Overview of Applicable Law ................................................................................................ 17
6.  Outline of Trial ..................................................................................................................... 20
    6.1    Evidence ....................................................................................................................... 21
    6.2    Burdens of Proof and Standards of Proof.................................................................... 22
    6.3    Witnesses ...................................................................................................................... 24
    6.4    Expert Witnesses .......................................................................................................... 25
    6.5    Deposition Testimony and Live Remote Live Testimony........................................... 26
    6.6    Commencement of Trial................................................................................................ 27

## [PROPOSED] PRELIMINARY JURY INSTRUCTIONS

**1. Instructions For Beginning of Trial (To Voir Dire Panel)**

Members of the jury panel, if you have a cell phone, PDA, smart phone, iPhone or any other wireless communication device with you, please take it out now and turn it off. Do not turn it to vibrate or silent; power it down. During jury selection, you must leave it off.

There are certain rules you must follow while participating in this trial.

First, you may not communicate with anyone about the case, including your fellow jurors, until it is time to deliberate. I understand you may want to tell your family, close friends and other people that you have been called for jury service so that you can explain when you are required to be in court. You should warn them not to ask you about this case, tell you anything they know or think they know about it, or discuss this case in your presence, until after I accept your verdict or excuse you as a juror.

Similarly, you must not give any information to anyone by any means about this case. For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, PDA, computer, the Internet, any Internet service, any text or instant messaging ser- vice, any Internet chat room, blog, or website such as Facebook, YouTube, Snapchat, Instagram, or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict or until you have been excused as a juror. This includes any information about the parties, witnesses, participants, claims, evidence, or anything else related to this case.

Second, do not speak with anyone in or around the courthouse other than your fellow jurors or court personnel. Some of the people you encounter may have some connection to the case. If you were to speak with them, that could create an appearance or raise a suspicion of impropriety.

1

Third, do not do any research—on the Internet, in libraries, in books, newspapers, magazines, or using any other source or method. Do not make any investigation about this case on your own. Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or view any place discussed in the testimony. Do not in any way research any information about this case, the law, or the people involved, including the parties, the wit- nesses, the lawyers, or the judge, until after you have been excused as jurors. If you happen to see or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect the parties' right to have this case decided only on evidence they know about, that has been presented here in court. If you do any research, investigation or experiment that we do not know about, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process, which includes the oath to tell the truth and cross-examination. It could also be unfair to the parties' right to know what information the jurors are relying on to decide the case. Each of the parties is entitled to a fair trial by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process. If you decide the case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this country and you will have done an injustice. It is very important that you abide by these rules. Failure to follow these instructions could result in the case having to be retried.

2. **Preliminary Instructions to Jury (After Voir Dire)**

Members of the Jury:

You have now been sworn as the jury to try this case. As the judge, I will decide all questions of law and procedure. As the jury, you are the judges of the facts. At the end of the trial, I will instruct you on the rules of law that you must apply to the facts as you find them.

You may take notes during the trial. Do not allow your note-taking to distract you from listening to the testimony. Your notes are an aid to your memory. If your memory should later be different from your notes, you should rely on your memory. Do not be unduly influenced by the notes of other jurors. A juror's notes are not entitled to any greater weight than each juror's recollection of the testimony.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence. This includes your spouse, children, relatives, friends, coworkers, and people with whom you commute to court each day. During your jury service, you must not communicate any information about this case by any means, by conversation or with the tools of technology. For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, PDA, computer, the Internet, any Internet service, any text  or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, YouTube, Snapchat, Instagram, or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict or excuse you as a juror.

Do not even discuss the case with the other jurors until the end of the case when you retire to deliberate. It is unfair to discuss the case before all of the evidence is in, because you may become an advocate for one side or the other. The parties, the witnesses, the attorneys, and persons associated with the case are not allowed to communicate with you. And you may not

3

speak with anyone else in or around the courthouse other than your fellow jurors or court personnel.

Do not make any independent investigation of this case. You must rely solely on what you see and hear in this courtroom. Do not try to learn anything about the case from any other source. In particular, you may not use any electronic device or media, such as a telephone, cell phone, smartphone, or computer to research any issue touching on this case. Do not go online or read any newspaper account of this trial or listen to any radio or television newscast about it. Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or to view any place discussed in the testimony. In sum, you may not research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge, until after you have been excused as jurors.

