IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| DROPBOX, INC.,<br><br>  *Plaintiff/Counter-Defendant*,<br><br>v.<br><br>MOTION OFFENSE, LLC,<br><br>  *Defendant/Counter-Plaintiff*. | Civil Action No. 6:20-cv-00251-ADA |
| MOTION OFFENSE, LLC,<br><br>  *Plaintiff*,<br><br>v.<br><br>DROPBOX, INC.,<br><br>  *Defendant*. | Civil Action No. 6:21-cv-758-ADA |

**ORDER ADOPTING MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Report and Recommendation of United States Magistrate Judge Derek T. Gilliland. ECF No. 335. The Report recommends that the Court **DENY** ECF Nos. 127, 193, 194, 195, 196, 197, 199, 201, 202, 203, 222, 223, 224. *See id.* The Report also recommends that the Court **GRANT-IN-PART** and **DENY-IN-PART** ECF Nos. 198, 200. *See id.* The Report and Recommendation was filed on May 2, 2023.

A party may file specific, written objections to the proposed findings and recommendations of the magistrate judge within fourteen days after being served with a copy of the report and recommendation, thereby securing *de novo* review by the district court. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). A district court need not consider "[f]rivolous, conclusive, or general objections."

*Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United States Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996)).

Dropbox filed objections on May 9, 2023. ECF No. 343. Motion Offense filed objections on May 9, 2023. ECF No. 344. The Court has conducted a *de novo* review of the motions, the report and recommendation, the objections to the report and recommendation, and the applicable laws. After that thorough review and in accordance with the Court's rulings from the bench on May 11, 2023, the Court is persuaded that the Magistrate Judge's findings and recommendation should be adopted and the parties' objections overruled.

Motion Offense's Motion to Strike Dropbox, Inc.'s Inequitable Conduct Defense (ECF No. 127) was ruled on without argument and is **DENIED as MOOT** because it overlaps with Motion Offense's Motion for Partial Summary Judgment Against Dropbox Affirmative Defenses Not Involving Prior Art (ECF No. 198).

Dropbox, Inc.'s Motion for Summary Judgment of Lack of Patent Eligibility Under 35 U.S.C. § 101 (ECF No. 193) is **DENIED**. The Court finds that each asserted claim, considered as a whole, is not directed to an abstract idea.

Dropbox's Sealed Motion for Partial Summary Judgment (ECF No. 194) is **DENIED**.

Dropbox's Sealed Motion to Exclude the Opinions of Stephen E. Dell (ECF No. 195) is **DENIED**.

Dropbox's Sealed Motion for Summary Judgment of Non-Infringement (ECF No. 196) is **DENIED in Part as MOOT and DENIED**.  The doctrine of equivalents, divided/vicarious infringement, and indirect infringement portions of the Motion are **DENIED as MOOT**.  Motion Offense has stipulated that it is not pursuing a finding of infringement under the doctrine of

equivalents, divided/vicarious infringement, or indirect infringement.  The remaining direct infringement portion of the Motion is **DENIED**.

Dropbox's Sealed Motion to Exclude the Testimony of Dr. Robert Akl (ECF No. 197) is **DENIED as MOOT**.

Motion Offense's Motion for Partial Summary Judgment Against Dropbox Affirmative Defenses Not Involving Prior Art (ECF No. 198) is **DENIED as MOOT in Part** and **GRANTED in Part**.  The portions of the Motion addressing the following Dropbox Affirmative Defenses are **DENIED** as **MOOT** in light of Dropbox's stipulation that it is no longer pursuing any of these affirmative defenses at trial: Third Affirmative Defense ("Failure to Provide Notice Pursuant to 35 U.S.C. §287"), Fourth Affirmative Defense ("Waiver, Estoppel, Acquiescence, Unclean Hands, and Implied License"), Fifth Affirmative Defense ("Prosecution History Estoppel"), Ninth Affirmative Defense ("Failure to Conduct Pre-Suit Investigation"), and Tenth Affirmative Defense ("Ensnarement").  The portion of the Motion addressing Dropbox's 11th affirmative defense ("Inequitable Conduct") is **GRANTED**.

