# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| DROPBOX, INC.,<br><br>*Plaintiff / Counterclaim Defendant,*<br><br>v.<br><br>MOTION OFFENSE, LLC,<br><br>*Defendant / Counterclaim Plaintiff.* | **Civil Action No. 6:20-cv-00251-ADA**<br><br>**(Lead Case)** |
| MOTION OFFENSE, LLC,<br><br>*Plaintiff.*<br><br>v.<br><br>DROPBOX, INC.,<br><br>*Defendant.* | **Civil Action No. 6:21-cv-00758-ADA** |

## MOTION OFFENSE, LLC'S MOTION
## FOR JURY INSTRUCTION - ABANDONMENT

Dated: May 17, 2023

Timothy Devlin (DE Bar No. 4241)
Alex Chan (Texas Bar No. 24108051)
Donald Puckett (Texas Bar No. 24013358)
Derek Dahlgren (*pro hac vice*)
Srikant Cheruvu *pro hac vice*)
Andrew Sherman (*pro hac vice*)
Jedediah Phillips (*pro hac vice*)
**DEVLIN LAW FIRM LLC**
1526 Gilpin Ave.,
Wilmington, DE 19806
Telephone: (302) 449-9010

*ATTORNEYS FOR* MOTION OFFENSE, LLC

Pursuant to Fed. R. Civ. P. 51(a)(1), Motion Offense files this request for an additional jury instruction based on the evidence Dropbox has introduced at trial.

During this course of this trial, Dropbox has introduced evidence suggesting or implying that Motion Offense's patent is either invalid or worthless because the original priority applications leading to the patents in suit was "abandoned" under the procedural rules of the United States Patent and Trademark Office in the patent office. Dropbox's presentation of the evidence runs a substantial risk of confusing the jury about the implication of a patent application being allowed to go "abandoned" when there is a co-pending continuation or continuation-in-part application under the procedural rules of the USPTO. *See See Racing Optics, Inc. v. Aevoe Corp.*, 195 F.Supp.3d 1140, 1144 (D. Nev. 2016) ("It is important to distinguish between abandonment under pre-AIA §102(c) or other statutes and abandonment of an application under the Patent Office's internal rules of practice") (citing 2 Donald S. Chisum, Chisum on Patents §6.03[2] at 6-315 to 6-316 (2015); *Marvin Glass & Assocs. v. Sears & Roebuck & Co.*, 318 F.Supp. 1089, 1101 (5th Cir. 1970) ("The abandonment of a patent application is not synonymous with the abandonment of the invention").

Given Dropbox's presentation of the evidence at trial, it is important for the jury to be properly instructed on the legal standards applicable to "abandonment" of a patent application. The jury should further be instructed that Dropbox's "abandonment" of the September 2012 patent applications at issue in this case bears no relevance to the issue of validity or damages in this trial.

Motion Offense's proposed jury instruction on abandonment is attached as Exhibit A, with additional case authority citations supporting various aspects of the proposed instruction provided within footnotes.

Dated: May 17, 2023

    */s/ Donald Puckett*
Timothy Devlin (DE Bar No. 4241)
Derek Dahlgren (*pro hac vice*)
Alex Chan (Texas Bar No. 24108051)
Donald Puckett (Texas Bar No. 24013358)
Srikant Cheruvu (*pro hac vice*)
Andrew Sherman (*pro hac vice*)
Jedidiah Phillips (*pro hac vice*)
**DEVLIN LAW FIRM LLC**
1526 Gilpin Ave.,
Wilmington, DE 19806
Telephone: (302) 449-9010
tdevlin@devlinlawfirm.com
ddahlgren@devlinlawfirm.com
achan@devlinlawfirm.com
dpuckett@devlinlawfirm.com
scheruvu@devlinlawfirm.com
asherman@devlinlawfirm.com
jphillips@devlinlawfirm.com

*ATTORNEYS FOR MOTION OFFENSE, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on May 17, 2023.

*/s/ Donald Puckett*
Donald Puckett