# EXHIBIT A

**[Motion Offense Proposed Instruction]**

<u>**Abandonment of Patent Application**</u>

You have heard evidence in this case that each of the patents at issue in this case originate from a September 22, 2012 patent application and a September 25, 2012 patent application. You have heard evidence that each of these September 2012 patent applications was "abandoned" during the process of patent prosecution.

Please keep in mind that "abandonment" of these two patent applications in the USPTO has no relevance to the issues of invalidity of the patents at issue.[1] Dropbox cannot meet its burden to prove invalidity in this case with evidence that the September 2012 patent applications were abandoned.

Abandonment of a patent application is determined by the patent prosecution rules and procedures of the USPTO. Under the patent prosecution rules, during patent prosecution a patent application has a right to file a continuation or continuation-in-part application that claims priority to the first application.[2] In these circumstances, if the first application is "abandoned" by the applicant, the applicant may nonetheless continue to claim priority to the abandoned application and seek patent claims supported by the disclosures of the abandoned application by prosecuting the continuing application.[3]

In other words, abandonment of a patent application is not the same as abandonment of an invention.[4]

---

[1] *See Racing Optics, Inc. v. Aevoe Corp.*, 195 F.Supp.3d 1140, 1144 (D. Nev. 2016) ("It is important to distinguish between abandonment under pre-AIA §102(c) or other statutes and abandonment of an application under the Patent Office's internal rules of practice") (citing 2 Donald S. Chisum, Chisum on Patents §6.03[2] at 6-315 to 6-316 (2015); *Marvin Glass & Assocs. v. Sears & Roebuck & Co.*, 318 F.Supp. 1089, 1101 (5th Cir. 1970) ("The abandonment of a patent application is not synonymous with the abandonment of the invention").
[2] *See* 35 U.S.C. §120.
[3] *See* 35 U.S.C. §120. *See also Immersion Corp. v. HTC Corp.,* 826 F.3d 1357, 1361 (Fed. Cir. 2016).
[4] *See Racing Optics*, 195 F.Supp.3d at 1144; *Marvin Glass*, 318 F.Supp. at 1101.