**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| MOTION OFFENSE, LLC,<br><br>   *Plaintiff*<br><br> v.<br><br>DROPBOX, INC,<br><br>   *Defendant* | Civil Action No.:  6:20-cv-00251-ADA |
| MOTION OFFENSE, LLC,<br><br>   *Plaintiff,*<br><br> v.<br><br>DROPBOX, INC.,<br><br>   *Defendant.* | Civil Action No.:  6:21-cv-758-ADA |

**DROPBOX, INC.'S RESPONSE TO MOTION OFFENSE, LLC'S
MOTION FOR JURY INSTRUCTION - ABANDONMENT**

i

Dropbox respectfully submits this response to Motion Offense's Motion for Jury Instruction on Abandonment (Dkt. 362).

Dropbox disagrees that any instruction on abandonment is warranted or necessary in this case. Motion Offense is seeking to claim the benefit of the filing date of two applications filed in 2012: U.S. Patent Application Nos. 13/626,635 (the "'635 application") and U13/624,906 (the "'906 application")—an issue on which Motion Offense bears the burden. There is no dispute that the asserted patents contain material not contained in the '635 and '906 applications, or that those applications are, in fact, *abandoned*—indeed, that fact is stated directly on the cover of the asserted patents:

| (12) **United States Patent** Morris | (10) Patent No.: **US 10,013,158 B1** |
|---|---|
| | (45) Date of Patent: Jul. 3, 2018 |

(54) METHODS, SYSTEMS, AND COMPUTER PROGRAM PRODUCTS FOR SHARING A DATA OBJECT IN A DATA STORE VIA A COMMUNICATION

(71) Applicant: **Sitting Man, LLC**, Raleigh, NC (US)

(72) Inventor: **Robert Paul Morris**, Raleigh, NC (US)

(73) Assignee: **Sitting Man, LLC**, Raleigh, NC (US)

( * ) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 0 days.

(21) Appl. No.: **15/724,235**

(22) Filed: **Oct. 3, 2017**

**Related U.S. Application Data**

(63) Continuation-in-part of application No. 14/274,623, filed on May 9, 2014, which is a continuation-in-part of application No. 13/626,635, filed on Sep. 25, 2012, now abandoned, and a continuation-in-part of application No. 13/624,906, filed on Sep. 22, 2012, now abandoned.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| 6,192,394 B1 | 2/2001 | Gutfreund et al. |
| 6,502,236 B1 | 12/2002 | Allen et al. |
| 6,996,599 B1 | 2/2006 | Anders et al. |
| 7,051,119 B2 | 5/2006 | Shafron et al. |
| 7,080,120 B2 | 7/2006 | Betros et al. |
| 7,130,883 B2 | 10/2006 | Zhu et al. |
| 7,133,897 B1 | 11/2006 | Tran |
| 7,209,953 B2 | 4/2007 | Brooks |
| 7,328,239 B1 | 2/2008 | Berberian et al. |
| 7,421,069 B2 | 9/2008 | Vernon et al. |
| 7,426,578 B2 | 9/2008 | Jones et al. |
| 7,529,798 B2 | 5/2009 | Rust |
| 7,533,146 B1 | 5/2009 | Kumar |
| 7,567,553 B2 | 7/2009 | Morris |

(Continued)

FOREIGN PATENT DOCUMENTS

WO    2002077773 A3    6/2009

OTHER PUBLICATIONS

Berners-Lee, T, et al, "Uniform Resource Identifier (URI): Generic Syntax", RFC 3986, pp. 1-61, Jan. 2005, Internet Engineering Task Force (IEFT), http://www.ietf.org/rfc/rfc3986.txt.

(Continued)

*Primary Examiner* — El Hadji Sall

Contrary to Motion Offense's assertion, the fact that the applicant filed patent applications that fail to include a description that would support the asserted claims, abandoned those applications, and then later filed *new* patent applications containing additional subject matter is very much relevant to invalidity in this case, including whether the asserted patents are entitled to the priority benefit of the 2012 applications.  It is thus misleading and prejudicial to instruct the jury—as Motion Offense proposes—that "'abandonment' of these two patent applications in the USPTO has no relevance to the issues of invalidity of the patents at issue" or that "abandonment of a patent application is not the same as abandonment of an invention." *See* Dkt. 362, Ex. A.

Nor is there any reason for the Court to comment on the significance of the evidence as Motion Offense proposes.  As the evidence has shown, Dropbox contests whether the asserted patents "originate from" the 2012 patent applications—indeed, Dropbox contends that those applications do not provide support for the claims asserted in this case.  Nor is there a basis for commenting on how Dropbox can (or cannot) meet is burden to prove invalidity, which is addressed elsewhere in the jury instructions.

To the extent that any instruction on abandonment is warranted at all, the Court should instruct the jury on what constitutes abandonment as expressly set forth in the U.S. Patent Office's Manual of Patent Examining Procedure ("MPEP"):

> You have heard evidence that U.S. Patent Application Nos. 13/626,635 and U13/624,906 were abandoned.  Abandonment of a patent application is determined by the rules of the U.S. Patent Office.  Under those rules, if an applicant of a patent application fails to reply to the Patent Office within the time period provided by law, the application will become abandoned.

*See* MPEP § 711 ("If an applicant of a patent application fails to reply within the time period provided under § 1.134 and § 1.136, the application will become abandoned unless an Office action indicates otherwise."); *see also* 35 U.S.C. § 133 ("Upon failure of the applicant to

2

prosecute the application within six months after any action therein, of which notice has been given or mailed to the applicant, or within such shorter time, not less than thirty days, as fixed by the Director in such action, the application shall be regarded as abandoned by the parties thereto.").

Accordingly, Dropbox respectfully requests that Motion Offense's Motion for Jury Instruction on Abandonment (Dkt. 362) be denied, or alternatively, that the above-proposed instruction be given in lieu of the instruction proposed by Motion Offense.

May 18, 2023                               Respectfully submitted,

                                        */s/ Gregory H. Lantier*
                                        Kelly Ransom
Texas State Bar No. 24109427
**KELLY HART & HALLMAN LLP**
303 Colorado, Suite 2000
Austin, Texas 78701
Tel: (512) 495-6464
Kelly.ransom@kellyhart.com

Gregory H. Lantier
Amanda L. Major (*pro hac vice*)
**WILMER CUTLER PICKERING HALE & DORR LLP**
2100 Pennsylvania Avenue
Washington DC 20037
Tel: (202) 663-6327
Tel: (202) 663-6304
gregory.lantier@wilmerhale.com
amanda.major@wilmerhale.com

Liv Herriot
**WILMER CUTLER PICKERING HALE & DORR LLP**
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Tel: (650) 858-6138
liv.herriot@wilmerhale.com

Makenzi G. Herbst (*pro hac vice*)
Rauvin A. Johl (*pro hac vice*)
Jeannette Leopold (*pro hac vice*)
**WILMER CUTLER PICKERING HALE & DORR LLP**
60 State Street
Boston, MA 02109
Tel: (617) 526-6171
Tel: (617) 526-6104
Tel: (617) 526-6109
makenzi.herbst@wilmerhale.com
rauvin.johl@wilmerhale.com
jeannette.leopold@wilmerhale.com

***Attorneys for Dropbox, Inc.***

4

**CERTIFICATE OF SERVICE**

    I hereby certify that all counsel of record are being served with a copy of the foregoing document via electronic mail on May 18, 2023.

                                            */s/ Kelly Ransom*
                                            Kelly Ransom