## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| MOTION OFFENSE, LLC,<br><br>　　　　　*Plaintiff*<br><br>　v.<br><br>DROPBOX, INC,<br><br>　　　　　*Defendant* | Civil Action No.: 6:20-cv-00251-ADA |
| MOTION OFFENSE, LLC,<br><br>　　　　　*Plaintiff,*<br><br>　v.<br><br>DROPBOX, INC.,<br><br>　　　　　*Defendant.* | Civil Action No.: 6:21-cv-758-ADA |

## DROPBOX INC.'S OBJECTIONS TO FINAL JURY INSTRUCTIONS

| Instruction | Dropbox Objection[1] |
|---|---|
| 7.6 Burdens of Proof and Standards of Proof | Dropbox objects to this instruction on the basis that the statement that "[c]lear and convincing evidence is evidence that produces in your mind a firm belief or conviction as to the truth of the matter sought to be established" is not an accurate statement of Federal Circuit law. *See* 35 U.S.C. § 282; *Microsoft Corp. v. i4i Limited Partnership*, 564 U.S. 91 (2011); *Schumer v. Lab. Computer Sys., Inc.*, 308 F.3d 1304, 1315 (Fed. Cir. 2002). |
| 10.1 Direct Infringement - Generally | Dropbox objects to this instruction on the basis that the statement "Direct patent infringement does not require proof that the infringing party intended to infringe the patent. A party such as Dropbox can directly infringe a patent without knowing of the patent at all, or without knowing that what the party was doing or selling infringed the patent" is prejudicial and confusing to the extent it imposes a negative requirement of what is not required to prove infringement. |
| 11.1 Presumption of Validity | Dropbox objects to this proposed instruction regarding the "presumption of validity" as prejudicial and unnecessary in view of the Court's instruction regarding the clear-and-convincing-standard for invalidity. *Chiron Corp. v. Genentech, Inc.*, 363 F.3d 1247, 1258 (Fed. Cir. 2004) ("[T]he presumption of validity and heightened burden of proving invalidity are static and in reality different expressions of the same thing—a single hurdle to be cleared." (citation and punctuation omitted)). |
| 11.2.3 Prior Art – Corroboration of Oral Testimony | Dropbox objects to the inclusion of an instruction on corroboration. Dropbox has offered documentary and physical evidence in support of the prior art on which it relies. Accordingly, this instruction is unnecessary and likely to confuse the jury. Dropbox further objects to the extent this instruction fails to reference the rule of reason and includes incorrect propositions of law. *See, e.g.*, *Adenta GmbH v. OrthoArm, Inc.*, 501 F.3d 1364, 1372 (Fed. Cir. 2007) ("Assessing the sufficiency of evidence which corroborates a witness's testimony concerning invalidating activities has been analyzed under the 'rule of reason' test"). Dropbox also specifically objects to the inclusion of "If you find that Dropbox has not corroborated oral testimony regarding prior art with other evidence, you are not permitted to find that the uncorroborated oral testimony alone establishes that a reference qualifies as prior art," on the basis that it is an issue of law rather than a question for the jury and because Dropbox has submitted ample corroborating evidence. |

---

[1] Dropbox also reserves the right to orally object to the Court's instructions before the jury charge.

| Instruction | Dropbox Objection[1] |
|---|---|
| 11.4 Obviousness | Dropbox objects to the exclusion of the nexus requirement for secondary considerations. *See, e.g.*, *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 839 F.3d 1034, 1048, 1052–53 (Fed. Cir. 2016); *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1329–37 (Fed. Cir. 2016). |

May 18, 2023                              Respectfully submitted,

                                          */s/ Gregory H. Lantier*
                                          Kelly Ransom
                                          Texas State Bar No. 24109427
                                          **KELLY HART & HALLMAN LLP**
                                          303 Colorado, Suite 2000
                                          Austin, Texas 78701
                                          Tel: (512) 495-6400
                                          Kelly.ransom@kellyhart.com

                                          Gregory H. Lantier
                                          Amanda L. Major (*pro hac vice*)
                                          **WILMER CUTLER PICKERING HALE & DORR LLP**
                                          2100 Pennsylvania Avenue
                                          Washington DC 20037
                                          Tel: (202) 663-6327
                                          Tel: (202) 663-6304
                                          gregory.lantier@wilmerhale.com
                                          amanda.major@wilmerhale.com

                                          Liv Herriot
                                          **WILMER CUTLER PICKERING HALE & DORR LLP**
                                          2600 El Camino Real, Suite 400
                                          Palo Alto, California 94306
                                          Tel: (650) 858-6138
                                          liv.herriot@wilmerhale.com

                                          Makenzi G. Herbst (*pro hac vice*)
                                          Rauvin A. Johl (*pro hac vice*)
                                          Jeannette Leopold (*pro hac vice*)
                                          **WILMER CUTLER PICKERING HALE & DORR LLP**
                                          60 State Street
                                          Boston, MA 02109
                                          Tel: (617) 526-6171
                                          Tel: (617) 526-6104
                                          Tel: (617) 526-6109
                                          makenzi.herbst@wilmerhale.com
                                          rauvin.johl@wilmerhale.com
                                          jeannette.leopold@wilmerhale.com

                                          ***Attorneys for Dropbox, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record are being served with a copy of the foregoing document via the Court's CM/ECF system on May 18, 2023.

*/s/ Kelly Ransom*
