# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| MOTION OFFENSE, LLC,<br><br>   *Plaintiff*<br><br> v.<br><br>DROPBOX, INC,<br><br>   *Defendant* | Civil Action No.:  6:20-cv-00251-ADA |
| MOTION OFFENSE, LLC,<br><br>   *Plaintiff,*<br><br> v.<br><br>DROPBOX, INC.,<br><br>   *Defendant.* | Civil Action No.:  6:21-cv-758-ADA |

**DROPBOX INC.'S OBJECTION TO FINAL VERDICT FORM**

Dropbox respectfully objects to the jury verdict form to the extent it only submits the question of invalidity to the jury for the '052 and '158 patents, and not all four asserted patents. It is Dropbox's position that the question of invalidity should go to the jury for all four asserted patents even if the jury finds non-infringement of the asserted claims of the '548 and/or the '215 patents.

This case only involves allegations of direct infringement against Dropbox. *See* Dkt. 247 at 1 n.1 ("Motion Offense, through claim narrowing, is ***not asserting indirect infringement***."); 4/25/23 Hr'g Tr. at 99:10-17 (MO arguing that Dropbox "ha[s] filed a motion to exclude testimony based on indirect infringement, doctrine of equivalents and joint infringement, and [Motion Offense is] not pursuing any of those. . . . ***we are not actually pursuing joint infringement***."). Given that Motion Offense is proceeding on only a direct infringement theory, Dropbox seeks a judgment of invalidity to preclude Motion Offense from later asserting the asserted patents against Dropbox customers. *See, e.g., Motion Offense, LLC v. Sprouts Farmers Market, Inc.*, 6:19-cv-00417 at Dkt. 1 (July 12, 2019 W.D. Tex.). A decision on invalidity for all the asserted patents in this case would avoid unnecessary, duplicative litigation against Dropbox's customers. *See* Dkt. 10 ¶ 19 (noting that Dropbox indemnifies Sprouts in this action). Additionally, instructing the jury that if they find non-infringement, they should assess invalidity for only two of the four asserted patents is likely to confuse the jury and could be prejudicial to Dropbox.

May 19, 2023								Respectfully submitted,

							 */s/ Gregory H. Lantier*
							Kelly Ransom
							Texas State Bar No. 24109427
							**KELLY HART & HALLMAN LLP**
							303 Colorado, Suite 2000
							Austin, Texas 78701
							Tel: (512) 495-6400
							Kelly.ransom@kellyhart.com

							Gregory H. Lantier
							Amanda L. Major (*pro hac vice*)
							**WILMER CUTLER PICKERING HALE & DORR LLP**
							2100 Pennsylvania Avenue
							Washington DC 20037
							Tel: (202) 663-6327
							Tel: (202) 663-6304
							gregory.lantier@wilmerhale.com
							amanda.major@wilmerhale.com

							Liv Herriot
							**WILMER CUTLER PICKERING HALE & DORR LLP**
							2600 El Camino Real, Suite 400
							Palo Alto, California 94306
							Tel: (650) 858-6138
							liv.herriot@wilmerhale.com

							Makenzi G. Herbst (*pro hac vice*)
							Rauvin A. Johl (*pro hac vice*)
							Jeannette Leopold (*pro hac vice*)
							**WILMER CUTLER PICKERING HALE & DORR LLP**
							60 State Street
							Boston, MA 02109
							Tel: (617) 526-6171
							Tel: (617) 526-6104
							Tel: (617) 526-6109
							makenzi.herbst@wilmerhale.com
							rauvin.johl@wilmerhale.com
							jeannette.leopold@wilmerhale.com

							***Attorneys for Dropbox, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record are being served with a copy of the foregoing document via electronic mail on May 19, 2023.

*/s/ Kelly Ransom*
