IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| MOTION OFFENSE, LLC, <br><br> *Plaintiff,* <br><br> v. <br><br> DROPBOX, INC., <br><br> *Defendant.* | **Civil Action No. 6:20-cv-00251-ADA** <br><br> **JURY TRIAL DEMANDED** |
| MOTION OFFENSE, LLC, <br><br> *Plaintiff,* <br><br> v. <br><br> DROPBOX, INC., <br><br> *Defendant.* | **Civil Action No. 6:21-cv-00758-ADA** <br><br> **JURY TRIAL DEMANDED** |

**MOTION OFFENSE, LLC'S OPPOSITION TO DROPBOX, INC.'S OPPOSED
MOTION FOR ENTRY OF JUDGMENT**

1

Dated: September 12, 2023

Timothy Devlin (DE Bar No. 4241)
Derek Dahlgren (*pro hac vice*)
Alex Chan (Texas Bar No. 24108051)
Donald Puckett (Texas Bar No. 24013358)
Srikant Cheruvu (*pro hac vice*)
Andrew Sherman (*pro hac vice*)
Jedidiah Phillips (*pro hac vice*)
**DEVLIN LAW FIRM LLC**
1526 Gilpin Ave.,
Wilmington, DE 19806
Telephone: (302) 449-9010
tdevlin@devlinlawfirm.com
ddahlgren@devlinlawfirm.com
achan@devlinlawfirm.com
dpuckett@devlinlawfirm.com
scheruvu@devlinlawfirm.com
asherman@devlinlawfirm.com
jphillips@devlinlawfirm.com

*ATTORNEYS FOR MOTION OFFENSE, LLC*

**TABLE OF CONTENTS**

I.   Introduction and Factual Background ................................................................................. 1

II.  Legal Standards and Argument ........................................................................................... 2

    A.   Entry Of Judgment On Priority And Invalidity For The Two Patents Is Improper Because Of The Inconsistency Based On The Stop Instruction ..................................... 2

    B.   Waiver Is Inapplicable .................................................................................................. 5

    C.   The Judgment Should Not Include Priority .................................................................. 7

III. Conclusion ........................................................................................................................... 8

# TABLE OF AUTHORITIES

**Cases**

*Carr v. Wal-Mart Stores, Inc.*,
  312 F.3d 667 (5th Cir. 2002) ............................................................................................ 3

*Employers Casualty Co. v. Dupaquier*,
  338 F.2d 336 (5th Cir. 1964) ............................................................................................ 7

*Floyd v. Laws*,
  929 F.2d 1390 (9th Cir. 1991) .......................................................................................... 3

*In re Cendant Corp. Secs. Litig.*,
  454 F.3d 235 (3rd Cir. 2006) ............................................................................................ 8

*Kinetic Concepts, Inc. v. Smith & Nephew, Inc.*,
  688 F.3d 1342 (Fed. Cir. 2012) ........................................................................................ 6

*Mercer v. Long Mfg. N. C., Inc.*,
  665 F.2d 61 (5th Cir. 1982) .............................................................................................. 6

*Minshall v. Hartman Equine Reprod. Ctr., PA*.,
  2017 U.S. Dist. LEXIS 63151 (EDTX Apr. 26, 2017) ................................................. 2, 5

*Nat'l Hispanic Circus, Inc. v. Rex Trucking, Inc.*,
  414 F.3d 546 (5th Cir. 2005) ............................................................................................ 3

*Otis v. City of Chi.*,
  29 F.3d 1159 (7th Cir. 1994) ............................................................................................ 8

*Oyefodun v. City of New Orleans*,
  No. CIV.A. 98-3283,
  2001 WL 775574 (E.D. La. July 9, 2001) ........................................................................ 2

*Richard v. Firestone Tire & Rubber Co.*,
  853 F.2d 1258 (5th Cir. 1988) .......................................................................................... 4

*Robroy Indus. Inc. v. Schwalbach*,
  481 F. App'x 133 (5th Cir. 2012) ..................................................................................... 3

