**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| MOTION OFFENSE, LLC, | |
| *Plaintiff* | Civil Action No.:  6:20-cv-00251-ADA |
| v. | |
| DROPBOX, INC, | |
| *Defendant* | |

| | |
|---|---|
| MOTION OFFENSE, LLC, | |
| *Plaintiff,* | Civil Action No.:  6:21-cv-758-ADA |
| v. | |
| DROPBOX, INC., | |
| *Defendant.* | |

**DROPBOX, INC.'S REPLY BRIEF IN SUPPORT OF
OPPOSED MOTION FOR ENTRY OF JUDGMENT**

**TABLE OF CONTENTS**

Page

I.     MOTION OFFENSE WAIVED ANY OBJECTION TO THE JURY'S VERDICT ON INVALIDITY AND PRIORITY FOR THE '548 AND '215 PATENTS............................ 1

II.    THE COURT SHOULD ENTER JUDGMENT ON INVALIDITY AND PRIORITY FOR THE '548 AND '215 PATENTS. ...................................................................................... 3

III.   THE JUDGMENT SHOULD INCLUDE PRIORITY. ....................................................... 5

**TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Bankers Trust Co. v. Mullins*,
    435 U.S. 381 (1978)................................................................................................................5

*Carr v. Wal-Mart Stores, Inc.*,
    312 F.3d 667 (5th Cir. 2002) ...............................................................................................4

*Flexuspine, Inc. v. Globus Med., Inc.*,
    879 F.3d 1369 (Fed. Cir. 2018)............................................................................................4

*Floyd v. Laws*,
    929 F.2d 1390 (9th Cir. 1991) .............................................................................................4

*Function Media, L.L.C. v. Google, Inc.*,
    708 F.3d 1310 (Fed. Cir. 2013)....................................................................................2, 3, 5

*In re Cendant Corp. Sec. Litig.*,
    454 F.3d 235 (3d Cir. 2006), *as amended* (Aug. 30, 2006)................................................5

*Kinetic Concepts, Inc. v. Smith & Nephew, Inc.*,
    688 F.3d 1342 (Fed. Cir. 2012)............................................................................................2

*Luken v. Lynaugh*,
    98 F.3d 1339 (5th Cir. 1996) ............................................................................................4, 5

*Mercer I v. Long Mfg. N. C., Inc*,
    665 F.2d 61 (5th Cir. 1982) ..................................................................................................3

*Mercer v. Long Mfg. N.C., Inc.*,
    671 F.2d 946 (5th Cir. 1982) ...............................................................................................1

*Minshall v. Hartman Equine Reprod. Ctr., P.A.*,
    No. 4:15-CV-764, 2017 WL 1495077 (E.D. Tex. Apr. 26, 2017).......................................4

*Nat'l Hispanic Circus, Inc. v. Rex Trucking, Inc.*,
    414 F.3d 546 (5th Cir. 2005) ...............................................................................................4

*Oyefodun v. City of New Orleans*,
    No. CIV.A. 98-3283, 2001 WL 775574 (E.D. La. July 9, 2001) ........................................4

*Robroy Indus. Inc. v. Schwalbach*,
    481 F. App'x 133 (5th Cir. 2012) .......................................................................................4

*Stancill v. McKenzie Tank Lines, Inc.*,
    497 F.2d 529 (5th Cir. 1974) ...............................................................................................1

*Team Contractors, L.L.C. v. Waypoint Nola, L.L.C.*,
    976 F.3d 509 (5th Cir. 2020) ........................................................................................3, 4

*White v. Grinfas*,
    809 F.2d 1157 (5th Cir. 1987) ...........................................................................................4

On May 19, 2023, the jury returned its verdict, finding (1) no asserted claim infringed; (2) all asserted claims—including the '548 and '215 patent claims—invalid; (2) that no asserted claim is entitled to a September 2012 priority date. Dkt. 382. After this Court read the verdict and confirmed it was the verdict of each juror, Motion Offense lodged no objection; it instead sat mute. Dkt. 410 at 1399:1-1401:18. ***117 days passed***, yet Motion Offense took no action. Only after Dropbox filed its August 28, 2023 motion seeking entry of judgment on the jury's verdict did Motion Offense—***for the first time***—raise any issue with the verdict. Under Fifth Circuit and Federal Circuit precedent, Motion Offense waived its belated objections to the jury's verdict. Even absent waiver, Motion Offense provides no basis on which this Court should disregard any aspect of the jury's verdict. Accordingly, Dropbox's proposed judgment should enter.

