UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| MOTION OFFENSE, LLC, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL NO. W-20-CV-00251-ADA |
| DROPBOX INC, | § | |
| Defendant. | § | |

## ORDER REGARDING SUPPLEMENTAL BRIEFING

This matter comes before the Court *sua sponte*. On January 3, 2024, this Court held a hearing regarding entry of final judgment in the above-captioned matter. ECF No. 424. One issue raised at the hearing was the fact that the jury had ignored stop instructions. Specifically, the jury was not supposed to decide the validity and priority date of U.S. Patent Nos. 10,587,548 and 11,044,215 (collectively, the "Patents at Issue") unless those patents were infringed. *See* ECF No. 411 at 1–2. This is because Dropbox had only asserted invalidity of the Patents at Issue as an affirmative defense, not a counterclaim. *See* ECF No. 119 at 10; *see* ECF No. 10 at 4–14; Defendant Dropbox, Inc.'s Amended Answer to Complaint, ECF No. 26, *Motion Offense, LLC v. Dropbox, Inc.*, No. 6:21-cv-758 (W.D. Tex.). The jury's verdict was that the Patents at Issue were not infringed, yet the jury went on to hold that the Patents at Issue were both invalid and not entitled to the priority date Motion Offense proposed. *See* ECF No. 382 at 2–4.

Motion Offense's argument was that the jury's verdict was inconsistent under Fed. R. Civ. P. 49. *See generally* ECF No. 411. At the end of the hearing, the Court rejected this argument and orally granted Dropbox's motion for entry of judgment in its entirety.

The Court has further questions about its subject matter jurisdiction. In more detail, the Court is concerned that the non-infringement finding mooted the invalidity and priority date findings. *See Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 93–94 (1993); *PODS, Inc. v. Porta Stor, Inc.*, 484 F.3d 1359, 1368 (Fed. Cir. 2007) ("We have no need to consider Porta Stor's arguments related to invalidity, since our finding of non-infringement *moots any affirmative defense of invalidity*, and Porta Stor has not argued its invalidity counterclaim on appeal.") (emphasis added).

Mootness goes to a court's subject matter jurisdiction. *Robinson v. Ferguson*, 849 F. App'x 77, 79 (5th Cir. 2021) ("Mootness is jurisdictional; it determines whether a federal court has subject matter jurisdiction under Article III, Section 2 of the Constitution to hear a case.") (footnote omitted); *see also Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) ("A case becomes moot . . . '*when the issues presented are no longer "live"* or the parties lack a legally cognizable interest in the outcome.'") (emphasis added) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (per curiam)). Thus, the Court may lack subject matter jurisdiction to enter judgment that the Patents at Issue are invalid. However, the parties have not addressed this argument in their briefs.

Because the Court has an obligation to ascertain its own subject matter jurisdiction even when not challenged by the parties, *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), it will **ORDER** supplemental briefing on this issue. The parties shall file simultaneous briefs, limited to ten pages, on or before February 6, 2024. The parties may then file simultaneous response briefs, limited to five pages, on or before February 20, 2024. The Court's oral order granting Dropbox's motion for entry of final judgment, ECF No. 398, is **WITHDRAWN**.

**SIGNED** this 8th day of January, 2024.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

3