# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| MOTION OFFENSE, LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>DROPBOX, INC.,<br><br>*Defendant.* | Civil Action No.: 6:20-cv-00251-ADA |
| MOTION OFFENSE, LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>DROPBOX, INC.,<br><br>*Defendant.* | Civil Action No.: 6:21-cv-758-ADA |

**DROPBOX, INC.'S SUPPLEMENTAL BRIEFING
REGARDING SUBJECT MATTER JURISDICTION**

Prior to entering judgment on the full verdict of the jury, 1/3/2024 Hearing Tr., 27:14-23 (stating the Court is "grant[ing] the defendant's motion, [and] will enter a judgment consistent with the jury verdict."), the Court has asked the parties to brief a single issue: whether the Court has subject matter jurisdiction under Article III to enter judgment on Dropbox's affirmative defenses with respect to the asserted claims of U.S. Patent Nos. 10,587,548 and 11,044,215 (collectively, the "Patents at Issue").

It is well settled under U.S. Supreme Court and U.S. Court of Appeals for the Federal Circuit precedent that the Court has subject matter jurisdiction to enter judgment on Dropbox's affirmative defenses. A court's "decision to rely on one of two possible alternative grounds"—for example, "noninfringement rather than invalidity"—does not "strip it of power to decide the second question, particularly when its decree [i]s subject to" appellate review. *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 98 (1993). That the jury returned a verdict on Dropbox's affirmative defenses (rather than counterclaims) does not change the analysis, as the Supreme Court has confirmed that "the better practice" is for district courts to "inquir[e] fully into the validity of [a] patent" even where there has been a judgment of non-infringement. *Sinclair & Carroll Co. v. Interchemical Corp.*, 325 U.S. 327, 330 (1945). And the Federal Circuit has expressly rejected the argument that "once the jury returned a non-infringement verdict the district court lacked any legal basis to consider [an] affirmative defense" (as opposed to a counterclaim), holding "[i]t [is] entirely appropriate for [a] district court to address" affirmative defenses even "after the jury returned a non-infringement verdict." *Qualcomm Inc. v. Broadcom Corp.*, 548 F.3d 1004, 1025 (Fed. Cir. 2008); *see also Hill-Rom Co. v. Kinetic Concepts, Inc.*, 209 F.3d 1337, 1344 (Fed. Cir. 2000) (district courts are permitted "to resolve the issue of invalidity, even if the issue was raised only as an affirmative defense and even if the court finds that the patent was not

1

infringed.").[1] Indeed, this Court has previously entered judgment on the jury's invalidity verdict even where the jury found no infringement and the invalidity issue was raised only as an affirmative defense. *See* Ex. 1, *Profectus Tech. LLC v. Google LLC*, 6:20-cv-00101-ADA (W.D. Tex. June 13, 2022), Dkt. 220 at 1 (entering judgment on jury verdicts of no infringement and that the patents are invalid where invalidity was raised only as an affirmative defense); Ex. 2, *Freshub, Inc. v. Amazon.com Inc.*, 6:21-cv-00511-ADA (W.D. Tex. July 13, 2021), Dkt. 268 at 1 (entering judgment on jury verdicts that asserted claims are "not infringed" and "not invalid" when invalidity was presented only as an affirmative defense).

This approach conserves both judicial and party resources, since "[t]o enter judgment on less than all dispositive issues can . . . , risk[ ] . . . the necessity of the district court and the parties undertaking participation in another long and costly proceeding" in the event of an appeal. *Lindemann Maschinenfabrik GMBH v. Am. Hoist & Derrick Co.*, 730 F.2d 1452, 1463-64 (Fed. Cir. 1984) (also noting that "[a] district court should decide validity and infringement and should enter a judgment on both issues when both are raised in the same proceeding").

The case identified in the Court's January 8, 2024 Order, *PODS, Inc. v. Porta Stor, Inc.*, 484 F.3d 1359, 1368 (Fed. Cir. 2007), is not to the contrary. *See* Dkt. 427 at 2. In *PODS*, rather than permit the jury to reach a verdict, the district court granted judgment as a matter of law of ***infringement*** and ***no invalidity*** after the close of the evidence. *PODS*, 484 F.3d at 1365. On appeal, the Federal Circuit reversed the district court's infringement judgment, and found that it had "no need to consider [defendant's] arguments related to invalidity, since ***our finding*** of non-

---

[1] Consistent with these binding U.S. Supreme Court and Federal Circuit authorities, Dropbox has not identified any case in which a district court declined to enter judgment on an invalidity affirmative defense verdict on the ground that that jury's finding of no infringement deprived it of subject-matter jurisdiction.

infringement moots any affirmative defense of invalidity, ***and [defendant] has not argued its invalidity counterclaim on appeal***." *Id.* at 1368 (emphasis added).  That is, in a proceeding where defendant did not appeal the district court's grant of judgment as a matter of law of no invalidity, but instead appealed only the exclusion of certain testimony from the defendant's invalidity expert, the Federal Circuit noted that its finding of non-infringement negated the need for the Court to reach the defendants' appellate arguments related to the exclusion of certain invalidity-related testimony.  *See PODS, Inc. v. Porta Stor, Inc.*, No. 2006-1504, 2006 WL 3265354 (C.A. Fed. Oct. 12, 2006) at 5 (Statement of the Issues).  The *PODS* Court in no way suggested that, had the district court found the patents not infringed, entry of judgment on invalidity would have been improper. Indeed, the Federal Circuit's *Qualcomm* decision—issued a year after *PODS*—confirms that it would not have been.  *See Qualcomm,* 548 F.3d at 1025; *see also Hill-Rom*, 209 F.3d at 1344.

For the foregoing reasons, Dropbox respectfully requests that the Court grant Dropbox's motion for entry of judgment, Dkt. 398, in its entirety, including as to the Patents at Issue.

January 30, 2024                    Respectfully submitted,

    */s/ Gregory H. Lantier*
Gregory H. Lantier
Amanda L. Major (pro hac vice)
**WILMER CUTLER PICKERING HALE & DORR LLP**
2100 Pennsylvania Avenue
Washington DC 20037
Tel: (202) 663-6327
Tel: (202) 663-6304
gregory.lantier@wilmerhale.com
amanda.major@wilmerhale.com

Harry L. Gillam, Jr.
Texas State Bar No. 07921800
**GILLAM & SMITH, L.L.P.**
303 South Washington Avenue
Marshall, Texas 75670
Tel: (903) 934-8450
Fax: (903) 934-9257
gil@gillamsmithlaw.com

Kelly Ransom
Texas State Bar No. 24109427
**KELLY HART & HALLMAN LLP**
303 Colorado, Suite 2000
Austin, Texas 78701
Tel: (512) 495-6464
Kelly.ransom@kellyhart.com

Liv Herriot
**WILMER CUTLER PICKERING HALE & DORR LLP**
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Tel: (650) 858-6138
liv.herriot@wilmerhale.com

Rauvin A. Johl (pro hac vice)
Makenzi G. Herbst (pro hac vice)
**WILMER CUTLER PICKERING HALE & DORR LLP**
60 State Street
Boston, MA 02109
Tel: (617) 526-6171

4

        Tel: (617) 526-6104
        Tel: (617) 526-6109
        makenzi.herbst@wilmerhale.com
        rauvin.johl@wilmerhale.com

***Attorneys for Dropbox, Inc.***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record are being served with a copy of this document via the Court's CM/ECF system on January 30, 2024.

        */s/ Kelly Ransom*