**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| MOTION OFFENSE, LLC,<br><br>        *Plaintiff,*<br><br>  v.<br><br>DROPBOX, INC.,<br><br>        *Defendant.* | **Civil Action No. 6:20-cv-00251-ADA**<br><br><br>**JURY TRIAL DEMANDED** |
| MOTION OFFENSE, LLC,<br><br>        *Plaintiff,*<br><br>  v.<br><br>DROPBOX, INC.,<br><br>        *Defendant.* | **Civil Action No. 6:21-cv-00758-ADA**<br><br><br>**JURY TRIAL DEMANDED** |

**MOTION OFFENSE, LLC'S SUPPLEMENTAL BRIEF**
**REGARDING SUBJECT MATTER JURISDICTION**

Dated: February 6, 2024

Timothy Devlin (DE Bar No. 4241)
Derek Dahlgren (*pro hac vice*)
Alex Chan (Texas Bar No. 24108051)
Donald Puckett (Texas Bar No. 24013358)
Srikant Cheruvu (*pro hac vice*)
Andrew Sherman (*pro hac vice*)
Jedidiah Phillips (*pro hac vice*)
**DEVLIN LAW FIRM LLC**
1526 Gilpin Ave.,
Wilmington, DE 19806
Telephone: (302) 449-9010
tdevlin@devlinlawfirm.com
ddahlgren@devlinlawfirm.com
achan@devlinlawfirm.com
dpuckett@devlinlawfirm.com
scheruvu@devlinlawfirm.com
asherman@devlinlawfirm.com
jphillips@devlinlawfirm.com

*ATTORNEYS FOR MOTION OFFENSE, LLC*

## TABLE OF CONTENTS

I.    INTRODUCTION AND FACTUAL BACKGROUND ..................................................... 1

II.   ARGUMENT ............................................................................................................. 1

      A.   Entry Of Judgment On Priority And Invalidity For The Two Patents Is Improper
           Due to Lack of Case or Controversy............................................................................ 1

III.  CONCLUSION......................................................................................................... 5

# TABLE OF AUTHORITIES

## **Cases**

*Altvater v. Freeman*,
   319 U.S. 359 (1943) ........................................................................................ 2

*Cardinal Chem. Co. v. Morton Int'l, Inc.*,
   508 U.S. 83 (1993) ................................................................................... 2, 3, 4

*Deposit Guar. Nat'l Bank v. Roper*,
   445 U.S. 326 (1980) ........................................................................................ 3

*Electrical Fittings Corp. v. Thomas & Betts Co.*,
   307 U.S. 241 (1939) ........................................................................................ 2

*Flexuspine, Inc. v. Globus Med.*, 2016 U.S. Dist. LEXIS 199478,
   *aff'd*, 879 F.3d 1369 (Fed. Cir. 2018) ........................................................... 5

*Hill-Rom Co. v. Kinetic Concepts, Inc.*,
   209 F.3d 1337 (Fed. Cir. 2000) ...................................................................... 4

*IGT v. Bally Gaming Int'l Inc.*,
   610 F. Supp. 2d 288 (D. Del. 2009) ............................................................... 5

*Lacks Indus. v. McKechnie Vehicle Components USA, Inc.*,
   322 F.3d 1335 (Fed. Cir. 2003) ...................................................................... 3

*Lindemann Maschinenfabrik GMBH v. Am. Hoist & Derrick Co.*,
   730 F.2d 1452 (Fed. Cir. 1984) ................................................................... 3, 4

*Multiform Desiccants, Inc. v. Medzam Ltd.*,
   133 F.3d 1473 (Fed. Cir. 1999) ...................................................................... 4

*PODS, Inc. v. Porta Stor, Inc.*,
   484 F.3d 1359 (Fed. Cir. 2007) ...................................................................... 2

*Qualcomm Inc. v. Broadcom Corp.*,
   548 F.3d 1004 (Fed. Cir. 2008) ...................................................................... 3

*Silicon Graphics, Inc. v. ATI Techs.*,
   2011 WL 322664 (W.D. Wis. Jan. 31, 2011) ................................................. 5

*VLSI Tech. LLC v. Intel Corp.*,
   2024 U.S. Dist. LEXIS 12850 (N.D. Cal. Jan. 24, 2024) ............................... 5

