# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| MOTION OFFENSE, LLC,<br><br>             *Plaintiff,*<br><br>  v.<br><br>DROPBOX, INC.,<br><br>             *Defendant.* | Civil Action No.: 6:20-cv-00251-ADA |
| MOTION OFFENSE, LLC,<br><br>             *Plaintiff,*<br><br>  v.<br><br>DROPBOX, INC.,<br><br>             *Defendant.* | Civil Action No.: 6:21-cv-758-ADA |

**DROPBOX, INC.'S RESPONSIVE BRIEF**
<u>**REGARDING SUBJECT MATTER JURISDICTION**</u>

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Cardinal Chemical Co. v. Morton Int'l, Inc.*,
    508 U.S. 83 (1993) ........................................................................................................... 2, 4

*Deposit Guaranty National Bank, Jackson, Miss. v. Roper*,
    445 U.S. 326 (1980) ......................................................................................................... 3, 4

*Electrical Fittings Corp. v. Thomas & Betts Co.*,
    307 U.S. 241 (1939) ......................................................................................................... 2, 3

*Flexuspine, Inc. v. Globus Med., Inc.*, No. 6:15-CV-201,
    2016 WL 9276025 (E.D. Tex. Oct. 3, 2016) ....................................................................... 5

*Hill-Rom Co. v. Kinetic Concepts, Inc.*,
    209 F.3d 1337 (Fed. Cir. 2000) .......................................................................................... 5

*Lindemann Maschinenfabrik GMBH v. Am. Hoist & Derrick Co.*,
    730 F.2d 1452 (Fed. Cir. 1984) .......................................................................................... 4

*PODS, Inc. v. Porta Stor, Inc.*,
    484 F.3d 1359 (Fed. Cir. 2007) .......................................................................................... 3

*Qualcomm Inc. v. Broadcom Corp.*,
    548 F.3d 1004 (Fed. Cir. 2008) .......................................................................................... 4

*Silicon Graphics, Inc. v. ATI Techs., Inc.*, No. 06-CV-611,
    2011 WL 322664 (W.D. Wis. Jan. 31, 2011) ..................................................................... 5

*Sinclair & Carroll Co. v. Interchemical Corp.*,
    325 U.S. 327 (1945) ........................................................................................................... 4

*VLSI Tech. LLC v. Intel Corp.*, No. 17-CV-05671,
    2024 WL 269163 (N.D. Cal. Jan. 24, 2024) ....................................................................... 5

*Wireless Ink Corp. v. Facebook, Inc.*,
    969 F. Supp. 2d 318 (S.D.N.Y. 2013) ................................................................................ 5

Although Motion Offense asserts that "binding Supreme Court precedent" bars this Court from entering judgment on the jury's verdict, it identifies none. Dkt. 429 at 1. To the contrary, Motion Offense fails to identify a ***single case***—in any federal court—in which a jury's non-infringement verdict was found to deprive the district court of subject matter jurisdiction to simultaneously enter judgment on the jury's invalidity verdict. Indeed, Motion Offense completely ignores the numerous cases in which this Court and others have entered judgment on both non-infringement and invalidity notwithstanding that invalidity was raised solely as an affirmative defense. *See* Dkt. 428 at 2 (citing *Profectus Tech. LLC v. Google LLC*, 6:20-cv-00101-ADA (W.D. Tex. June 13, 2022), Dkt. 220 at 1 (entering judgment on jury verdicts of no infringement and invalidity affirmative defense) and *Freshub, Inc. v. Amazon.com Inc.*, 6:21-cv-00511-ADA (W.D. Tex. July 13, 2021), Dkt. 268 at 1); *see also, e.g.*, Ex. 1, *IGT v. Zynga Inc.*, 1:23-CV-885-ADA (W.D. Tex. Dec. 18, 2023), Dkts. 304, 309; Ex. 2, *TrackTime, LLC v. Amazon.com Services LLC*, 1:18-CV-1518 (D. Del. Sept. 27, 2023)[1], Dkt. 314; Ex. 3, *360Heros, Inc. v. GoPro, Inc.*, 1:17-CV-01302 (D. Del. Apr. 28, 2023), Dkt. 357; Ex. 4, *Innovation Sciences, LLC v. Amazon.Com, Inc.*, 4:18-CV-474 (E.D. Tex. Feb. 26, 2021), Dkt. 897, *aff'd* No. 2021-2111, 2022 WL 2824675 (Fed. Cir. July 20, 2022), *cert. denied*, 143 S. Ct. 779 (2023); Ex. 5, *Intellectual Ventures I LLC v. Canon Inc.*, 1:11-cv-00792 (D. Del. May 14, 2014), Dkt. 307. Under Motion Offense's erroneous view, all of the federal judges who presided over these cases violated Article III of the Constitution. Of course, they did not. Motion Offense's arguments should be rejected.

