IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| MOTION OFFENSE, LLC,<br><br>          *Plaintiff,*<br><br>v.<br><br>DROPBOX, INC.,<br>          *Defendant.* | Civil Action No.:  6:20-cv-00251-ADA |
| MOTION OFFENSE, LLC,<br><br>          *Plaintiff,*<br><br>v.<br><br>DROPBOX, INC.,<br><br>         *Defendant.* | Civil Action No.:  6:21-cv-758-ADA |

**DROPBOX, INC.'S RESPONSE TO
<u>PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUR-REPLY</u>**

As Motion Offense acknowledges, the Court ordered opening briefs regarding subject matter jurisdiction "**on or before** February 6, 2024." Dkt. 432 ("Mot.") at 1 (citing Dkt. 427) (emphasis added). Consistent with this instruction, Dropbox filed its opening brief on January 30, 2024. *See* Dkt. 428. Motion Offense filed its opening brief on February 6, and both parties filed responsive briefs on February 20, the Court-ordered responsive briefing deadline. *See* Dkt. 427; Dkt. 430. Although Dropbox's responsive brief addressed the arguments in Motion Offense's opening brief, *see* Dkt. 431, Motion Offense elected to "stand[] by" the arguments in its February 6 opening brief, *see* Dkt. 430. Despite having done so, Motion Offense now seeks leave to file a reply brief. While Motion Offense attempts to shift blame to Dropbox for its request, Motion Offense's primary grievance is with the structure of the Court's briefing schedule, which did not include reply briefing. Motion Offense's request for leave to file a reply should be denied.

As an initial matter, Motion Offense's complaint that it had no opportunity to respond to the arguments in Dropbox's responsive brief rings hollow. Mot. at 1. Because the Court's Order did not contemplate reply briefing, Motion Offense would not have had an opportunity to respond to Dropbox's responsive brief regardless of when Dropbox filed its opening brief.

Moreover, contrary to Motion Offense's contention, the arguments in Dropbox's responsive brief are neither "new" nor "misleading." Mot. at 1. Dropbox's responsive brief simply responded to the arguments made in Motion Offense's opening brief, while reiterating arguments set forth in its own opening brief. For example, while Motion Offense criticizes Dropbox for relying on cases where courts—including this Court—entered judgment on both non-infringement and an invalidity affirmative defense, Motion Offense ignores that Dropbox made this very same argument in its opening brief. *See* Dkt. 428 at 2. Motion Offense thus had ample opportunity to respond to Dropbox's argument that—under Motion Offense's incorrect view—each of those

cases would have been improperly decided. Further, while Motion Offense's proposed reply purports to respond to the Federal Circuit's decision in *Qualcomm*, there is no dispute that Dropbox also cited and relied on that decision in its opening brief. *See* Dkt. 428 at 1, 3. Like its responsive brief, Motion Offense's proposed reply fails to meaningful respond to *Qualcomm*, and for good reason. The Federal Circuit's directive in *Qualcomm* was clear—"[i]t [is] **entirely appropriate** for [a] district court to address" affirmative defenses even "after the jury returned a non-infringement verdict." *Qualcomm Inc. v. Broadcom Corp.*, 548 F.3d 1004, 1025 (Fed. Cir. 2008) (emphasis added). That the affirmative defense in *Qualcomm* was unenforceability and not invalidity is a distinction without a difference.

Motion Offense's claim that Dropbox "change[d] the Court's question," Dkt. 432-1 at 4[1], is similarly misplaced. In pointing out that Motion Offense's cited cases did not involve simultaneous jury verdicts of non-infringement and invalidity, Dropbox merely distinguished the cases **cited by Motion Offense**. Nor is Dropbox's discussion of *Electrical Fittings* a "new" argument—once again, it was Motion Offense that first raised that case.[2] *See* Dkt. 429 at 2 (citing *Elec. Fittings Corp. v. Thomas & Betts Co.*, 307 U.S. 241 (1939)). As Dropbox explained in response, in *Electrical Fittings* there was **no ongoing dispute** with respect to infringement; in contrast, here, infringement remains disputed—a fact Motion Offense notably does not deny. *See*

---

[1] Motion Offense's proposed reply does not contain page numbers. Dropbox's citations are therefore to the document page numbers as noted in the Court's CM-ECF header.