There are some issues of law or procedure that I must decide that the attorneys and I must discuss. These issues are not part of what you must decide and they are not properly discussed in your presence. To avoid having you leave the courtroom and to save time, I may discuss these issues with the attorneys at the bench, out of your hearing. When I confer with the attorneys at the bench, please do not listen to what we are discussing. If the discussions require more time, I may have you leave the courtroom until the lawyers and I resolve the issues. I will try to keep these interruptions as few and as brief as possible.

3.  **What a Patent is and How One is Obtained[3][4]**

**[MOTION OFFENSE PROPOSAL:**

This case involves a dispute relating to six United States patents. Before summarizing the positions of the parties and the issues involved in the dispute, let me take a moment to explain what a patent is and how one is obtained.

Patents are granted by the United States Patent and Trademark Office (sometimes called "the PTO"). A valid United States patent gives the patent holder the right for up to 20 years from the date the patent application was filed to prevent others from making, using, offering to sell, or selling the patented invention within the United States, or from importing it into the United States, without the patent holder's permission. A violation of the patent holder's rights is called infringement. The patent holder may try to enforce a patent against persons believed to be infringers by a lawsuit filed in federal court.

The process of obtaining a patent is called patent prosecution. To obtain a patent, one must first file an application with the PTO. The PTO is an agency of the Federal Government and employs trained Examiners who review applications for patents. The application includes what is called a "specification," which [contains a written description of the claimed invention

---

[3] Adapted from Federal Circuit Bar Association Model Patent Jury Instruction A.1 (May 2020). *See also Caddo Systems, Inc. v. Microchip Tech., Inc.,* Civil Action No. 6:20-cv-245, in the U.S. Dist. Court for the W.D. Tex., Preliminary Jury Instruction No. 3 (June 2, 2022).

[4] Dropbox objects to Motion Offense's proposed instruction as unnecessary and redundant in view of Judge Gilliland's confirmation that the Court will be playing the Federal Judicial Center Patent Video. In the event this instruction is not omitted entirely, Dropbox has proposed alternative language informing the jury that Dropbox was not allowed to participate in the Patent Office review of the Asserted Patents and that Dropbox has a right to argue that the Asserted Patents are invalid.

telling what the invention is][56], how it works, how to make it, and how to use it. The specification concludes with one or more numbered sentences. These are the patent "claims." When the patent is eventually granted by the PTO, the claims define the boundaries of its protection and give notice to the public of those boundaries.

[After the applicant files the application, an Examiner reviews the application to determine whether or not the claims are patentable (appropriate for patent protection) and whether or not the specification adequately describes the invention claimed. In examining a patent application, the Examiner reviews certain information about the state of the technology at the time the application was filed. The PTO searches for and reviews information that is publicly available or that is submitted by the applicant. This information is called "prior art." The Examiner reviews this prior art to determine whether or not the invention is truly an advance over the state of the art at the time. Prior art is defined by law, and I will give you, at a later time during these instructions, specific instructions as to what constitutes prior art. However, in general, prior art includes information that demonstrates the state of technology that existed

---

[5] In addition to its objection to the entirety of this instruction (*see* above), Dropbox specifically objects to this clause because it states that the specification contains a written description of the claimed invention.  Whether the 2012 specifications contain a written description of the alleged inventions first claimed starting in 2017 is a disputed issue in this case.  To the extent the Court believes there is any need for a preliminary instruction like this (Dropbox objects to it), it should at least be modified so that this clause is preceded by the text "is supposed to, but sometimes does not."