Motion Offense's Motion to Exclude the Damages Opinions and Testimony of Robert A. Hutchins (ECF No. 199/ Corrected ECF No. 222) is **DENIED**.

Motion Offense's Motion to Strike New and Untimely Opinions of Phillip Gibbons' Expert Report Regarding Noninfringement of U.S. Patent Nos. 10,013,158; 10,021,052; 10,303,353; 10,613,737; 10,587,548; and 11,044,215 (ECF No. 200) is **DENIED in Part** and **GRANTED in Part**.  Rulings on each limitation are in the following chart:

| Patent | Claim limitation | Ruling |
|---|---|---|

| '158 | Claim 3: "An apparatus, comprising: at least one non-transitory memory storing instructions; and one or more processors in communication with the at least one non-transitory memory, wherein the one or more processors execute the instructions to:" (ECF No. 200-3. Ex. 2, ¶¶235-42). | DENIED as MOOT. Dropbox has stipulated it will not rely on these paragraphs of Dr. Gibbons' report at trial. |
|---|---|---|
| '158 | Claim 3: "receive, from the first node via the at least one network, an indication of at least one folder via the first user interface element, utilizing the at least one first interface" (ECF No. 200-3. Ex. 2, ¶¶321-25); | DENIED as MOOT. Dropbox has stipulated it will not rely on these paragraphs of Dr. Gibbons' report at trial. |
| '158 | Claim 3: "based on the receipt of the indication of the at least one folder, the indicia associated with the at least one email address, and the indication to share the at least one folder via the at least one network; generate at least one email message identifying the at least one folder and including a reference to the at least one folder, without including at least one file in the at least one folder as an attachment of the at least one email message" (ECF No. 200-3. Ex. 2, ¶¶366-76); | DENIED as MOOT. Dropbox has stipulated it will not rely on these paragraphs of Dr. Gibbons' report at trial. |
| '158 | Claim 3: "send, to a second node via the at least one network, the at least one email message, without including the at least one file in the at least one folder as an attachment of the at least one | DENIED as MOOT. Dropbox has stipulated it will not rely on these paragraphs of Dr. Gibbons' report at trial. |

| | | |
|---|---|---|
| | email message" (ECF No. 200-3. Ex. 2, ¶¶377-87); | |
| '158 | Claim 3: "detect, at the second node, an indication to open the at least one file in the at least one folder; and" (ECF No. 200-3. Ex. 2, ¶¶448-58); | DENIED as MOOT. Dropbox has stipulated it will not rely on these paragraphs of Dr. Gibbons' report at trial. |
| '158 | Claim 3: "in response to detection of the indication to open the at least one file in the at least one folder, cause retrieval of the at least one file via the at least one network for permitting display of the at least one file at the second node" (ECF No. 200-3. Ex. 2, ¶¶459-66); and | DENIED as MOOT. Dropbox has stipulated it will not rely on these paragraphs of Dr. Gibbons' report at trial. |
| '052 | Claim 12: "An apparatus, comprising: at least one non-transitory memory storing instructions; and one or more processors in communication with the at least one non-transitory memory, wherein the one or more processors execute the instructions to:" (ECF No. 200-3. Ex. 2, ¶¶662-67); | DENIED as MOOT. Dropbox has stipulated it will not rely on these paragraphs of Dr. Gibbons' report at trial. |
| '052 | Claim 12: "send, to a second node via the at least one network, the first message;" (ECF No. 200-3. Ex. 2, ¶¶751-60); | DENIED as MOOT. Dropbox has stipulated it will not rely on these paragraphs of Dr. Gibbons' report at trial. |