*Smith v. Tidewater Marine Towing, Inc.*,
  927 F.2d 838 (5th Cir. 1991) ............................................................................................ 3

*Team Contractors, L.L.C. v. Waypoint NOLA, L.L.C.*,
  976 F.3d 509 (5th Cir. 2020) ............................................................................................ 6

*White v. Grinfas*,
  809 F.2d 1157 (5th Cir. 1987) .......................................................................................... 3

**Statutes**

Fed. R. Civ. P. 49(b) ................................................................................................................. 6

Fed. R. Civ. P. 52(a) ................................................................................................................. 8

I.      **INTRODUCTION AND FACTUAL BACKGROUND**[1]

On May 19, 2023, after a technologically-dense week-long jury trial, the jury in this case returned its verdict. Prior to the jury retiring, the Court expressly ruled that subparts of two questions on priority and validity for the '548 and '215 patents, which were not included in Dropbox's declaratory judgment claims of invalidity (the "Two Patents") would ***not*** be submitted to jury if the jury found the relevant claims of those patent not infringed. *See, e.g.*, Trial Trans. at 1234:1-4 ("We would ask that Your Honor submit the issue of invalidity on all four asserted patents to the jury -- THE COURT: I'm not going to do that."); D.I. 382 at 3-4 (Question 2 on priority date; Question three on invalidity). Consistent with that ruling, the verdict form included specific instructions to the jury that it was not to answer the subparts of Question 2 & 3 concerning priority and validity for those two patents if the relevant claims of those patents were not found to be infringed. Namely, the second part of Question 2 of the verdict form (on priority) stated, in bolded capital letters:

> **ANSWER QUESTION 2 FOR CLAIM 46 OF THE '548 PATENT AND/OR CLAIM 18 OF THE '215 PATENT *ONLY IF YOU ANSWERED "YES" FOR THAT CLAIM IN QUESTION 1*.**

(Dkt. 382 at 3 (underlining and italicization added.) Similarly, the second part of Question 3 of the verdict form (on invalidity) stated in bolded capital letters:

> **ANSWER QUESTION 3 FOR CLAIM 46 OF THE '548 PATENT AND/OR CLAIM 18 OF THE '215 PATENT *ONLY IF YOU ANSWERED 'YES' FOR THAT CLAIM IN QUESTION 1*.**

(Dkt. 382 at 4. (same emphasis added).) Both "stop instructions" were unequivocal—the associated subpart for the Two Patents should be answered by the jury "***only if*** you answered 'yes'" regarding infringement of the associated claims in those patents in Question 1. (emphasis added).

---

[1] Motion Offense is submitting a motion under Fed. R. Civ. P. 49 requesting a new trial based on irreconcilable inconsistencies in the jury's answers to the questions concerning infringement and questions concerning invalidity that preclude entry of judgment.

In their verdict, the jury did ***not*** answer "yes" regarding infringement of the associated claims for the Two Patents in Question 1 (they answered "no"). Despite that, and despite the unequivocal "stop instruction," the jury answered both subparts of Question 2 and Question 3 for the Two Patents.

Dropbox has requested entry of judgment on those subparts that the jury improperly answered. (Dkt. 398.) That is contrary to law and this Court's previous ruling on the issue. A new trial should be granted for the reasons that will be presented in Motion Offense's forthcoming Rule 49 Motion, but, at minimum, if such relief is not granted, Motion Offense's proposed form of judgment attached hereto should be entered rather than the one advanced by Dropbox.

## II.    LEGAL STANDARDS AND ARGUMENT

### A.    Entry Of Judgment On Priority And Invalidity For The Two Patents Is Improper Because Of The Inconsistency Based On The Stop Instruction[2]

Entry of judgment on the jury's answers disobeying the Court's stop instructions in the verdict form with respect to priority and invalidity for claim 46 of the '548 patent and claim 18 of the '215 patent should not be entered as a matter of law and this Court's discretion.