## I.   MOTION OFFENSE WAIVED ANY OBJECTION TO THE JURY'S VERDICT ON INVALIDITY AND PRIORITY FOR THE '548 AND '215 PATENTS.

Federal Rule of Civil Procedure 49 contemplates two categories of verdict forms: special and general. *See* Fed. R. Civ. Pro 49(a)-(b). As Motion Offense concedes, in the Fifth Circuit, a party waives its objection to alleged inconsistencies in a general verdict if the party fails to lodge those objections ***before the jury is dismissed***. *See* Dkt. 411 at 6; *see also Mercer v. Long Mfg. N.C., Inc.*, 671 F.2d 946, 948 n.1 (5th Cir. 1982) (waiver applies to general verdicts under Rule 49(b)); *Stancill v. McKenzie Tank Lines, Inc.*, 497 F.2d 529, 533-35 (5th Cir. 1974) ("By failing to object to the form of the verdict and answers ***at the time they were announced*** . . . both parties waived any objection . . . under Rule 49(b)"). Because Motion Offense failed to object to the jury's verdict at the time it was read, it waived its objections. *See Stancill*, 497 F.2d at 533-35.

Attempting to avoid waiver, Motion Offense first claims the verdict is special under Rule 49(a). Dkt. 411 at 5-6. That is incorrect. The Federal Circuit addressed this precise issue in *Function Media, L.L.C. v. Google, Inc.*, where it determined, applying Fifth Circuit law, that a

verdict with yes/no questions on invalidity "is a general verdict [covered by Rule 49(b)] because …questions on anticipation and validity require legal instruction, the application of legal principles, and are more than 'simply' 'written finding[s] upon each issue of fact.'" *Function Media, L.L.C. v. Google, Inc.,* 708 F.3d 1310, 1330 (Fed. Cir. 2013) (internal citation omitted); *see also id.* at 1328-29 ("[G]eneral verdicts require the jury to apply the law to facts, and therefore require legal instruction, whereas special verdicts compel the jury to focus exclusively on its fact finding role."). Under *Function Media*, the jury's verdict here is general, not special. Indeed, the invalidity verdict form questions closely parallel those found to be general in *Function Media*. *Compare* Dkt. 382 at 4 ("For each asserted patent claim, has Dropbox proven by clear and convincing evidence that the claim is invalid as anticipated or obvious in light of the prior art?"), *with* Ex. 1, *Function Media L.L.C. v. Google, Inc.*, No. 07-CV-0279, Dkt. 413 at 5 (E.D. Tex. Jan. 26, 2010) ("Do you find that Google has proven, by clear and convincing evidence, that any of the following claims of the '025 patent are invalid for [obviousness or anticipation]?"). Similarly, as with the invalidity verdict, the jury's priority date verdict "require[d] the jury to apply the law to facts" and "require[d] legal instruction," rendering it general under *Function Media*. *Function Media,* 708 F.3d at 1328; *see also* Dkt. 382 at 3 ("For each asserted patent claim, has Motion Offense proven by a preponderance of the evidence that the claim is entitled to a priority date of September 25, 2012?"); Dkt. 374 § 11.2.1 (final jury instructions on prior art and priority date). Motion Offense thus waived its objection to the jury's invalidity and priority date verdicts for the '548 and '215 patents.[1]

---

[1] Contrary to Motion Offense's suggestion (Dkt. 411 at 5-6), *Kinetic Concepts* did not decide what constitutes a special versus general verdict. Rather, the Federal Circuit merely considered whether a plaintiff waived implied fact issues not submitted to the jury. *Kinetic Concepts, Inc. v. Smith & Nephew, Inc.*, 688 F.3d 1342, 1360 (Fed. Cir. 2012). *Kinetic Concepts* is also consistent with *Function Media*, as the court noted "there is **strength to the argument that . . . the [district] court**