*Wireless Ink Corp. v. Facebook, Inc.*,
   969 F. Supp. 2d 318 (S.D.N.Y. 2013) ............................................................ 5

## I.      INTRODUCTION AND FACTUAL BACKGROUND

On January 8, 2024, the Court ordered the parties to submit briefing regarding whether the finding of non-infringement mooted the Court's subject matter jurisdiction to enter judgment concerning the priority date and validity of the '548 and '215 patents (the "Two Patents") which Dropbox only challenged by affirmative defense.  (Dkt. 427.)  The Court previously ruled that these issues would ***not*** be submitted to jury if the jury found the relevant claims were not infringed:

> MS. AMADI:  Your Honor had indicated yesterday that, you know, typically in -- where there's a finding of noninfringement and there's no counterclaim of invalidity, that that ***typically moots*** the jury's obligation to find invalidity going forward.  And I believe in this case, there are two patents in which Dropbox has asserted a counterclaim of invalidity and two patents in which there is a defense of invalidity. Your Honor had indicated that the -- two -- the verdict form would have to be essentially split to allow the jury to go forward with addressing the two on which there are counterclaims and not addressing the two on which there are not counterclaims in the event that the jury finds noninfringement. We would ask that Your Honor submit the issue of invalidity on all four asserted patents to the jury –
>
> THE COURT: I'm not going to do that.

Trial Trans. at 1233:11-1234:4 (emphasis added).  The Court's earlier ruling to exclude those issues from the verdict if the jury found the Two Patents were not infringed was correct.  As Dropbox acknowledged, a finding of non-infringement "typically moots" an affirmative defense of invalidity.  *Id.*  For the same reason, finding non-infringement eliminates subject matter jurisdiction to enter judgment on Dropbox's affirmative defenses of invalidity.

## II.     ARGUMENT

### A.      Entry Of Judgment On Priority And Invalidity For The Two Patents Is Improper Due to Lack of Case or Controversy

Entry of judgment of the jury's answers disobeying the Court's stop instructions in the verdict form with respect to priority and the affirmative defense of invalidity for claim 46 of the '548 patent and claim 18 of the '215 patent should not be entered.  Under binding Supreme Court precedent, judgment of noninfringement moots Dropbox's affirmative defenses of invalidity regarding the Two Patents and divests it of subject matter jurisdiction to enter judgment on that

1

basis.  The Court's order, (Dkt. 427), pointed the parties to *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 93–94 (1993).  (Dkt. 427 at 2.)  Importantly, *Cardinal*, concerned a counterclaim for a declaratory judgment of invalidity, ***not*** an affirmative defense of invalidity.  *Cardinal*, 508 U.S. at 85-86.  As confirmed by *Cardinal*, the two issues are "critically different." *Id.* at 93-94. As *Cardinal* acknowledges, the former situation falls under *Electrical Fittings Corp. v. Thomas & Betts Co*., 307 U.S. 241 (1939), which involved an affirmative defense of invalidity that was stricken from the final judgment for being immaterial to the disposition of the cause, i.e., moot:

> ***The issue of invalidity in Electrical Fittings was raised only as an affirmative defense*** to the charge that a presumptively valid patent had been infringed, not (as in *Fonar*, and as here) as a basis for a counterclaim seeking a declaratory judgment of patent invalidity. ***An unnecessary ruling on an affirmative defense is not the same as the necessary resolution of a counterclaim for a declaratory judgment.***

*Cardinal Chem.*, 508 U.S. at 93-94 (emphasis added).  *See also Electrical Fittings*, 307 U.S. at 242-43.  In *Cardinal*, the Supreme Court left no doubt about the significance of that distinction when it contrasted *Electrical Fittings* with *Altvater v. Freeman*, which did involve a counterclaim of invalidity:

> Distinguishing our holding in *Electrical Fittings,* we wrote "To hold a patent valid if it is not infringed is to decide a hypothetical case. But the situation in the present case is quite different. We have here not only bill and answer but a counterclaim. Though the decision of noninfringement disposes of the bill and answer, it does not dispose of the counterclaim which raises the question of validity."

*Cardinal*, 508 U.S. at 94 (quoting *Altvater v. Freeman*, 319 U.S. 359, 363-64 (1943)). Here, as in *Electrical Fittings* and confirmed by subsequent Supreme Court cases, no subject matter jurisdiction exists to enter judgment on Dropbox's affirmative defenses related to the Two Patents.