***First***, none of the cases Motion Offense cites addresses the Court's question: whether it has authority under Article III to enter judgment on the jury's invalidity findings where the jury ***simultaneously*** found patent claims not infringed and invalid. As the exemplar cases cited above

---

[1] Notably, the plaintiff in *TrackTime* was represented by counsel for Motion Offense.

demonstrate, it does. Just as the jury rendered its verdict simultaneously, the Court will enter a single judgment on the jury's verdict. Thus, unlike all the cases on which Motion Offense relies, here (1) there is no prior judgment of non-infringement and (2) the Court is not "deciding" invalidity after finding the patents not infringed – the jury has already decided invalidity.

**Second**, even if this Court were being asked to "decide" invalidity (rather than simply to enter judgment on a unanimous jury verdict), as Dropbox explained (Dkt. 428 at 1), the Supreme Court has held a court's "decision to rely on one of two possible alternative grounds (noninfringement rather than invalidity) d[oes] not strip it of **power** to decide the second question." *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 98 (1993). Motion Offense's attempt to distinguish *Cardinal Chemical* by pointing to *Electrical Fittings Corp. v. Thomas & Betts Co.*, 307 U.S. 241 (1939), falls short. In *Electrical Fittings*, following a bench trial, the trial court held that the asserted patent claim was "***valid*** but not infringed." 307 U.S. at 242 (emphasis added). The patent owner did not appeal the non-infringement finding, but the accused infringer sought appellate review of the validity finding. *Id.*; *see Cardinal Chem.*, 508 U.S. at 93. There was thus no ongoing dispute with respect to infringement. Here, infringement remains disputed, as Motion Offense has indicated an intent to contest the non-infringement verdict. *See* Dkt. 409 at 1330:12-1333:24 (moving under Rule 50 on the issue of non-infringement, among other issues). Under these circumstances, the jury's non-infringement verdict does not deprive this Court of jurisdiction to enter judgment on Dropbox's invalidity affirmative defense. Because Motion Offense intends to challenge the non-infringement judgment, Dropbox retains a concrete interest in obtaining a judgment of invalidity.[2]

---

[2] Even setting aside the ongoing dispute regarding Dropbox's alleged infringement, a controversy nonetheless remains (1) to the extent Motion Offense continues to seek to assert infringement

2

Moreover, *Electrical Fittings* concerned an ***appellate court's*** jurisdiction to hear an appeal from a judgment of no invalidity—not a ***trial court's*** jurisdiction to enter judgment on a jury verdict of invalidity. *See* 307 U.S. at 242 (holding the "Court of Appeals had jurisdiction"). That distinction is critical. As the Supreme Court noted in *Deposit Guaranty National Bank, Jackson, Miss. v. Roper*, 445 U.S. 326, 335 (1980), there is a "distinction between the definitive mootness of a case or controversy, which ousts the jurisdiction of the federal courts and requires dismissal of the case, and a judgment in favor of a party at an ***intermediate stage of litigation***." *Id.* (emphasis added). At an intermediate stage (such as that at issue here), "federal courts retain[ ] jurisdiction . . . notwithstanding the District Court's entry of judgment" of non-infringement because appeals are permitted and the parties therefore retain a concrete interest in the outcome of the case, such that "the case [i]s still live and dismissal [i]s not required by Art. III." *Id.*