[2] Similarly, it was Motion Offense that first raised *Deposit Guaranty National Bank*. *See* Dkt. 429 at 3 (citing *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 335 n.7 (1980)). In both Motion Offense's opening brief and proposed reply, Dkt. 429 at 3; Dkt. 432-1 at 6, Motion Offense contends that *Deposit Guaranty* "clarified" the Supreme Court's position of subject matter jurisdiction, while simultaneously ignoring that *Deposit Guaranty* explained that where, as here, "petitioners allege[ ] a stake in the outcome, the case [i]s still live" and Article III jurisdiction remains. *See Deposit Guar.*, 445 U.S. at 335; *see also* Dkt. 231 at 3.

Dkt. 431 at 2-3. This distinction is critical. As both the Supreme Court and Federal Circuit have made clear, courts have the power to decide issues of non-infringement and invalidity "particularly when [the courts] decree [i]s subject to review," as it is here. *See, e.g.*, *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 98 (1993).

Finally, on *Flexuspine*—yet another case first raised by Motion Offense, not Dropbox—Motion Offense's proposed reply again ignores that *Flexuspine* is readily distinguishable. The issue in *Flexuspine* was not whether the district court had jurisdiction to enter judgment on an invalidity affirmative defense. *See Flexuspine, Inc. v. Globus Med., Inc.*, No. 6:15-CV-201-JRG-KNM, 2016 WL 9276025, at *4 (E.D. Tex. Oct. 3, 2016), *aff'd*, 879 F.3d 1369 (Fed. Cir. 2018). Rather, the district court was asked to consider whether defendant's agreement to a stop instruction asking the jury to consider a counterclaim of invalidity only if the patent was found infringed violated the Seventh Amendment. *Id.* at *4-5. As pointed out previously by Dropbox, Dkt. 431 at 5 n.6, the district court held that there was no Seventh Amendment violation and did not analyze the issue of subject matter jurisdiction at all, *see Flexuspine*, 2016 WL 9276025 at *4-*5.[3]

As Dropbox explained in its opening brief, Motion Offense has failed to identify a single case in which a district court declined to enter judgment on a jury verdict finding non-infringement and invalidity as an affirmative defense. That remains true—neither Motion Offense's opening brief, responsive brief, nor its proposed reply have identified such a case. Motion Offense's motion for leave to file a reply is yet another in a series of attempts by Motion Offense to delay entry of judgment in this case. Motion Offense's motion for leave should be denied.

---

[3] The district court's statements in dicta about the differences between affirmative defenses and counterclaims are not relevant to the subject matter jurisdiction question here, particularly given that there remains a case or controversy between the parties notwithstanding the jury's verdict of non-infringement, as explained in Dropbox's responsive brief. *See* Dkt. 431 at 2, n.2.

3

| | |
|---|---|
| March 1, 2024 | Respectfully submitted,<br><br>*/s/ Gregory H. Lantier*<br>Gregory H. Lantier<br>Amanda L. Major (pro hac vice)<br>**WILMER CUTLER PICKERING HALE & DORR LLP**<br>2100 Pennsylvania Avenue<br>Washington DC 20037<br>Tel: (202) 663-6327<br>Tel: (202) 663-6304<br>gregory.lantier@wilmerhale.com<br>amanda.major@wilmerhale.com<br><br>Harry L. Gillam, Jr.<br>Texas State Bar No. 07921800<br>**GILLAM & SMITH, L.L.P.**<br>303 South Washington Avenue<br>Marshall, Texas 75670<br>Tel: (903) 934-8450<br>Fax: (903) 934-9257<br>gil@gillamsmithlaw.com<br><br>Kelly Ransom<br>Texas State Bar No. 24109427<br>**KELLY HART & HALLMAN LLP**<br>303 Colorado, Suite 2000<br>Austin, Texas 78701<br>Tel: (512) 495-6464<br>Kelly.ransom@kellyhart.com<br><br>Liv Herriot<br>**WILMER CUTLER PICKERING HALE & DORR LLP**<br>2600 El Camino Real, Suite 400<br>Palo Alto, California 94306<br>Tel: (650) 858-6138<br>liv.herriot@wilmerhale.com<br><br>Rauvin A. Johl (pro hac vice)<br>Makenzi G. Herbst (pro hac vice)<br>**WILMER CUTLER PICKERING HALE & DORR LLP**<br>60 State Street<br>Boston, MA 02109<br>Tel: (617) 526-6171 |

Tel: (617) 526-6104
Tel: (617) 526-6109
makenzi.herbst@wilmerhale.com
rauvin.johl@wilmerhale.com

**Attorneys for Dropbox, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record are being served with a copy of the foregoing document via the Court's CM/ECF system on March 1, 2024.

*/s/ Kelly Ransom*
Kelly Ransom