[6] Motion Offense does not understand Dropbox's objection to this portion of the instruction, given that Dropbox will no longer be arguing at trial that any asserted patent claim is invalid due to inadequate written description. This instruction is intended only as an explanation to the jury of what the parts of a patent are, and it does not relate to the issue of whether any asserted patent claim is entitled to a 2012 priority date based on disclosures in an earlier application.

before the claimed invention was made or before the application was filed. A patent lists the prior art that the Examiner considered; this list is called the "cited references."][7][8]

After the prior art search and examination of the application, the Examiner informs the applicant in writing of what the Examiner has found and whether the Examiner considers any claim to be patentable and, thus, would be "allowed." This writing from the Examiner is called an "Office Action." If the Examiner rejects the claims, the applicant has an opportunity to respond to the Examiner to try to persuade the Examiner to allow the claims, and to change the claims or to submit new claims. This process may go back and forth for some time until the Examiner is satisfied that the application meets the requirements for a patent and the application issues as a patent, or that the application should be rejected and no patent should issue. Sometimes, patents are issued after appeals within the PTO or to a court. The papers generated

---

[7] In addition to its objection to the entirety of this instruction (see above), Dropbox specifically objects to this paragraph because it states that the Examiner performed steps that he may or may not have performed.  It is unfairly prejudicial and the statements may be false as to what occurred during prosecution of the asserted patents.  For example, there is absolutely no evidence that the Examiner reviewed or considered each of pieces of prior art submitted.  There is also no evidence that the Examiner reviewed the specification to determine whether it adequately describes the invention claimed.  The Court should not be telling the jury things happened when they may or may not have happened during prosecution.  To the extent the Court believes there is any need for a preliminary instruction like this (Dropbox objects to it), it should at least be modified to state that the Examiner is supposed to do these things, but we don't know what exactly the Examiner did.

[8] Motion Offense contends that Dropbox's objections here are inconsistent with the presumption of validity and 35 U.S.C. §282. Under the presumption of validity, the examiner is in fact presumed to have made a determination that a patent meets all the requirements for patentability prior to allowing the patent to issue. For example, the References Cited portion of the patent specification lists prior art references that the examiner is deemed to have *considered* prior to the patent being allowed to issue. *See, e.g. LifeNet Health v. LifeCell Corp.*, 93 F.Supp.3d 477, 503-04 (E.D. Va. 2015). It would be error to allow Dropbox at trial to make unsupported insinuations that the Examiner may not have done his or her job in the absence of clear and convincing evidence of such. Dropbox's proposed instruction in the previous footnote that the Examiner "is supposed to do these things, but we don't know what exactly the Examiner did" would be legally erroneous.

during these communications between the Examiner and the applicant are called the "prosecution history."

The fact that the PTO grants a patent does not necessarily mean that any invention claimed in the patent, in fact, deserves the protection of a patent. For example, the PTO may not have had available to it all other prior art that will be presented to you. A person accused of infringement has the right to argue here in federal court that a claimed invention in the patent is invalid because it does not meet the requirements for a patent. It is your job to consider the evidence presented by the parties and determine independently whether or not Dropbox has proven that the patent is invalid.]

[**DROPBOX PROPOSAL FOR PREVIOUS PARAGRAPH**: The fact that the PTO grants a patent does not necessarily mean that any invention claimed in the patent, in fact, deserves the protection of a patent. For example, the PTO may not have had available to it all other prior art that will be presented to you. In addition, there is the possibility that mistakes were made or that information was overlooked. Examiners have a lot of work to do. No process is perfect. Also, unlike the court proceeding, patent prosecution takes place without input from those who might later be accused of infringing a patent. For example, here Dropbox was not allowed to participate in the prosecution process or present any prior art to the patent examiner. That is why Dropbox in this case has the right to argue in front of you that a claimed invention in the patent is invalid because it fails to meet the requirements for a patent.

It is your job to consider the evidence presented by the parties and determine independently whether or not Dropbox has proven that the patent is invalid.  The Patent Office does not consider or decide issues of infringement with respect to a patent.][9][10]

I will now play a short video for you to give you an overview of patents and the patent system in the United States. (Play Federal Judicial Center Patent Video.)

---

[9] Adapted from *VLSI Tech. LLC v. Intel Corp.*, No. 6:21-cv-00057 (W.D. Tex.), 2021-02-22 Trial Tr. (Dkt. 565) at 189:17-191:2.
[10] Motion Offense objects to inclusion of this proposed instruction on the grounds that it is unnecessarily critical of the PTO. *See* Dkt. 266, Motion Offense MIL No. 6.  Motion Offense also objects that this instruction is inconsistent with the presumption of patent validity under 35 U.S.C. § 282.

### 3.1 Parts of a Patent[11][12]

[**MOTION OFFENSE PROPOSAL:**

This case involves six separate issued United States patents. Each member of the jury has been given a notebook that contains a full copy of each patent.