| | | |
|---|---|---|
| '737 | Claim 3: "based on the receipt of the indication of the at least one folder, the indicia associated with the at least one email address, and the indication to share the at least one folder via the at least one network; cause generation of at least one email message identifying the at least one folder and including a reference to the at least one folder, without including at least one file in the at least one folder as an attachment of the at least one email message;" (ECF No. 200-3. Ex. 2, ¶¶1183, 1202-09); | DENIED as MOOT. Dropbox has stipulated it will not rely on these paragraphs of Dr. Gibbons' report at trial. |
| '737 | Claim 3: "cause to be sent, to a second node via the at least one network, the at least one email message, without including the at least one file in the at least one folder as an attachment of the at least one email message;" (ECF No. 200-3. Ex. 2, ¶¶1210-17); and | DENIED as MOOT. Dropbox has stipulated it will not rely on these paragraphs of Dr. Gibbons' report at trial. |
| '548 | Claim 44: "in response to the receipt of the message associated with the selection of the third user interface element and based on the text associated with the one or more desired files and the object associated with the at least one email address; cause generation of a first message addressed to the at least one email address and including the file request, the first message including a fourth user interface element and the text associated with the one or more desired files describing the one or more desired files | DENIED as MOOT. Dropbox has stipulated it will not rely on these paragraphs of Dr. Gibbons' report at trial. |

| | | |
|---|---|---|
| | in connection with the file request;" (ECF No. 200-3. Ex. 2, ¶¶1275-82); | |
| '548 | Claim 44: "cause sending of, to a second node via the at least one network, the first message;" (ECF No. 200-3. Ex. 2, ¶¶1283-90); | DENIED as MOOT. Dropbox has stipulated it will not rely on these paragraphs of Dr. Gibbons' report at trial. |
| '548 | Claim 44: "receive, from the second node via the at least one network, a message associated with a selection of the fourth user interface element of the first message for indicating that at least one file is to be uploaded in response to the file request;" (ECF No. 200-3. Ex. 2, ¶¶1291-98); | DENIED as MOOT. Dropbox has stipulated it will not rely on these paragraphs of Dr. Gibbons' report at trial. |
| '548 | Claim 44: "in response to the receipt of the message associated with the selection of the fourth user interface element, cause sending of a second communication over the at least one network that results in display, at the second node, of a fifth user interface element for use in uploading the at least one file in response to the file request;" (ECF No. 200-3. Ex. 2, ¶¶1299-1306); | DENIED as MOOT. Dropbox has stipulated it will not rely on these paragraphs of Dr. Gibbons' report at trial. |

| | | |
|---|---|---|
| '548 | Claim 44: "in response to the receipt of the message associated with the selection of the fifth user interface element, cause generation of a second message that includes a sixth user interface element, the second message indicating that the file request has been responded to;" (ECF No. 200-3. Ex. 2, ¶¶1323-30); | DENIED as MOOT. Dropbox has stipulated it will not rely on these paragraphs of Dr. Gibbons' report at trial. |
| '548 | Claim 44: "cause sending of, to the first node via the at least one network, the second message;" (ECF No. 200-3. Ex. 2, ¶¶1331-38); | DENIED as MOOT. Dropbox has stipulated it will not rely on these paragraphs of Dr. Gibbons' report at trial. |
| '548 | Claim 44: "receive, from the first node via the at least one network, a message associated with a selection of the sixth user interface element of the second message;" (ECF No. 200-3. Ex. 2, ¶¶1339-44); | DENIED as MOOT. Dropbox has stipulated it will not rely on these paragraphs of Dr. Gibbons' report at trial. |
| '548 | Claim 44: "in response to the receipt of the message associated with the selection of the sixth user interface element of the second message, cause sending of a third communication over the at least one network that results in display, at the first node, of a reference to the at least one file; and allow access, at the first node, to the at least one file via the reference." (ECF No. 200-3. Ex. 2, ¶¶1345-50); | DENIED as MOOT. Dropbox has stipulated it will not rely on these paragraphs of Dr. Gibbons' report at trial. |