First, the Court can—and should—correct the inconsistency based on the stop instruction by disregarding the superfluous answers to the subparts of Questions 2 and 3 regarding the Two Patents. "'[T]he Fifth Circuit has repeatedly held that a jury's answers are not irreconcilably inconsistent when potentially inconsistent answers were in response to questions that the jury should not have answered.'" *Minshall v. Hartman Equine Reprod. Ctr., PA.*, 2017 U.S. Dist. LEXIS 63151, *5-6 (EDTX Apr. 26, 2017) (quoting *Oyefodun v. City of New Orleans*, No. CIV.A. 98-3283, 2001 U.S. Dist. LEXIS 10008, 2001 WL 775574, at *3 (E.D. La. July 9, 2001), *aff'd*, 54 F. App'x 793 (5th Cir. 2002) (citing *Smith v. Tidewater Marine Towing, Inc.*, 927 F.2d 838, 840

---

[2] Motion Offense does not concede that the jury responses are not otherwise irreconcilable, as set forth in its forthcoming Rule 49 Motion.

(5th Cir. 1991) (when jury found no negligence and no unseaworthiness, answers to damage interrogatories were unnecessary)). Proper course is to simply not enter judgment on the questions the jury was not supposed to answer. Indeed, the Fifth Circuit has condoned "reconciling verdicts containing answers to interrogatories that the jury was instructed not to answer" by simply "disregard[ing] the superfluous answers in their entirety." *Carr v. Wal-Mart Stores, Inc.*, 312 F.3d 667, 674 (5th Cir. 2002); *see also Floyd v. Laws*, 929 F.2d 1390, 1397 (9th Cir. 1991) (holding that "special findings issued in violation of the trial court's expressed instructions do not constitute legitimate or viable findings of fact. The trial court must therefore dismiss them as surplusage, **_as a matter of law_**." (emphasis added)) (quoted with approval in *Carr*); *Robroy Indus. Inc. v. Schwalbach*, 481 F. App'x 133, 137 (5th Cir. 2012) ("Where the jury has already answered a dispositive interrogatory, superfluous answers may be disregarded").

The Fifth Circuit even confirmed in *White v. Grinfas* that, when reviewing such action by a district court disregarding the improperly answered questions, "[i]f the district court has correctly found that the jury's answer to a question was supposed to terminate further inquiry is clear and disposed of the legal issues," (as is clearly the case here), "on review we **_must_** ignore the jury's necessarily conflicting answers to any other questions." 809 F.2d 1157, 1161 (5th Cir. 1987) (emphasis added))). The Fifth Circuit also advanced similar reasoning in *Nat'l Hispanic Circus, Inc. v. Rex Trucking, Inc.*, 414 F.3d 546 (5th Cir. 2005): "If the jury's answer to a question that was supposed to pretermit further inquiry is clear and disposes of the legal issues, we must ignore the jury's conflicting answers to any other questions, as they are irrelevant." *Nat'l Hispanic Circus, Inc.*, 414 F.3d at 551 (citing *White v. Grinfas*, 809 F.2d 1157, 1161 (5th Cir. 1987) and *Carr v. Wal-Mart Stores, Inc.*, 312 F.3d 667, 674 (5th Cir. 2002)).

The Federal Circuit too has cited the Fifth Circuit's relevant case law approvingly. For example, in *Flexuspine, Inc. v. Globus Med., Inc.*, the jury overlooked stop instructions in the

verdict form with respect to invalidity that mirror those at issue here: "ANSWER THIS NEXT QUESTION ONLY AS TO THOSE CLAIMS YOU ANSWERED 'YES' TO IN QUESTION 1 [the infringement question] ABOVE—OTHERWISE DO NOT ANSWER THIS QUESTION." 879 F.3d 1369, 1371 (Fed. Cir. 2018). The Federal Circuit held that, "[u]nder Fifth Circuit law, a jury answering questions in violation of a stop instruction is sufficient to render the verdict internally inconsistent" and that the district court rightly was "entitled to decline to enter judgment on invalidity" (that is, not enter judgment on the question that the jury improperly answered). *Id.* at 1373-74 (citing *Richard v. Firestone Tire & Rubber Co.*, 853 F.2d 1258, 1260 (5th Cir. 1988)).