Motion Offense next appears to claim—without support—that the presence of multiple general verdict questions somehow transforms a general verdict into a special one. But *Function Media* bars that argument. Dkt. 411 at 6. As here, the *Function Media* verdict included multiple questions and yet was a general verdict. *See* 708 F.3d at 1329; Ex. 1 at 2, 5; *see also* Fed. R. Civ. P. 49(b) ("General Verdict with Answers to Written Question*s*")[2]. Moreover, Motion Offense's claim that the jury "never decided the classic general verdict question of who won and who lost" (Dkt. 411 at 6) is incorrect and irrelevant. The verdict form clearly indicated whether each answer (yes or no) was "for Motion Offense" or "for Dropbox." *See* Dkt. 382 at 2-4. And even if the jury did not decide the "classic general verdict question," (Dkt. 411 at 6) where "the form satisfies Rule 49(b) except for not stating that the jury finds for one party, it can still be a general verdict." *Team Contractors, L.L.C. v. Waypoint Nola, L.L.C.*, 976 F.3d 509, 515-17 (5th Cir. 2020) ("[s]uch a verdict form…would be an even worse fit for Rule 49(a)"). In fact, though Motion Offense relies on *Team Contractors*, there a multi-question breach of contract verdict was held to be general. *Id.* at 519-20. And in *Mercer I v. Long Mfg. N. C., Inc*, "[n]o general verdict was rendered by the jury, and the [court] entered judgment *only after* applying the treble damage provisions of the [Texas Deceptive Trade Practices-Consumer Protection Act]." *Mercer I v. Long Mfg. N. C., Inc*, 665 F.2d 61, 65 (5th Cir. 1982)). In contrast, here, judgment may enter on the jury's verdict, which "fully resolve[s] the case." *Team Contractors*, 976 F.3d at 517. Because the verdict is general under Rule 49(b) and Motion Offense failed to object before the jury was dismissed, its objections are waived.

## II.    THE COURT SHOULD ENTER JUDGMENT ON INVALIDITY AND PRIORITY FOR THE '548 AND '215 PATENTS.

Contrary to Motion Offense's assertion (Dkt. 411 at 2), the Court cannot simply disregard

---

*chose to employ a general verdict*." *Id.* at 1359.

[2] All emphasis added unless otherwise noted.

the jury's invalidity and priority verdicts for '548 and '215 patents. "Under the Seventh Amendment and Fed. R. Civ. P. 58(2), a district court is ***bound to enter judgment*** on the jury's answers if they are clear and consistent." *Luken v. Lynaugh*, 98 F.3d 1339 (5th Cir. 1996); *see also* Fed. R. Civ. P. 58(b)(2) ("[T]he court must promptly approve the form of the judgment, [when] the jury returns a special verdict or a general verdict with answers to written questions[.]").[3] "[A] judgment not in accord with [the jury's] answers must be reversed." *Luken*, 98 F.3d 1339.

*Flexuspine*, on which Motion Offense relies (Dkt. 411 at 3-4), is not to the contrary. Critically, there, the court was able to send the verdict ***back to jury*** before its release to revisit the verdict form. *Flexuspine, Inc. v. Globus Med., Inc.*, 879 F.3d 1369, 1372 (Fed. Cir. 2018) ("The district court instructed the jury to retire again with a blank verdict form, review the verdict form, and return a verdict consistent with both questions asked and the district court's written instructions on the verdict form."). In contrast here, Motion Offense failed to object before the jury's dismissal, thus depriving this Court of the ability to send the verdict back to the jury.

Motion Offense's reliance on caselaw involving ***special verdicts*** is also misplaced.[4] Unlike special verdicts, general verdicts—like that at issue here—require ***the jury*** to "appl[y] the explanations given to them on the law to their fact findings and thereby indicate a final result" to "resolv[e] the case." *Team Contractors*, 976 F.3d at 517-20. For that reason, the court may not abrogate the jury's role by refusing to enter judgment on its verdict. That is particularly true here,

---

[3] Motion Offense takes inconsistent positions on whether the jury's verdict is irreconcilably inconsistent. *See* Dkt. 411 at 2-3. However, to the extent Motion Offense contends that the jury's verdict is inconsistent, as discussed above, that objection was waived.