As this Court noted in its Order (Dkt. 427) *PODS, Inc. v. Porta Stor, Inc*., 484 F.3d 1359, 1368 (Fed. Cir. 2007) properly follows Supreme Court precedent.  *PODS* explicitly states that affirmative defenses of invalidity are mooted once non-infringement is found: "our finding of non-

infringement moots any affirmative defense of invalidity[.]"  *PODS*, 484 F.3d at 1368.  *Lacks Indus. v. McKechnie Vehicle Components USA, Inc.*, 322 F.3d 1335 (Fed. Cir. 2003), which preceded *PODS*, stands for the same proposition: "As a threshold matter, we note that we do not reach the validity issues pertaining to the [asserted] patents because we have affirmed the trial court's grant of summary judgment of non-infringement and because invalidity was raised below merely as an affirmative defense to infringement."  *Lacks Indus.*, 322 F.3d at 1346 (citing *Cardinal*, 508 U.S. at 93).  Like those cases, here, Dropbox's affirmative defenses of invalidity regarding the Two Patents became moot upon finding non-infringement.  Therefore, this Court lacks subject matter jurisdiction to enter judgment on invalidity for the Two Patents, including ancillary findings related to priority.

Dropbox's reliance on *Sinclair & Carroll Co. v. Interchemical Corp.* is unavailing.  As the Supreme Court subsequently clarified in *Deposit Guaranty National Bank v. Roper*, inquiring into validity is different than entering judgment on a hypothetical controversy.  *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 335 n.7 (1980)  ("The District Court was correct in inquiring fully into the validity of the patent, but was incorrect to adjudge the patent valid after ruling that there had been no infringement. By doing so, the District Court had decided a hypothetical controversy . . . .")

Dropbox's other caselaw is similarly irrelevant to the issue presented here.  For example, *Qualcomm Inc. v. Broadcom Corp.*, 548 F.3d 1004 (Fed. Cir. 2008) and *Lindemann Maschinenfabrik GMBH v. Am. Hoist & Derrick Co.*, 730 F.2d 1452 (Fed. Cir. 1984) are readily distinguishable.  In *Qualcomm*, Qualcomm's failure to appeal non-infringement did not moot its appeal of the Court's ruling on Broadcom's equitable defense of unenforceability, which affected Qualcomm's entire patent and had broader scope that the judgment of non-infringement unlike the present case.  *Qualcomm*, 548 F.3d at 1011 n.1, 1024-26.  In *Lindemann*, which predates *Cardinal*

there was a counterclaim for declaratory judgment; no affirmative defense of invalidity was at issue. *Lindemann*, 730 F.2d at 1463-64 (Fed. Cir. 1984). These cases are inapposite.

Likewise, the Federal Circuit's opinions in *Hill-Rom Co. v. Kinetic Concepts, Inc.*, 209 F.3d 1337 (Fed. Cir. 2000) and *Multiform Desiccants, Inc. v. Medzam Ltd.*, 133 F.3d 1473 (Fed. Cir. 1999) do not require nor support a different result. In *Multiform Dessicants*¸ the Federal Circuit stated in dicta that "[t]he district court recognized that it could in its discretion decide this affirmative defense, but chose not to," but then proceeded to clarify that statement, noting:

> Although viewed by Medzam as a mere technicality**, it is dispositive that Medzam did not file a counterclaim for a declaration of invalidity**. The Supreme Court in [*Cardinal Chem. Co. v. Morton Int'l, Inc.*,] drew a dispositive distinction between an affirmative defense and a counterclaim for a declaratory judgment. The Court stated: "An unnecessary ruling on an affirmative defense is not the same as the necessary resolution of a counterclaim for a declaratory judgment." A request for a ruling of invalidity, for example as in Medzam's motion for judgment as a matter of law filed after close of the plaintiff's case, does not convert the defense into a counterclaim; nor does the filing of a trial brief, nor the filing of proposed findings and conclusions on the issue of validity.