***Third***, Motion Offense's reliance on *PODS, Inc. v. Porta Stor, Inc.*, 484 F.3d 1359, 1368 (Fed. Cir. 2007), is similarly misplaced. As Dropbox explained (Dkt. 428 at 2-3)—and Motion Offense does not dispute—*PODS* did not address a district court's jurisdiction to enter judgment of invalidity, but instead concerned whether the Federal Circuit was required to reach the defendant's appellate arguments related to the exclusion of invalidity-related testimony where it found no infringement and invalidity had not been appealed. *PODS* does not suggest that a ***district court*** lacks jurisdiction to simultaneously enter judgment of both invalidity and noninfringement. Indeed, in *Lacks Industries v. McKechnie Vehicle Components USA, Inc.*, on which Motion Offense separately relies, the district court granted summary judgment of ***both*** non-infringement

---

claims against Dropbox's customers, *see* Dkt. 247 at 1 n.1, and (2) because Motion Offense has continued to assert related patents against Dropbox that Motion Offense has described as having "substantially similar" claims, *see, e.g.*, *Motion Offense, LLC v. Dropbox, Inc.*, No. 6:23-CV-00303 (W.D. Tex.) at Dkt. 22 ¶ 31.

3

and invalidity even though invalidity was raised only as an affirmative defense. *See* 322 F.3d 1335, 1344-46 (Fed. Cir. 2003). Although the Federal Circuit declined to address invalidity after affirming the noninfringement judgment, it did not suggest that the **district court** lacked jurisdiction to enter judgment on both issues. Indeed, as the Federal Circuit has explained, "enter[ing] judgment on less than all dispositive issues can . . . , risk[ ] . . . the necessity of the district court and the parties undertaking participation in another long and costly proceeding" following appeal. *Lindemann Maschinenfabrik GMBH v. Am. Hoist & Derrick Co.*, 730 F.2d 1452, 1463-64 (Fed. Cir. 1984);[3] *see also Sinclair & Carroll Co. v. Interchemical Corp.*, 325 U.S. 327, 330 (1945) (noting that "the better practice" is for district courts to "inquir[e] fully into the validity of [a] patent" even where there has been a judgment of non-infringement).[4]

***Fourth***, although the Federal Circuit has confirmed that (1) it is "entirely appropriate for the district court to address [an affirmative] defense … after the jury returned a non-infringement verdict," *Qualcomm Inc. v. Broadcom Corp.*, 548 F.3d 1004, 1025 (Fed. Cir. 2008), and (2) "a district court [is permitted] to resolve the issue of invalidity, ***even if the issue was raised only as an affirmative defense*** and even if the court finds that the patent was not infringed," *Hill-Rom Co.*

---

[3] Motion Offense's attempt (Dkt. 429 at 3-4) to distinguish *Lindemann* should be rejected. Although *Lindemann* involved an invalidity counterclaim, the "inefficiencies" it acknowledges are no less applicable to affirmative defenses. In *Lindemann*, after a trial, the district court entered judgment on only the defendant's invalidity counterclaim. 730 F.2d at 1457. In reversing and remanding, the Federal Circuit observed that because the district court had declined to enter judgment on non-infringement, it had risked the "inefficient[cy]" of "the parties undertaking participation in another long and costly proceeding." *Id.* at 1463-64. The same could be true here were the Court to decline to enter judgment on the jury's invalidity verdict.

[4] Motion Offense's claim that *Deposit Guaranty* "clarified" the Supreme Court's decision in *Sinclair* is incorrect. Dkt. 429 at 3. Motion Offense ignores that *Cardinal Chem.*, which issued over a decade after *Deposit Guaranty*, relies upon *Sinclair* for the proposition that district courts may "consider the question of validity even though it had found that a patent had not been infringed." 508 U.S. at 100. And as explained *supra*, *Deposit Guaranty* makes clear that cases are not moot when, as in this case, "the case [i]s still live." 445 U.S. at 335.