A patent includes two basic parts: a written description of the invention, and the patent claims. The written description, which may include drawings, is often called the "specification" of the patent.

Please turn to Tab 1 of your juror notebook and you will see a copy of U.S. Patent No. 10,013,158. Please look at this patent as an example while I walk through the various parts of a patent document. I will refer to this patent by the last three digits of its patent number, or the "'158 patent."

The first page of the '158 patent provides identifying information, including the date the patent issued and patent number along the top, as well as the inventor's name, the filing date, the assignee, which is the company or individual that owned the patent at the time this patent was issued, and a list of the prior art publications considered by the Patent Office during the time the patent was being sought.

The specification of the patent begins with a brief statement about the subject matter of the invention, which is called an "abstract." This is found on the first page.

---

[11] Adapted from Seventh Circuit Pattern Jury Instructions (Patents), Instruction 11.1.4 (2020). Motion Offense contends that this instruction is not duplicative of previous instructions of the Federal Judicial Center Patent Video because it is intended to introduce the jurors to the actual patents that will be involved in this trial.

[12] Dropbox objects to the proposed instruction regarding "Parts of a Patent" because it is unnecessarily duplicative of Instruction No. 3 and therefore likely to confuse the jury. Further, Dropbox objects to Motion Offense's proposed instruction as unnecessary and redundant in view of Judge Gilliland's confirmation that the Court will be playing the Federal Judicial Center Patent Video. In the event this instruction is not omitted entirely, Dropbox has proposed language clarifying the origin of the "References Cited" on the face of the patent.

Next is a list of the "References Cited" during the patent prosecution. This is a list of all the prior art references considered by the patent examiner at the PTO before deciding that the patent met the legal requirements to be issued. The list of references cited carries over to page 3 of this patent.

[**DROPBOX PROPOSAL FOR PRECEDING PARAGRAPH**: Next is a list of the "References Cited" during the patent prosecution. This is a list of all the prior art references disclosed to or located by the patent examiner at the PTO.][13]

Next, starting on page 4 of this patent, are a series of diagrams and drawings, which are labeled as Figures 1 though 8B that appear on the following pages. The Figures depict various aspects or features of illustrative embodiments of the invention. These Figures are described in words later in the patent specification.

Following the Figures, the written description of the invention appears next. In this portion of the patent, each page is divided into two columns, which are numbered at the top of the page. The lines on each page are also numbered. The written description of the '158 patent begins at column 1, line 1, and continues to column 43, line 20. It includes a background section, a summary of the invention, and a detailed description of the invention, including some specific examples.

The written description is followed by the one or more numbered paragraphs, which are called the claims, which I mentioned to you earlier. The claims may be divided into a number of

---

[13] Motion Offense objects to Dropbox's proposed instruction because it is incomplete and misleading. The References Cited portion of the patent specification lists prior art references that the examiner is deemed to have *considered* prior to the patent being allowed to issue. *See, e.g. LifeNet Health v. LifeCell Corp.*, 93 F.Supp.3d 477, 503-04 (E.D. Va. 2015). Dropbox may point out at trial that certain prior art references were not cited by the examiner, and therefore those uncited references were not considered by the examiner. But it would be improper at trial for Dropbox to argue that any of the References Cited on the face of the patent were somehow not "considered" by the examiner. *See id.*

parts or steps, each of which are called "claim limitations" or "claim requirements." In the '158 patent, the claims begin at column 43, line 21 and continue to the end of the patent, at column 51, line 10. The '158 patent contains a total of 30 claims, numbered 1 through 30.]

### 3.2 Patent Claims and Claim Construction[14][15]

[MOTION OFFENSE PROPOSAL:

The claims of a patent define the invention covered by the patent. In other words, the claims describe what the patent does and does not cover, somewhat like the way a property deed describes the boundaries of a parcel of land.

When a product or process is accused of infringing a patent, the patent claims must be compared to the accused product or process to determine whether infringement has been proven. The claims are also at issue when the validity of a patent claim is challenged. In reaching your determinations with respect to infringement and invalidity, you must consider each claim of each asserted patent separately.

In this case, you should assume that the individual words and phrases of each patent claim have the plain and ordinary meaning given to those words and phrases by a person of ordinary skill in the technical field of the patent.]