| | | |
|---|---|---|
| '548 | Claim 45: "The non-transitory computer readable storage medium of claim 44, wherein: the first message and the second message are email messages;" (ECF No. 200-3. Ex. 2, ¶¶1351-59); | DENIED as MOOT. Dropbox has stipulated it will not rely on these paragraphs of Dr. Gibbons' report at trial. |
| '548 | Claim 45: "the object includes the at least one email address or an alias associated with the at least one email address; and" (ECF No. 200-3. Ex. 2, ¶¶1369-74); and | DENIED as MOOT. Dropbox has stipulated it will not rely on these paragraphs of Dr. Gibbons' report at trial. |
| '548 | Claim 45: "the second message is at least partially pre-written and is caused to be automatically generated without user involvement after the receipt of the message associated with the selection of the fifth user interface element." (ECF No. 200-3. Ex. 2, ¶¶1375-82). | DENIED as MOOT. Dropbox has stipulated it will not rely on these paragraphs of Dr. Gibbons' report at trial. |
| '215 | Claim 1: "[where the at least one email:] identifies the information associated with the at least one folder," (ECF No. 200-3. Ex. 2, ¶¶1443-50); | DENIED as MOOT. Dropbox has stipulated it will not rely on these paragraphs of Dr. Gibbons' report at trial. |
| '215 | Claim 1: "[where the at least one email:] includes an Hypertext Transfer Protocol (HTTP) link," (ECF No. 200-3. Ex. 2, ¶¶1451-58); | DENIED as MOOT. Dropbox has stipulated it will not rely on these paragraphs of Dr. Gibbons' report at trial. |
| '215 | Claim 1: "[where the at least one email:] is at least partially pre-written, and" (ECF No. 200-3. Ex. 2, ¶¶1475-82); | DENIED as MOOT. Dropbox has stipulated it will not rely on these paragraphs of Dr. Gibbons' report at trial. |

| | | |
|---|---|---|
| '215 | Claim 1: "[where the at least one email:] is automatically caused to be received without requiring user involvement after the detection of the indication of the selection of the third user interface element to cause the initiation of the sharing of the at least one folder;" (ECF No. 200-3. Ex. 2, ¶¶1483-90); | DENIED as MOOT. Dropbox has stipulated it will not rely on these paragraphs of Dr. Gibbons' report at trial. |
| '215 | Claim 51: "[where the at least one email:] identifies the information associated with the at least one folder," (ECF No. 200-3. Ex. 2, ¶¶1610-17); | DENIED as MOOT. Dropbox has stipulated it will not rely on these paragraphs of Dr. Gibbons' report at trial. |
| '215 | Claim 51: "[where the at least one email:] includes an Hypertext Transfer Protocol (HTTP) link," (ECF No. 200-3. Ex. 2, ¶¶1618-25); | DENIED as MOOT. Dropbox has stipulated it will not rely on these paragraphs of Dr. Gibbons' report at trial. |
| '215 | Claim 51: "[where the at least one email:] is at least partially pre-written, and" (ECF No. 200-3. Ex. 2, ¶¶1634-41); and | DENIED as MOOT. Dropbox has stipulated it will not rely on these paragraphs of Dr. Gibbons' report at trial. |
| '215 | Claim 51: "[where the at least one email:] is automatically caused to be received without requiring user involvement after the detection of the indication of the selection of the third user interface element to cause the initiation of the sharing of the at least | DENIED as MOOT. Dropbox has stipulated it will not rely on these paragraphs of Dr. Gibbons' report at trial. |