This Court therefore has broad discretion to ignore, and should ignore as a matter of law, the jury's conflicting answers that were given to the claims following the stop instructions of Questions 2 and 3. Here, the jury's answer of "NO" to Question 1 with respect to claim 46 of the '548 patent and claim 18 of the '215 patent disposed of the legal issues associated with those claims. So, as in the cited caselaw, at a minimum, the conflicting answers given after the stop instructions in Questions 2 and 3 should be ignored as irrelevant.

In *Minshall v. Hartman Equine Reprod. Ctr., PA,* the district court considered the issue of waiver as it relates to incorrectly answered jury questions and, collecting Fifth Circuit cases, came to the same conclusion–those answers should be disregarded for purposes of reconciling a verdict for entry of judgment:

> Plaintiffs further argue that Defendant waived its right to object to any inconsistency in the jury instructions . . . . However, "the Fifth Circuit has repeatedly held that a jury's answers are not irreconcilably inconsistent when potentially inconsistent answers were in response to questions that the jury should not have answered." *Oyefodun v. City of New Orleans*, No. CIV.A. 98-3283, 2001 U.S. Dist. LEXIS 10008, 2001 WL 775574, at *3 (E.D. La. July 9, 2001), *aff'd*, 54 F. App'x 793 (5th Cir. 2002) (citing *Smith v. Tidewater Marine Towing, Inc.*, 927 F.2d 838, 840 (5th Cir. 1991) (when jury found no negligence and no unseaworthiness, answers to damage interrogatories were unnecessary); *White v. Grinfas*, 809 F.2d 1157, 1161 (5th Cir. 1987) ("If the district court has correctly

4

>
> found that the jury's answer to a question was supposed to terminate further inquiry is clear and disposed of the legal issues, on review we must ignore the jury's necessarily conflicting answers to any other questions")); *see also Robroy Indus. Inc. v. Schwalbach*, 481 F. App'x 133, 137 (5th Cir. 2012) ("Where the jury has already answered a dispositive interrogatory, superfluous answers may be disregarded"); *Carr v. Wal-Mart Stores, Inc*., 312 F.3d 667, 674 (5th Cir. 2002) (holding that a "district court does not abuse its discretion in reconciling verdicts containing answers to interrogatories that the jury was instructed not to answer, when it . . . disregards the superfluous answers in their entirety"). . . . [T]he Court will disregard the superfluous answers.

*Minshall v. Hartman Equine Reprod. Ctr., PA*., 2017 U.S. Dist. LEXIS 63151, *5-6 (EDTX Apr. 26, 2017).  Therefore, any potential alleged waiver by Motion Offense is irrelevant for this reason.

### B. Waiver Is Inapplicable

Dropbox asserts that Motion Offense waived any objection to the jury's inconsistent answers based on its violation of the "stop instructions" here.  Not so.

First, any potential waiver is irrelevant to the Court's discretion under the case law noted above.  *See Minshall v. Hartman Equine Reprod. Ctr., PA*., 2017 U.S. Dist. LEXIS 63151, *5-6 (EDTX Apr. 26, 2017) (rejecting same argument of waiver because inconsistency from questions that should not have been answered is not irreconcilable because those answers should be ignored for judgment purposes).  In other words, there was nothing to waive because the law teaches that the inconsistency from a jury answering questions that it should not have under the jury's instructions is resolved simply by disregarding those answers.  *See id.* (collecting cases).

Second, waiver is also inapplicable under controlling Fifth Circuit precedent even if the Court were not to find the inconsistency so easily reconciled.  The jury's verdict here was either: (a) a special verdict governed by Rule 49(a); or (b) multiple general verdicts on the same form with written questions on one more questions of fact.  The former (option (a)) is correct—infringement is a question of fact, as are priority date and anticipation questions, and the requests for jury opinions on legal questions like invalidity based on obviousness are best read as special interrogatories too regarding the underlying facts.  *See, e.g.*, *Kinetic Concepts, Inc. v. Smith &*

*Nephew, Inc.*, 688 F.3d 1342, 1360 (Fed. Cir. 2012) (reasoning that, when a "court include[s] the ultimate question of obviousness on the special verdict form," that means the "factual determinations underlying the ultimate question were implicitly put to the jury for resolution"). Indeed, the jury here never decided the classic general verdict question of who won and who lost. See Fed. R. Civ. P. 49(b). Under Fifth Circuit law, there is no waiver of inconsistency when a special verdict is rendered under Fed. R. Civ. P. 49(a) (even under Dropbox's *Stancil* line of cases).[3] *See Mercer v. Long Mfg. N.C., Inc.,* 671 F.2d 946, 947-48 (5th Cir. 1982) ("*Mercer II*").

Nor, however, is there waiver under option (b). If not a special verdict, the jury verdict here is at most multiple general verdicts on the same form with written certain questions explaining those verdicts under Rule 49(b)(1) (e.g., priority date questions underlying the generalized verdicts on anticipation or obviousness). Indeed, in this specific context of Rule 49, Dropbox's declaratory judgment claims arguably stand alone as counterclaims that require a general disposition by themselves under Rule 49(b), in addition to Motion Offense's infringement claims. The verdict form also presented the claims for infringement of each patent as multiple general verdicts themselves. Under any of these scenarios, the verdict would present inconsistent general verdict<u>s</u>, which is not a waivable inconsistency under Fifth Circuit precedent and treated like Rule 49(a) verdicts for that purpose. *See Mercer v. Long Mfg. N. C., Inc.*, 665 F.2d 61, 64-65 (5th Cir. 1982) ("*Mercer I*"); *see also Team Contractors, L.L.C. v. Waypoint NOLA, L.L.C.*, 976 F.3d 509, 518 (5th Cir. 2020) (holding multiple general verdicts for separate claims against single party is governed by Rule 49(a) under *Mercer I* and *II*).

In addition, *Mercer II* also indicated waiver may be inapplicable for Rule 49(b), noting *Stancil* involved a failure to object where the district court "'not only asked for objections before the jury,' but 'called the attorneys to confer at the bench concerning possible objections.'" 671

---

[3] *Stancill v. McKenzie Tank Lines, Inc.*, 497 F.2d 529 (5th Cir. 1974).

F.2d at 947-48, 948 n.1. *Mercer II* noted the Fifth Circuit had not sanctioned waiver in *Employers Casualty Co. v. Dupaquier*, 338 F.2d 336 (5th Cir. 1964), which was a submission under Rule 49(b). *Id.* [4] In either event, Dropbox's assertion of waiver is incorrect for at least this additional reason.

### C. The Judgment Should Not Include Priority

Regardless of the inconsistency issues here, judgment should not be entered on the jury's written question response to priority for any of the asserted patents. Motion Offense continues to object to the presence of any priority question on the verdict form. (*See, e.g.*, Dkt. 321-14 at 11, Dkt. 368 at 1 (preserving objections).) Dropbox's amended complaint included only four Counts: (1) Declaratory Judgment of Noninfringement of the '158 Patent; (2) Declaratory Judgment of Invalidity of the '158 Patent; (3) Declaratory Judgment of Noninfringement of the '052 Patent; and (4) Declaratory Judgment of Invalidity of the '052 Patent. (*See* Dkt. 10.) The verdict form includes questions of infringement for each asserted claim, Question 1, and questions of invalidity for the '158 and '052 patent and any claims of the '548 and '215 patents found infringed, Question 3. (*See* Dkt. 382.) These questions cover ***all*** of Dropbox's Counts and affirmative defense of invalidity. There was therefore no need to have a separate question as to priority on the verdict form.

In addition, a jury's answers to ancillary factual questions under either Rule 49(a) or Rule 49(b) should not be entered as part and parcel with a final judgment. Judgments are just that— judgments adjudicating the counts/claims in a complaint (or counter-complaint) in favor of one

---

[4] For appellate preservation purposes (since this Court is bound by Fifth Circuit precedent on the issue at this stage), Motion Offense respectfully submits that the Fifth Circuit precedent (and other Circuit's similar precedent) holding that waiver may apply to inconsistencies in a Rule 49(b) verdict (e.g., that is not multiple general verdicts on one form under *Mercer I*) not objected to contemporaneously at trial while the jury is still empaneled is wrongly decided and is inconsistent with Rule 49, as several courts have indicated.

7

party other the other. Facts and law have no place in final judgments under Rule 58. *See, e.g.*, *In re Cendant Corp. Secs. Litig.*, 454 F.3d 235, 243 (3rd Cir. 2006) ("Facts—and conclusions of law—may be either stated orally at the close of evidence or written in an opinion or memorandum. Fed. R. Civ. P. 52(a). ***Neither are to appear in the Rule 58 judgment***." (emphasis added)); *see also Otis v. City of Chi.*, 29 F.3d 1159, 1163 (7th Cir. 1994) ("[Judgment] should be a self-contained document, saying who has won and what relief has been awarded, ***but omitting the reasons for this disposition***….") (emphasis added). In addition, as yet another reason to not address ancillary facts in a final judgment, Dropbox presented invalidity arguments that were independent of the challenge to the priority date of the Asserted Claims. As such, the jury's priority date determination might not even be part of any potential factual explanation here for judgment (which would be improper to include in any event in a Rule 58 judgment, as discussed). The jury's factual answers on priority date have no legally viable place in a final judgment here.

## III.   CONCLUSION

For at least the reasons discussed above, Dropbox's Motion for entry of judgment should be denied. A new trial should be granted for the reasons that will be presented in Motion Offense's forthcoming Rule 49 Motion, but, at minimum, if such relief is not granted, Motion Offense's proposed form of judgment[5] attached hereto should be entered rather than the one advanced by Dropbox and, as reflected in that document, should be as follows:

> Motion Offense did not prove by a preponderance of the evidence that Dropbox infringed any of the following claims:
>
> Claim 3, 6, or 14 of U.S. Patent No. 10,013,158;

---

[5] Motion Offense is submitting a motion under Fed. R. Civ. P. 49 requesting a new trial based on irreconcilable inconsistencies in the jury's answers to the questions concerning infringement and questions concerning invalidity that preclude entry of judgment. The proposed form of judgment is not an admission that such judgment is proper, or a waiver or forfeiture regarding any arguments against such judgment being entered. Motion Offense asserts that no judgment may be entered based on the jury's answers.

        Claim 12, 20, or 27 of U.S. Patent No. 10,021,052;

        Claim 46 of U.S. Patent No. 10,587,548; or

        Claim 18 of U.S. Patent No. 11,044,215.

Dropbox proved by clear and convincing evidence that the following claims are invalid as anticipated or obvious in light of the prior art:

        Claims 3, 6, and 14 of U.S. Patent No. 10,013,158; and

        Claims 12, 20, and 27 of U.S. Patent No. 10,021,052.

Dated: September 12, 2023                                     Respectfully submitted,

                                                        */s/ Derek Dahlgren*
                                                   Timothy Devlin (DE Bar No. 4241)
                                                   Derek Dahlgren (*pro hac vice*)
                                                   Alex Chan (Texas Bar No. 24108051)
                                                   Donald Puckett (Texas Bar No. 24013358)
                                                   Srikant Cheruvu (*pro hac vice*)
                                                   Andrew Sherman (*pro hac vice*)
                                                   Jedidiah Phillips (*pro hac vice*)
                                                   **DEVLIN LAW FIRM LLC**
                                                   1526 Gilpin Ave.,
                                                   Wilmington, DE 19806
                                                   Telephone: (302) 449-9010
                                                   tdevlin@devlinlawfirm.com
                                                   ddahlgren@devlinlawfirm.com
                                                   achan@devlinlawfirm.com
                                                   dpuckett@devlinlawfirm.com
                                                   scheruvu@devlinlawfirm.com
                                                   asherman@devlinlawfirm.com
                                                   jphillips@devlinlawfirm.com

                                                   *ATTORNEYS FOR MOTION OFFENSE, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served September 12, 2023, with a copy of this document via electronic mail.

/s/ Derek Dahlgren
Derek Dahlgren