[4] *See Robroy Indus. Inc. v. Schwalbach*, 481 F. App'x 133, 137 (5th Cir. 2012); *White v. Grinfas*, 809 F.2d 1157 (5th Cir. 1987); *Nat'l Hispanic Circus, Inc. v. Rex Trucking, Inc.*, 414 F.3d 546 (5th Cir. 2005); *Carr v. Wal-Mart Stores, Inc.*, 312 F.3d 667, 674 (5th Cir. 2002); *Minshall v. Hartman Equine Reprod. Ctr.*, *P.A.*, 2017 WL 1495077, at *2 (E.D. Tex. Apr. 26, 2017); *Oyefodun v. City of New Orleans*, 2001 WL 775574, at *3 (E.D. La. July 9, 2001); *Floyd v. Laws*, 929 F.2d 1390, 1397 (9th Cir. 1991).

where the jury was provided no opportunity to cure any alleged inconsistency, as doing so "would undermine the incentives for efficient trial procedure and would allow the possible misuse of the Federal Rules of Civil Procedure . . . to implant a ground for appeal should the jury's opinion prove distasteful." *Function Media*, 708 F.3d at 1330. Thus, the Court should enter judgment on the jury's validity and priority verdicts for the '548 and '215 patents.

### III.    THE JUDGMENT SHOULD INCLUDE PRIORITY.

Judgment should enter on the jury's verdict on the priority date for all asserted patents. The Court already considered and overruled Motion Offense's objections to the priority date questions—and for good reason. *See* Dkt. 368, 382. As the jury was properly instructed, Motion Offense had the burden to prove that there was written description support for a priority date earlier than the asserted patents' filing date. *See* Dkt. 374 § 11.2.1. Entry of judgment is not the proper place for Motion Offense to relitigate its verdict form objections. Rather, "[t]he sole purpose of the [Rule 58] separate-document requirement,…[i]s to clarify when the time for appeal…begins to run." *Bankers Trust Co. v. Mullins*, 435 U.S. 381, 384 (1978). As discussed above, this Court is "**bound to enter judgment** on the jury's answers." *Luken*, 98 F.3d 1339.

Nor was the priority date issue an "ancillary factual question." Dkt. 411 at 7. The issue was hotly contested; indeed, both parties included it in their statement of contentions. *See* Dkts. 321-3, 321-4. The mere fact that the jury could have found invalidity on an alternative basis does not mean judgment should not enter on the questions the jury actually decided. Moreover, unlike in *Cendant*, Dropbox has not proposed including "an extended presentation of facts and procedural history" in the final judgment. *See In re Cendant Corp. Sec. Litig.*, 454 F.3d 235, 243 (3d Cir. 2006), *as amended* (Aug. 30, 2006). Dropbox merely requests that the Court honor the jury's verdict by entering a consistent judgment.

September 26, 2023

Respectfully submitted,

*/s/ Gregory H. Lantier*
Kelly Ransom
Texas State Bar No. 24109427
**KELLY HART & HALLMAN LLP**
303 Colorado, Suite 2000
Austin, Texas 78701
Tel: (512) 495-6400
kelly.ransom@kellyhart.com

Gregory H. Lantier
Amanda L. Major (*pro hac vice*)
**WILMER CUTLER PICKERING HALE &
DORR LLP**
2100 Pennsylvania Avenue
Washington DC 20037
Tel: (202) 663-6327
Tel: (202) 663-6304
gregory.lantier@wilmerhale.com
amanda.major@wilmerhale.com

Liv Herriot (*pro hac vice*)
**WILMER CUTLER PICKERING HALE &
DORR LLP**
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Tel: (650) 858-6138
liv.herriot@wilmerhale.com

Makenzi G. Herbst (*pro hac vice*)
Rauvin A. Johl (*pro hac vice*)
**WILMER CUTLER PICKERING HALE &
DORR LLP**
60 State Street
Boston, MA 02109
Tel: (617) 526-6171
Tel: (617) 526-6104
Tel: (617) 526-6109
makenzi.herbst@wilmerhale.com
rauvin.johl@wilmerhale.com

Harry L. Gillam, Jr.
Texas State Bar No. 07921800
**GILLAM & SMITH, L.L.P.**
303 South Washington Avenue

6

Marshall, Texas 75670
Tel: (903) 934-8450
Fax: (903) 934-9257
gil@gillamsmithlaw.com

***Attorneys for Dropbox, Inc.***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record are being served with a copy of

this document via the Court's CM/ECF system on September 26, 2023.

*/s/ Kelly Ransom*