*Multiform Desiccants*, 133 F.3d at 1481 (quoting *Cardinal*, 508 U.S. at 93-94) (emphasis added). Dropbox ignores the Court's clarification regarding this "dispositive" distinction. Likewise, in *Hill-Rom*, the Federal Circuit stated in dicta that "*Multiform Desiccants* permits a district court to resolve the issue of invalidity, even if the issue was raised only as an affirmative defense and even if the court finds that the patent was not infringed." *Hill-Rom*, 209 F.3d at 1344. But *Hill-Rom* did not condone this course of action. Indeed, the Federal Circuit stated that invalidity "was raised only as an affirmative defense by KCI, not in the form of a counterclaim, and **the district court therefore did not include in the judgment any reference to its ruling on the issue of invalidity**." *Id.* (emphasis added). The Federal Circuit also recognized that any finding regarding invalidity would have been meaningless: "[T]he district court's resolution of the issue of invalidity was not necessary to the judgment. For that reason, the court's invalidity ruling will have no collateral

estoppel effect in any possible future dispute between the parties involving the [asserted] patent." *Id.* These cases do not create jurisdiction where none exists.

A recent district court decision in the Northern District of California, *VLSI Tech. LLC v. Intel Corp.*, 2024 U.S. Dist. LEXIS 12850 (N.D. Cal. Jan. 24, 2024), involving Dropbox's counsel is instructive. The *VLSI* court unequivocally stated that "Courts regularly hold that a finding of non-infringement moots any affirmative defenses." *Id.* at *6-7 (citing *IGT v. Bally Gaming Int'l Inc.*, 610 F. Supp. 2d 288, 331 (D. Del. 2009) ("[I]n light of the court's conclusion that defendants do not infringe the '983 patent, the court denies as moot both parties' motions for summary judgment with respect to whether an implied license covers the '983 patent.") *aff'd*, 659 F.3d 1109 (Fed. Cir. 2011)). Other courts have reached the same conclusion. *E.g.*, *Flexuspine, Inc. v. Globus Med.*, 2016 U.S. Dist. LEXIS 199478, *14 ("In the context of a patent case such as this case, a judgment of non-infringement necessarily moots an affirmative defense of invalidity[.]") *aff'd*, 879 F.3d 1369 (Fed. Cir. 2018); *Silicon Graphics, Inc. v. ATI Techs.*, 2011 WL 322664, at *3 (W.D. Wis. Jan. 31, 2011) ("One difference between a counterclaim and an affirmative defense is that resolution of a plaintiff's claim in favor of a defendant always moots the affirmative defense . . . Thus, even if defendants had wanted to try their affirmative defenses with respect to claims 2–6, I would have denied that request on mootness grounds"); *Wireless Ink Corp. v. Facebook, Inc.*, 969 F. Supp. 2d 318, 338–39 (S.D.N.Y. 2013) ("[W]here, as here, the issue of invalidity is raised solely as an affirmative defense, rather than as a counterclaim for declaratory judgment, a district court's resolution of the invalidity issue after a finding of non-infringement constitutes unnecessary dicta, if not, in certain circumstances, reversible error.")

## III.   CONCLUSION

For at least the foregoing reasons, the Court lacks subject matter jurisdiction to enter judgment on Dropbox's affirmative defenses of invalidity including priority for the Two Patents.

Dated: February 6, 2024                         Respectfully submitted,

                                                */s/ Derek Dahlgren*
                                                Timothy Devlin (DE Bar No. 4241)
                                                Derek Dahlgren (*pro hac vice*)
                                                Alex Chan (Texas Bar No. 24108051)
                                                Donald Puckett (Texas Bar No. 24013358)
                                                Srikant Cheruvu (*pro hac vice*)
                                                Andrew Sherman (*pro hac vice*)
                                                Jedidiah Phillips (*pro hac vice*)
                                                **DEVLIN LAW FIRM LLC**
                                                1526 Gilpin Ave.,
                                                Wilmington, DE 19806
                                                Telephone: (302) 449-9010
                                                tdevlin@devlinlawfirm.com
                                                ddahlgren@devlinlawfirm.com
                                                achan@devlinlawfirm.com
                                                dpuckett@devlinlawfirm.com
                                                scheruvu@devlinlawfirm.com
                                                asherman@devlinlawfirm.com
                                                jphillips@devlinlawfirm.com

                                                *ATTORNEYS FOR MOTION OFFENSE, LLC*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on February 6, 2024 a true and correct copy of the above and

foregoing document has been served on all counsel of record via the Court's ECF system.


*<u>/s/ Derek Dahlgren</u>*
Derek Dahlgren