4

*v. Kinetic Concepts, Inc.*, 209 F.3d 1337, 1344 (Fed. Cir. 2000),[5] Motion Offense nonetheless points to inapposite cases where the district court decided the issue of non-infringement on **summary judgment**, and later declined to move on to other issues. *See VLSI Tech. LLC v. Intel Corp.*, No. 17-CV-05671, 2024 WL 269163, at *2 (N.D. Cal. Jan. 24, 2024) (considering whether to proceed to trial on a license defense after granting summary judgment of non-infringement); *Silicon Graphics, Inc. v. ATI Techs., Inc.*, No. 06-CV-611, 2011 WL 322664, at *3 (W.D. Wis. Jan. 31, 2011) (noting that the court would have denied a request for an invalidity-only trial had defendant sought one following a grant of summary judgment of non-infringement); *Wireless Ink Corp. v. Facebook, Inc.*, 969 F. Supp. 2d 318, 338-39 (S.D.N.Y. 2013) (declining to decide a motion for summary judgment of invalidity after granting summary judgment of non-infringement).[6] As stated above, here, the jury simultaneously found no infringement and invalidity, and a single judgment will enter on both issues.

Motion Offense has failed to identify a single case finding that the district court lacks Article III jurisdiction to enter a jury's simultaneous verdict of invalidity and non-infringement. The cases entering judgment on such verdicts are well-grounded in Supreme Court and Federal Circuit precedent. This Court thus clearly has the Constitutional authority to enter judgment on the jury's verdict in its entirety, including as to the Patents at Issue.

---

[5] That *Hill-Rom* supposedly does not "condone" this approach (Dkt. 429 at 4), is irrelevant, as this Court has already determined that it will enter judgment so long as it has jurisdiction to do so. *See* 1/3/2024 Hearing Tr. at 27:14-23. As explained above, it does.

[6] *Flexuspine*—Motion Offense's only cited case in which a jury returned a non-infringement verdict—is inapposite. *Flexuspine, Inc. v. Globus Med., Inc.*, No. 6:15-CV-201, 2016 WL 9276025, at *5 (E.D. Tex. Oct. 3, 2016), *aff'd*, 879 F.3d 1369 (Fed. Cir. 2018). The question in *Flexuspine* was not whether the district court had jurisdiction to enter judgment on an invalidity affirmative defense following the jury's non-infringement verdict. Instead, the district court considered whether defendant's agreement to a stop instruction asking the jury to consider the defendant's counterclaim of invalidity only if the patent was found infringed violated the Seventh Amendment. *Id.* at *4-5. It did not. *Id.*

| | |
|---|---|
| February 20, 2024 | Respectfully submitted, |

                                                */s/ Gregory H. Lantier*
Gregory H. Lantier
Amanda L. Major (pro hac vice)
**WILMER CUTLER PICKERING HALE & DORR LLP**
2100 Pennsylvania Avenue
Washington DC 20037
Tel: (202) 663-6327
Tel: (202) 663-6304
gregory.lantier@wilmerhale.com
amanda.major@wilmerhale.com

Harry L. Gillam, Jr.
Texas State Bar No. 07921800
**GILLAM & SMITH, L.L.P.**
303 South Washington Avenue
Marshall, Texas 75670
Tel: (903) 934-8450
Fax: (903) 934-9257
gil@gillamsmithlaw.com

Kelly Ransom
Texas State Bar No. 24109427
**KELLY HART & HALLMAN LLP**
303 Colorado, Suite 2000
Austin, Texas 78701
Tel: (512) 495-6464
Kelly.ransom@kellyhart.com

Liv Herriot
**WILMER CUTLER PICKERING HALE & DORR LLP**
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Tel: (650) 858-6138
liv.herriot@wilmerhale.com

Rauvin A. Johl (pro hac vice)
Makenzi G. Herbst (pro hac vice)
**WILMER CUTLER PICKERING HALE & DORR LLP**
60 State Street
Boston, MA 02109
Tel: (617) 526-6171

>Tel: (617) 526-6104
>Tel: (617) 526-6109
>makenzi.herbst@wilmerhale.com
>rauvin.johl@wilmerhale.com
>
>***ATTORNEYS FOR DROPBOX, INC.***

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record are being served with a copy of the foregoing document via the Court's CM/ECF system on February 20, 2024.

>*/s/ Kelly Ransom*