---

[14] Adapted from Seventh Circuit Pattern Jury Instructions (Patents), Instruction 11.1.5 (2020); Federal Circuit Bar Association Model Patent Jury Instruction A.3 (2020).

[15] Dropbox objects to Motion Offense's proposed instruction as unnecessary and redundant in view of Judge Gilliland's confirmation that the Court will be playing the Federal Judicial Center Patent Video and in view of the final instructions on this issue at Instruction 9.3.  There is no need to instruct on this issue twice and doing so is not this Court's practice.  *See VLSI Tech. LLC v. Intel Corp.*, No. 6:21-cv-00299 (W.D. Tex.), 2021-05-07 Trial Tr. (Dkt. 584).

4.  **Summary of Contentions**

To help you follow the evidence, I will now give you a summary of the positions of the parties.

The parties in this case are the Motion Offense, LLC and the Dropbox, Inc.  Motion Offense contends that Dropbox has infringed certain patent claims from six issued U.S. patents Motion Offense claims to own.  Dropbox contends that it does not infringe any of the asserted patent claims and that each of the patent claims asserted by Motion Offense is invalid.

Motion Offense filed suit in this court seeking damages from Dropbox for Dropbox's alleged infringement of each of these patents by making, using, selling, and offering for sale in the United States certain Dropbox products and methods (described more precisely below) that Motion Offense argues are covered by various asserted claims of the Motion Offense patents.

More specifically, Motion Offense alleges that Dropbox has infringed, and continues to infringe, each the following individual patent claims. Collectively, this set of patent claims will be referred to during this trial as the "Asserted Claims."

'158 patent: claims 3, 6, and 14;

'052 patent: claims 12, 20, and 27;

'548 patent: claim 46;

'215 patent: claims 18.

Motion Offense alleges that Dropbox infringes each Asserted Claim when Dropbox makes, uses and/or sells the claimed inventions in connection with the following Dropbox services (sometimes referred to as the "Dropbox Plans"):

- Dropbox Personal Plus;

- Dropbox Personal Family;

- Dropbox Business Professional;

14

- Dropbox Business Standard;

- Dropbox Business Advanced; and

- Dropbox Business Enterprise.

Motion Offense alleges that Dropbox infringes each of the Asserted Claims as a result of using and/or incorporating one or more of the following technical features in the aforementioned Dropbox Plans:

- Folder sharing;

- File requests; and/or

- Smart Sync.

Dropbox's software and Dropbox's back-end computer hardware  that incorporate any one or more of these technical features  of the Dropbox Plans and/or are used to provide those services will sometimes be referred to collectively in this trial as the "Accused Products" or "Accused Methods." Motion Offense in this case accuses Dropbox of infringing each asserted patent claim in connection with Dropbox's making, use and/or sale of the Accused Products and Accused Methods in the United States on or after July 3, 2018.

Dropbox denies that it has infringed any of the asserted claims of Motion Offense's asserted patents. Dropbox also argues that Motion Offense cannot prove by a preponderance of the evidence that it is entitled to a priority date for any asserted claim of the asserted patents that is earlier than October 3, 2017.

Dropbox also argues that each of the asserted patent claims is invalid. I will instruct you later as to the ways in which a patent may be invalid. In general, however, a patent is invalid if it is not new or is obvious in view of the state of the art at the relevant time.

Your job will be to decide, on a claim by claim basis, whether or not each asserted claim of each patent has been infringed by Dropbox, and whether or not each of those asserted claims

15

is invalid. If you decide that any one or more asserted claim of any Motion Offense patent has been infringed and is not invalid, you will then need to decide the amount of damages that should be awarded to Motion Offense to compensate it for the infringement you have found.

5. **Overview of Applicable Law**

In deciding the issues I just discussed, you will be asked to consider specific legal standards. I will give you an overview of those standards now and will review them in more detail before the case is submitted to you for your verdict.

The first issue you will be asked to decide is whether Dropbox has infringed one or more claims of the Asserted Patents.  Infringement is assessed on a claim-by-claim basis. Therefore, there may be infringement as to one claim but no infringement as to another. There are a few different ways that a patent may be infringed. I will explain the requirements for each of these types of infringement to you in detail at the conclusion of the case. In general, however, Dropbox may infringe an asserted patent claim by making, using, selling, or offering for sale in the United States, or by importing into the United States, a product or by using a method meeting all the requirements of the patent claim. I will provide you with more detailed instructions on the requirements for each of these types of infringement at the conclusion of the case.

Another issue you will be asked to decide is whether each asserted patent claim is invalid. A patent may be invalid for a number of reasons,

A patent may also be invalid because it claims subject matter that is not new. A claim is invalid because it is not new if all of the elements of a claim are present in a single previous device or method, or sufficiently described in a single previous printed publication, patent or system. We call these "prior art." If a claim is not new, it is said to be anticipated. [**MOTION OFFENSE PROPOSAL**: For a patent claim to be invalid because it is anticipated or not novel, it requires that each element of the patent claim can be found in a single prior art reference or single prior art system. Unless there is one single prior art reference or prior art system that contains each and every element of the claim, then the claim is not anticipated, i.e. the claim is

17

new or novel, as required for patentability.][16]   [**DROPBOX PROPOSAL**: For example, Dropbox as it existed in the prior art is a single prior art reference.][17]

Another way that a claim may be invalid is that it may have been obvious. Even though every element of a claim is not shown or sufficiently described in a single piece of "prior art," the claim may still be invalid if it would have been obvious to a person of ordinary skill in the field of technology of the patent at the relevant time. You will need to consider a number of questions in deciding whether the invention(s) claimed in the asserted patent claims are obvious. I will provide you detailed instructions on these questions at the conclusion of the case.

If you decide that any of the asserted patent claims has been infringed and is not invalid, you will then need to decide any damages to be awarded to Motion Offense to compensate it for the infringement. A damages award should put Motion Offense in approximately the same financial position that it would have been in had the infringement not occurred, but in no event may the damages award be less than what Motion Offense would have received had it been paid a reasonable royalty. I will instruct you later on the meaning of a reasonable royalty. The damages you award are meant to compensate Motion Offense and not to punish Dropbox. You may not include in your award any additional amount as a fine or penalty, above what is

---

[16] Dropbox objects to this proposed instruction as prejudicial, misleading, and likely to confuse the jury because it does not acknowledge that system art can anticipate.  *See e.g.*, *Zenith Elecs. Corp. v. PDI Commc'n Sys., Inc.,* 522 F.3d 1348, 1357 (Fed. Cir. 2008); *Elbit Sys. Land and C4i Ltd v. Hughes Network Sys. Inc.*, Civil Action No. 2:15-CV-00037-RWS in U.S. Dist. Court for the E.D. Tex., Dkt. 485 at 8.3 (Aug. 08, 2017). Further, Dropbox is not aware of any prior preliminary instructions addressing this issue from the Court.  If this instruction is given, Dropbox has included additional direction as to what constitutes a "single prior art reference," which should also be given to the jury.

[17] Motion Offense objects to this instruction because it will be disputed at trial whether Dropbox can and does submit evidence establishing the technical features of any single prior art Dropbox system. It would be legally erroneous for the Court to instruct the jury to assume a conclusion with respect to a particular fact issue that will be disputed at trial.

necessary to compensate Motion Offense for the infringement, in order to punish Dropbox. I will

give you more detailed instructions on the calculation of damages at the conclusion of the case.

### 6.  Outline of Trial

After I have finished reading these preliminary instructions, the trial will begin. First, lawyers for each side will make an opening statement. Opening statements are intended to assist you in understanding the significance of the evidence that will be presented. The opening statements are not evidence.

After the opening statements, Motion Offense will present its case through witness testimony and documentary or other evidence. Next, Dropbox will have an opportunity to present its case. Motion Offense may then present rebuttal evidence. After all the evidence is introduced, I will instruct you on the law that applies to this case. The lawyers will then make closing arguments. Closing arguments are not evidence, but rather the attorneys' interpretations of what the evidence has shown or not shown. Finally, after closing arguments, you will go into the jury room to deliberate to reach a verdict.

### 6.1 Evidence

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from all the evidence introduced at trial, both direct and circumstantial. As members of the jury, you will be required to make your own determination about the weight and credibility you will give to each piece of evidence as you consider all the evidence from trial in your deliberations.

### 6.2 Burdens of Proof and Standards of Proof

There are two standards of proof that you will apply to the evidence, depending on the issue you are deciding.

On some issues, you must decide whether certain facts have been proven by a preponderance of the evidence. A preponderance of the evidence means that the fact is more likely true than not, given all the evidence. That is, that the evidence in favor of that fact being true is sufficient to tip the scale, even slightly, in its favor.

On other issues that I will identify for you, you must use a higher standard and decide whether a fact has been proven by clear and convincing evidence. [**MOTION OFFENSE PROPOSAL**: Clear and convincing evidence is evidence that produces in your mind a firm belief or conviction as to the truth of the matter sought to be established. It is evidence so clear, direct, weighty and convincing as to enable you to come to a clear conviction without hesitancy.][18][19] [**DROPBOX PROPOSAL**: Clear and convincing evidence is evidence that leaves you with a clear conviction that the fact has been proven.]

These standards are different from what you may have heard about in criminal proceedings where a fact must be proven beyond a reasonable doubt. On a scale of these various standards of proof, as you move from preponderance of the evidence, where the proof need only be sufficient to tip the scale in favor of the party proving the fact, to beyond a reasonable doubt, where the fact must be proven to a very high degree of certainty, you may think of clear and convincing evidence as being between the two standards.

---

[18] *See Hornbeck Offshore Servs., L.L.C. v. Salazar*, 713 F.3d 787, 792 (5th Cir. 2013); *Shafer v. Army & Air Force Exch. Serv.*, 376 F.3d 386, 396 (5th Cir. 2004). Motion Offense objects to Dropbox's proposed instruction because it does not fully articulate the standards for "clear and convincing" proof as articulated by the Fifth Circuit.

[19] Dropbox objects to Motion Offense's proposed instruction as improper to the extent it deviates from the cited Federal Circuit Bar Association Model Patent Jury Instructions without justification.

In this case, Motion Offense has the burden of proving the elements of its claim for patent infringement by a preponderance of the evidence. In other words, Motion Offense must prove by a preponderance of the evidence that Dropbox has infringed each asserted patent claim; and Motion Offense must also prove, by a preponderance of the evidence, the amount of damages (if any) to which Motion Offense is entitled as a result of any patent infringement by Dropbox. Dropbox does not have any burden of proof on the issues of patent infringement or damages.

If Motion Offense argues that it is entitled to a priority date for any asserted claim of the asserted patents that is earlier than October 3, 2017, then Motion Offense also has the burden of proving to you by a preponderance of the evidence that there is written description support for that earlier date.

On the other hand, Dropbox has the burden to prove invalidity of any asserted patent claim by clear and convincing evidence.

### 6.3 Witnesses

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

### 6.4 Expert Witnesses

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.

**6.5 Deposition Testimony and Live Remote Live Testimony**

Some of the witness testimony you hear during this trial may be presented in the form of previously-recorded deposition testimony and/or with the witness testifying via live video from a remote location. Regardless of whether testimony is presented by deposition or live remote video, this testimony is entitled to the same consideration and is to be weighed and otherwise considered by you in the same manner as the testimony given by other witnesses who appear here in the courtroom and testify live from the witness stand.

Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition. A deposition is the sworn, recorded answers to questions a witness was asked in advance of the trial. Some time before this trial, attorneys representing the parties in this case questioned this witness under oath during a deposition, with a court reporter and/or a videographer present to record the testimony.

In addition, some witnesses during this trial may be permitted to testify by live video from a remote location due to the witness's inability to travel to be here in the courtroom.

Some of the deposition video recordings and live remote video of witnesses that you may see in this case might have lower quality because the witness had their deposition taken (or is testifying remotely) from their home or office.  You should not hold the quality of the video or the location of the witness, or any other circumstances arising from the witness's travel restrictions against either party.

Deposition testimony and remote live video testimony that you hear during this trial is entitled to the same consideration, and should be weighed and otherwise considered by you, in the same way as if the witness had been present and had testified from the witness stand in this courtroom.

### 6.6 Commencement of Trial

Keep an open mind during the entire trial. Do not decide the case until you have heard all of the evidence, my final instructions, and the closing arguments.

It is now time for the opening statements.