| | | |
|---|---|---|
| | one folder;" (ECF No. 200-3. Ex. 2, ¶¶1642-49). | |
| '158 | Claim 6: "The apparatus of claim 3, wherein the apparatus is configured such that the at least one first interface and the at least one second interface are separate windows that are displayed utilizing a single web page." (ECF No. 200-3. Ex. 2, ¶¶468-87). | DENIED. |
| '052 | Claim 12: "in response to the receipt of the indication of the selection of the fourth user interface element and based on the file description, the indication of the at least one of the date or the time, and the indicia associated with the at least one email address; generate a first message addressed to the at least one email address and including the file request, the first message indicating the at least one of the date or the time on which the file request is based, and further including a fifth user interface element and at least one sentence including the file description describing the at least one file in connection with the file request;" (ECF No. 200-3. Ex. 2, ¶¶741-50); | GRANTED. |

| '052 | Claim 12: "receive, from the second node via the at least one network, an indication of a selection of the fifth user interface element of the first message, where the receipt of the indication of the selection of the fifth user interface element indicates that the at least one file is to be uploaded in response to the file request;" (ECF No. 200-3. Ex. 2, ¶¶761-75); | GRANTED. |
|---|---|---|
| '052 | Claim 12: "in response to the receipt of the indication of the selection of the fifth user interface element, cause, at the second node, display of at least one third interface with a sixth user interface element and a seventh user interface element, utilizing third hypertext markup language-equipped code that is sent via at least one network, the at least one third interface for use in uploading the at least one file in response to the file request;" (ECF No. 200-3. Ex. 2, ¶¶776-90); | DENIED. |
| '052 | Claim 12: "receive, from the second node via the at least one network, an indication of a selection of the seventh user interface element, utilizing the at least one third interface, where the receipt of the indication of the selection of the seventh user interface element indicates that the at least one file is to be caused to be uploaded;" (ECF No. 200-3. Ex. 2, ¶¶803-11); | DENIED. |

| | | |
|---|---|---|
| '052 | Claim 12: "in response to the receipt of the indication of the selection of the seventh user interface element, generate a second message that includes an eighth user interface element, and that does not include a file attachment with the second message, the second message indicating that the file request has been responded to;" (ECF No. 200-3. Ex. 2, ¶¶812-25); and | GRANTED. |
| '052 | Claim 20: "The apparatus of claim 12, wherein the apparatus is configured such that the at least one of the date or the time of the indication of the at least one of the date or the time is a criterion, and the indication of the at least one file is received based on whether the criterion is met." (ECF No. 200-3. Ex. 2, ¶¶859-67). | GRANTED. |
| '353 | Claim 5: "causing display of the representation of the at least one folder in the location among the one or more folders on the file explorer interface," (ECF No. 200-3. Ex. 2, ¶¶1147-55); and | DENIED. |
| '353 | Claim 5: "in response to detection of the indication to open at least one file in the at least one folder, causing retrieval of the at least one file via the at least one network for permitting display of the at least one file." (ECF No. 200-3. Ex. 2, ¶¶1164-72). | DENIED. |

| | | |
|---|---|---|
| '737 | Claim 14: "The apparatus of claim 13, wherein the apparatus is configured such that the at least one folder and the at least one file are stored and synchronized utilizing at least one server, and wherein the apparatus is further configured such that the at least one email message is caused to be sent without including the at least one file as an attachment of the at least one email message, and the second node is not caused to store the at least one file when the creation of the representation of the at least one folder is caused, both for avoiding the at least one file from having to be communicated to and stored at the second node until the at least one file is requested by a user at the second node using the additional representation." (ECF No. 200-3. Ex. 2, ¶¶1237-43). | GRANTED. |

Motion Offense's Motion for Summary Judgment of No Prior Art Invalidity (ECF No. 201) is **DENIED**.

Motion Offense's Sealed Motion to Exclude Certain Portions of the Expert Report of Michael Ian Shamos Re: Invalidity (ECF No. 202/Corrected ECF No. 223) is **DENIED**.

Motion Offense's Sealed Motion to Exclude Certain Portions of the Expert Report and Testimony of Phillip Gibbons (ECF No. 203/Corrected ECF No. 224) is **DENIED**.

SIGNED this 12th day of May, 2023.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE