UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **MOTION OFFENSE, LLC,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL NO. W-20-CV-00251-ADA** |
| | § | |
| **DROPBOX INC,** | § | |
| **Defendant.** | § | |

## ORDER REGARDING ENTRY OF JUDGMENT

### I.    INTRODUCTION

This case presents a dispute that only a civil procedure professor could love. After a one-week trial, the jury returned a verdict completely in favor of Defendant Dropbox Inc. *See* ECF No. 382.[1] Did Dropbox infringe any asserted claim of any of Plaintiff Motion Offense, LLC's asserted patents? No. *Id.* at 2. Did Motion Offense prove its entitlement to a priority date of September 25, 2012? Also no. *Id.* at 3. Did Dropbox prove—by clear and convincing evidence—that the asserted claims were all invalid? Actually, yes. *Id.* at 4. All in all, a total defense victory.

Normally, this is where final judgment would be entered so that post-trial motion practice can begin. But things were not so simple. (If they were, there would be no need for this opinion!) The jury, in its desire to award Dropbox complete victory, went further than expected. The Court had previously held that the jury should not decide the priority date and validity of two of the asserted patents, U.S. Patent Nos. 10,587,548 and 11,044,215 (collectively, the "Patents at Issue"), unless the jury first found that those patents had been infringed. *See* Trial Tr. Vol. 4, 1234:1–4.

---

[1] Because of its centrality to the disputed issues, the redacted verdict form is reproduced as Exhibit A to this opinion.

The verdict form included stop instructions informing the jury accordingly. *See* ECF No. 382 at 3–4. But the jury, despite finding non-infringement of the Patents at Issue, ignored the stop instructions and decided the invalidity and priority date anyways. *See id.* That issue has transformed the entry of judgment from what should have been a routine, almost ministerial task into a hotly disputed procedural battlefield.

The parties have filed dueling motions regarding the jury's verdict.[2] Motion Offense, seeing the opportunity to get a second chance for its claims, seeks a new trial on the grounds that Dropbox took inconsistent claim construction positions on validity and infringement, rendering the jury's findings irreconcilably inconsistent. At minimum, Motion Offense insists, the final judgment should not include the answers the jury was not supposed to give and should not discuss the priority date. Dropbox, on the other hand, is naturally completely satisfied with the results of the trial and moves to enter final judgment exactly in accordance with the jury's verdict, including the parts that weren't supposed to be answered.

Deciding these motions requires going down the procedural rabbit hole on issues including verdict consistency, general vs. special verdicts, and waiver. To summarize, for the reasons discussed below, the Court holds that Motion Offense has waived its consistency challenges to the jury's general verdict, including its invalidity findings, and Dropbox's claim construction positions. Thus, the Court, like the jury, will hand Dropbox complete victory. Dropbox's motion for entry of judgment is **GRANTED** and Motion Offense's motion for a new trial is **DENIED.**[3]

---

[2] Specifically, Dropbox moved for entry of final judgment. ECF No. 398. Motion Offense opposes, ECF No. 411, and Dropbox replies, ECF No. 413. Motion Offense has moved for a new trial under Fed. R. Civ. P. 49, not the more typical and familiar Fed. R. Civ. P. 59. ECF No. 414. Dropbox opposes, ECF No. 417, and Motion Offense replies, ECF No. 421.

[3] The Court previously ruled on these motions on the record at the end of the January 3, 2024, hearing. This order memorializes the Court's ruling and the reasoning behind it.

## II.     FACTUAL BACKGROUND

This case is a consolidation of two cases, one filed by each side. Motion Offense asserted several patents, including the Patents at Issue, against Dropbox. ECF No. 43; Complaint for Patent Infringement, ECF No. 1, *Motion Offense, LLC v. Dropbox, Inc.*, No. 6:21-cv-758 (W.D. Tex.). Dropbox, in turn, sought declaratory judgments of non-infringement and invalidity as to some of those patents, but notably not the Patents at Issue. For the Patents at Issue, Dropbox merely asserted invalidity as an affirmative defense. ECF No. 119 at 10; *see* ECF No. 10 at 4–14; Defendant Drop-box, Inc.'s Amended Answer to Complaint, ECF No. 26, *Motion Offense, LLC v. Dropbox, Inc.*, No. 6:21-cv-758 (W.D. Tex.).

Because of this procedural distinction, the Court ruled that the validity and priority date of the Patents at Issue would only go to the jury if they first found infringement. *See* Trial Tr. Vol. 4, 1233:11–1234:4; *see also Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 93–94 (1993) ("The issue of invalidity in *Electrical Fittings* was raised only as an affirmative defense to the charge that a presumptively valid patent had been infringed, not (as in *Fonar*, and as here) as a basis for a counterclaim seeking a declaratory judgment of patent invalidity. An unnecessary ruling on an affirmative defense is not the same as the necessary resolution of a counterclaim for a de-claratory judgment.") (footnote omitted). The verdict form included stop instructions giving effect to the Court's ruling. *See* ECF No. 382 at 3–4.

After a one-week trial, the jury returned a completed verdict form in Dropbox's favor. ECF No. 382. No asserted claim was infringed. *Id.* at 2. Every asserted claim for which Dropbox sought declaratory judgment of invalidity was in fact invalid, and none of them were entitled to Motion Offense's proposed priority date of September 25, 2012. *Id.* at 3–4. But there was a problem—the jury had ignored the stop instructions and had determined that the asserted claims of the Patents at

Issue were invalid and not entitled to a September 25, 2012, priority date. *See id.* However, nobody caught this at the time, and the jury was dismissed without counsel for either side speaking at all, much less objecting to the verdict or flagging the ignored instruction or any claim construction inconsistencies to the Court. *See* Trial Tr. Vol. 5, 1398:14–1405:15.

Roughly three months later, Dropbox and Motion Offense met and conferred regarding Dropbox's motion for entry of judgment. *See* ECF No. 398 at 5. This appears to be the first time that Motion Offense raised the ignored stop instructions. *See id.* at 2. Dropbox later filed its motion for entry of judgment. *Id.* Motion Offense then filed a motion for new trial under Fed. R. Civ. P. 49, arguing that based on the jurors' answers, they must have adopted different claim constructions of the same terms for infringement and validity purposes. ECF No. 414. Motion Offense also contends that the final judgment should not include the jury's responses to the written questions about priority date. ECF No. 411 at 7–8.

## III.  LEGAL STANDARD

### a.  Entry of Judgment

"Every judgment and amended judgment must be set out in a separate document . . . ." Fed. R. Civ. P. 58(a). "Subject to Rule 54(b), the court must promptly approve the form of the judgment, which the clerk must promptly enter, when: (A) the jury returns a special verdict or a general verdict with answers to written questions." Fed. R. Civ. P. 58(b)(2). Where a separate document is required, judgment is considered entered from the earlier of when a separate document judgment is entered or 150 days after a judgment has been entered. *See* Fed. R. Civ. P. 58(c). "A party may request that judgment be set out in a separate document as required by Rule 58(a)." Fed. R. Civ. P. 58(d).

### b. New Trial Under Fed. R. Civ. P. 49

The Federal Rules envision three types of verdicts: the general verdict, the special verdict, and the general verdict with answers to written questions. The general verdict is one where all the jury does is "find[] for the plaintiff or for the defendant." *See* 9B Charles Alan Wright et al., Fed. Prac. & Proc. § 2501 (3d ed. 2024). A special verdict, governed by Rule 49(a), is "in the form of a special written finding on each issue of fact." Fed. R. Civ. P. 49(a)(1). The Court, not the jury, then applies the law to those found facts to determine which side prevails. *See Team Contractors, L.L.C. v. Waypoint Nola, L.L.C.*, 976 F.3d 509, 517 (5th Cir. 2020). A general verdict with answers to written questions, governed by Rule 49(b), is a "general verdict, together with written questions on one or more issues of fact that the jury must decide." Fed. R. Civ. P. 49(b)(1).

Both special verdicts and general verdicts with written questions can result in inconsistent answers. When that happens, a party may move for various forms of relief. For special verdicts, the Court must determine if any inconsistencies are reconcilable. "Where there is a view of the case that makes the jury's answers to special interrogatories consistent, they must be resolved that way." *Atl. & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd.*, 369 U.S. 355, 364 (1962). However, if there are irreconcilable inconsistencies, the court must order a new trial, even if the jury has already been discharged. *Team Contractors*, 976 F.3d at 514. As for general verdicts with written questions, Rule 49 sets out the permissible options in various scenarios. If the written answers are consistent with each other but not the general verdict, the Court may either 1) approve a judgment according to the written answers; 2) order the jurors to deliberate further; or 3) order a new trial. Fed. R. Civ. P. 49(b)(3)(A)–(C). If the written answers are inconsistent with each other and at least one answer is inconsistent with the general verdict, the Court may only 1) order the jurors to deliberate further; or 2) order a new trial. Fed. R. Civ. P. 49(b)(4).

## IV.    ANALYSIS

At the outset, it is important to keep in mind that there are *two* alleged inconsistencies with the jury's verdict. Motion Offense's motion focuses on the allegedly differing claim constructions, while Dropbox's centers on the ignored stop instructions. The Court will analyze the motions in that order.

### a.  Motion Offense's Motion

To summarize the contents of this section, the Court holds that the jury's verdict was a general verdict with written questions under Fed. R. Civ. P. 49(b). Motion Offense was therefore required to raise its alleged inconsistency before the jury was discharged. By failing to do so, Motion Offense has waived its argument, and its motion must be denied.

### i.  The jury's verdict was a general verdict with written questions.

The first matter the Court must decide is what type of verdict the jury returned. This distinction matters because it affects the applicable law and whether waiver applies. Indeed, in a case where a party "argue[d] the jury had to rely on differing claim constructions for infringement and invalidity to reach its invalidity and noninfringement decisions," the Federal Circuit, *applying Fifth Circuit law*, decided it was necessary to categorize the verdict as general or special to answer the waiver question. *See Function Media, L.L.C. v. Google, Inc.*, 708 F.3d 1310, 1327–30 (Fed. Cir. 2013).[4]

---

[4] Two points about this case. <u>First</u>, it is not actually clear whether a Fed. R. Civ. P. 49 motion is the proper procedural vehicle to raise an inconsistent claim construction argument, especially when Fed. R. Civ. P. 50(b) and 59 exist. Certainly, it is not the *ideal* vehicle, especially considering that Rule 49 arguments should be made after the jury's verdict but *while the jury is still empaneled*, thereby delaying their dismissal. But this argument does not appear to have been raised in *Function Media*. And since the Federal Circuit proceeded in the manner it did, this Court will do so as well. <u>Second</u>, Motion Offense argues that *Function Media* cannot trump Fifth Circuit precedent, especially including the subsequent guidance in *Team Contractors, L.L.C. v. Waypoint Nola, L.L.C.*, 976 F.3d 509 (5th Cir. 2020). ECF No. 421 at 3. Be that as it may, the Court cannot ignore *Function Media* either, especially when the appellant made the exact same type of argument Motion Offense is making. This Court will leave to the Federal Circuit the prerogative of reconsidering *Function Media*'s continuing viability in light of *Team Contractors*.

"[T]he very concept of 'general' and 'special verdicts' is an arcane one, and is very difficult to apply to current practice. That such an outdated distinction makes the difference between an entry of a judgment on an otherwise inconsistent verdict being permitted or prohibited is strange, to say the least." *Richard's Paint & Body Shop, LLC v. BASF Corp.*, No. A-11-CA-560 AWA, 2012 WL 5399059, at *2 n.3 (W.D. Tex. Nov. 5, 2012). To draw this arcane distinction, the parties point to different cases. The Court will describe them before turning to their impact on the resolution of this dispute.

Motion Offense relies heavily on *Mercer v. Long Mfg. N. C., Inc.*, 665 F.2d 61 (Former 5th Cir. 1982) ("*Mercer I*"). In *Mercer I*, the Fifth Circuit held that a verdict comprised of "four special interrogatories, one for each of the three theories of liability . . . and one for the amount of damages" was a special verdict under Fed. R. Civ. P. 49(a). 665 F.2d at 62–63, 65. Mercer sued Long over a defective peanut combine, alleging "(i) breach of implied warranty of merchantability or fitness; (ii) violation of the [Texas Deceptive Trade Practices-Consumer Protection Act]; and (iii) defective design and manufacture of the combine rendering the machine unreasonably dangerous to the property of Mercer under a theory of strict liability in tort." *Id.* at 63–64 (footnotes omitted). The verdict form was completed as follows:

VERDICT

We, the Jury, find as follows:

AS TO BREACH OF WARRANTY:

We, the Jury, find for the Plaintiff, Bill Mercer Yes .

We, the Jury, find for the Defendant, Long Mfg. N.C., Inc. _____.

AS TO DECEPTIVE TRADE PRACTICES:

We, the Jury, find for the Plaintiff, Bill Mercer _____.

We, the Jury, find for the Defendant, Long Mfg. N.C., Inc. Yes .

AS TO STRICT LIABILITY:

We, the Jury, find for the Plaintiff, Bill Mercer Yes .

We, the Jury, find for the Defendant, Long Mfg. N.C., Inc. _____.

(Answer the following only if you found for Plaintiff on one of the above.)

AS TO DAMAGES:

We, the Jury, assess damages for Plaintiff, Bill Mercer against Defendant, Long

Mfg., N.C., Inc. in the amount of $17,000.

*Id.* at 64 n.8. Long argued to the Fifth Circuit that these answers were irreconcilably incon-sistent based on the jury instructions. *Id.* at 65. Mercer countered that the verdict was "a general charge with three separate general verdicts, one for each of three separate theories of liability," and was accordingly not subject to Rule 49(a). *Id.* The Fifth Circuit rejected that position and held that Rule 49(a) applied. *Id.* The entirety of its reasoning was as follows: "No general verdict was rendered by the jury, and the District Court entered judgment only after applying the treble damage provisions of the DTPA, both factors pointing against finding a submission under [Fed. R. Civ. P.] 49(b)." *Id.* Panel rehearing was denied, with the panel holding that Long's failure to move for resubmission to the jury did not result in waiver of the inconsistency. *Mercer v. Long Mfg. N. C., Inc.*, 671 F.2d 946, 947 (Former 5th Cir. 1982) (per curiam).

Motion Offense's other main case is *Team Contractors, L.L.C. v. Waypoint Nola, L.L.C.*, 976 F.3d 509 (5th Cir. 2020). The general contractor of a project sued the project's owner, archi-tect, and engineer. *Id.* at 512. The only claim against the project owner was for breach of contract. *Id.* at 513. The jury voted that the general contractor had not shown breach of contract by a pre-ponderance of the evidence. *Id.* at 512. However, when assigning percentages of responsibility for

damages, the jury assigned 5% responsibility to the project owner and 5% responsibility to the project owner's project manager. *Id.* The relevant part of the verdict form was as follows:

### SECTION II – [GENERAL CONTRACTOR]'S BREACH OF CONTRACT CLAIM AGAINST [PROJECT OWNER]

6. Has it been shown by a preponderance of the evidence that [Project Owner] breached the contract?

___ YES ___ NO

**If NO proceed to Question 8; if YES proceed to Question 7.**

7. Did the breach of the contract by [Project Owner] cause damage to [General Contractor]?

___ YES ___ NO

**Proceed to Question 8.**

*Id.* at 519. The Fifth Circuit held that the verdict was a general verdict with answers to written questions. *See id.* at 520. After surveying precedent, including *Mercer I*, the Court held that "*Mercer* controls only those situations in which a verdict against one party on different claims is expressed in the manner used at the trial in that case, *i.e.*, in a form similar to multiple general verdicts." *Id.* at 518. Instead, the Court set out the following rule: "We hold that if the answers to written questions require jurors to apply the instructed law to their fact-findings, thereby fully explaining who prevails on all claims against a single defendant, and if relevant, the amount of any monetary award, that is sufficient for a Rule 49(b) verdict." *Id.* at 520. Applying the rule, the Court noted that Question 6 "required jurors to state an answer by combining their fact finding with the judge's instructions on interpreting [Project Owner]'s obligations under the contract. Upon receiving this verdict, the district judge did not need to apply the law regarding contract

breaches; jurors already had." *Id.* at 519. The jury's negative answer left nothing for the judge other than to resolve arguments about defects in the verdict and enter judgment. *Id.* The presence of additional questions if the project owner was found to have breached the contract was irrelevant. *See id.* at 520.

Dropbox's primary case is *Function Media, L.L.C. v. Google, Inc.*, 708 F.3d 1310 (Fed. Cir. 2013). In *Function Media*, a jury found certain patent claims invalid and not infringed. *Id.* at 1314. The patentee moved for judgment as a matter of law that this verdict was irreconcilable, as the jury purportedly must have taken different claim construction positions for invalidity and non-infringement purposes. *Id.* at 1316, 1327–28. The Federal Circuit held that the patentee had waived this argument by failing to object before the jury was discharged. *Id.* at 1330. The patentee argued that the verdict was special "because the verdict form asked the jury specific questions about validity and infringement," while the defendant argued the verdict was general "because it consisted of simple yes or no questions on infringement, anticipation, and obviousness." *Id.* at 1328. The Federal Circuit reviewed its precedent on the matter and found it unhelpful. *See id.* The court then relied on Wright & Miller to draw the distinction that "general verdicts require the jury to apply the law to facts, and therefore require legal instruction, whereas special verdicts compel the jury to focus exclusively on its fact finding role." *Id.* at 1328–29 (quoting 9B Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 2503 n.1 (3d ed. 2008)). Applying this principle, the Federal Circuit held that the verdict section on obviousness was a general verdict, as obviousness is a legal question with underlying facts. *Id.* at 1329. As for the verdict sections on anticipation and infringement, the Federal Circuit held that these were also general verdicts, even though anticipation and invalidity are fact questions. *Id.* at 1329–30. The court reasoned that determining anticipation and infringement virtually requires legal instruction. *See id.* at 1330. Since the verdict required legal

instruction and application of legal principles, not just written findings on issues of fact, the verdict was a general one. *Id.* The court especially noted that the verdict questions were so general that they did not expose what the jury had done, as would be expected in a special verdict. *Id.* Having determined that the verdict was a general verdict, the *Function Media* court held that plaintiff had waived its irreconcilability challenge by failing to object before the jury had been discharged. *Id.*

Applying the caselaw above, the Court holds that the verdict in this case was a general verdict with written questions. As a reminder, the verdict form in this case contained four sections: infringement, priority date, invalidity, and damages. *See generally* ECF No. 382. Under *Function Media*, the first section was a general verdict. *See* 708 F.3d at 1330. Similarly, the invalidity section is a general verdict, even though the verdict form asked about anticipation and obviousness in the same question. *See id.* at 1329–30. The last section was never filled out and is irrelevant to this analysis. *See* ECF No. 382 at 5.

The section unique to this case is the priority date section. Whether a patent's claims are entitled to a priority date is a question of law based on underlying facts. *Nat. Alts. Int'l, Inc. v. Iancu*, 904 F.3d 1375, 1379 (Fed. Cir. 2018). The parties' priority date dispute centered around whether the asserted claims were supported by two patent applications filed in 2012. ECF No. 374 at 29. "Compliance with the written description requirement is a question of fact . . . ." *PowerOasis, Inc. v. T-Mobile USA, Inc.*, 522 F.3d 1299, 1307 (Fed. Cir. 2008). In order to make that determination, the jury had to be instructed at length about the law of priority dates and written description. *See* ECF No. 374 at 29–31. The answer to the written questions on priority date therefore "required jurors to state an answer by combining their fact finding with the judge's instructions . . . . Upon receiving this verdict, the district judge did not need to apply the law regarding [priority dates]; jurors already had." *Team Contractors*, 976 F.3d at 519. Under these

circumstances, completing all the written questions on the verdict form "require[d] jurors to apply the instructed law to their fact-findings, thereby fully explaining who prevails on all claims against a single defendant." *Id.* at 520. "[T]hat is sufficient for a Rule 49(b) verdict."[5] *Id.*

### ii. Because Motion Offense did not timely object to the jury's general verdict with written questions, its claim construction inconsistency argument is waived.

Having decided that the jury rendered a general verdict with answers to written questions, the Court now turns to the effects of that decision. "[O]bjections to alleged inconsistencies between a general verdict and answers to verdict questions are waived if a party fails to object when the jury announces the verdict, while the jury is still empaneled." *Montano v. Orange County*, 842 F.3d 865, 881–82 (5th Cir. 2016). Motion Offense did not object to the allegedly inconsistent claim constructions before the jury was dismissed. *See* Trial Tr. Vol. 5, 1398:14–1405:15. Consequently, Motion Offense has waived that argument, and the Court will not consider it further.

### b. Dropbox's Motion

To summarize the contents of this section, while the ignored stop instructions create an internal inconsistency in the verdict, this is a waivable reconcilable conflict. As with the claim construction argument, Motion Offense has waived this argument too. The Court will also include the jury's priority date determination in the final judgment.

---

[5] Motion Offense's reliance on *Mercer* and portions of *Team Contractors* does not change this conclusion. The Fifth Circuit in *Team Contractors* explicitly cabined *Mercer* to those cases where "a verdict against one party on different claims is expressed . . . in a form similar to multiple general verdicts." 976 F.3d at 518. Each and every non-damages question in *Mercer* resolved one of the three counts for plaintiff or for defendant. *See* 665 F.3d at 64 n.8. Here, by contrast, the priority date section could not be considered a general verdict because it could not by itself determine the prevailing party on any claim. Dropbox could fail to prove invalidity even using post-2012 references if the jury thought the references did not teach critical claim limitations; conversely, Motion Offense could have its claims invalidated based solely on pre-2012 art if the jury thought said art anticipated the claims or rendered them obvious.

### i.  The verdict is internally inconsistent.

At the threshold, one might wonder: why does it matter that the jury ignored a stop instruction? Why is Motion Offense insisting there is an inconsistency when it is clear the jury *consistently* wanted to have *every* question put to them decided in Dropbox's favor? While this view is understandable and has intuitive appeal, it is not correct on the law. The Federal Circuit's decision in *Flexuspine, Inc. v. Globus Medical, Inc.*, 879 F.3d 1369 (Fed. Cir. 2018), is on all fours here. In *Flexuspine*, the verdict form contained a stop instruction that, as here, "conditioned the submission of invalidity on an affirmative finding of infringement." *Id.* at 1371–72. Similarly, the jury found no infringement yet ignored the stop instruction and found invalidity and no damages. *Id.* The prevailing defendant argued that the jury's answers were not internally inconsistent, but the Federal Circuit, *interpreting Fifth Circuit precedent*, disagreed. *See id.* at 1373–74; *see also White v. Grinfas*, 809 F.2d 1157 (5th Cir. 1987). When a jury ignores a stop instruction, the questions answered in violation of the stop instruction necessarily conflict with the question that should have stopped the jury from going further.[6] *See Flexuspine*, 879 F.3d at 1373. Applying *Flexuspine*, the jury verdict in this case is clearly internally inconsistent. The question now becomes what to do.

### ii.  The ignored stop instruction inconsistency has been waived.

The parties next vigorously dispute whether Motion Offense waived the stop instruction inconsistency by failing to raise it before the jury is discharged. The caselaw here points in multiple directions. Dropbox points to *Stancill v. McKenzie Tank Lines, Inc.*, 497 F.2d 529 (5th Cir. 1974), which straightforwardly announced, "By failing to object to the form of the verdict and answers at

---

[6] The Court notes that both the general verdicts and every written answer favored Dropbox. Fed. R. Civ. P. 49(b), which this case's verdict form falls under, envisions three scenarios: 1) verdict and answers all consistent, 2) answers consistent with each other but inconsistent with the general verdict, and 3) answers inconsistent with each other and with the general verdict. *See* Fed. R. Civ. P. 49(b)(3). This case therefore appears to present a scenario not explicitly contemplated or addressed by the Federal Rules: some answers are inconsistent with each other, but all are consistent with the general verdict.

the time they were announced by the jury, both parties waived any objection to inconsistencies under Rule 49(b)." *Id.* at 534–35. Motion Offense points to cases requiring the Court to harmonize inconsistent jury responses where possible, a duty tinged with constitutional import. *See, e.g.*, *Carr v. Wal-Mart Stores, Inc.*, 312 F.3d 667, 672–74 (5th Cir. 2002). Motion Offense points to its own clear rule, "[I]f the district court has correctly found that the jury's answer to a question that was supposed to terminate further inquiry is clear and disposes of the legal issues, on review we must ignore the jury's necessarily conflicting answers to any other questions." *White*, 809 F.2d at 1161. Dropbox attacks Motion Offense's caselaw cites as applicable only to special verdicts, not general verdicts with written questions like the one here. *See* ECF No. 413 at 4.

The Court concludes, although not without some consternation, that Dropbox is correct. Because of the previous conclusion that the verdict form in this case was a general verdict with answers to written questions under Rule 49(b), *Stancill* is the more applicable precedent. As Dropbox notes, many of Motion Offense's cases involve special verdicts or "special interrogatories." *See, e.g.*, *Carr*, 312 F.3d at 672–74; *White*, 809 F.2d at 1161. After considering supplemental briefing from the parties, the Court is also satisfied that subject matter jurisdiction is not a bar to entering judgment of invalidity of the Patents at Issue, especially considering that the jury's findings of non-infringement and invalidity were simultaneous. *See, e.g.*, *Qualcomm Inc. v. Broadcom Corp.*, 548 F.3d 1004, 1025 (Fed. Cir. 2008).

To be thorough, the Court ends by holding that if the ignored stop instructions are not waived, then the Court would reconcile that inconsistency according to Motion Offense's suggestion, *i.e.*, by entering a final judgment that does not reference the priority date or validity of the Patents at Issue. Motion Offense is not entitled to a new trial based on the ignored stop instructions.

### iii. The final judgment shall include the jury's finding that Motion Offense is not entitled to its claimed September 25, 2012, priority date.

Motion Offense makes one last challenge to the contents of the final judgment. Even though the jury was asked to decide the priority date of all asserted claims,[7] Motion Offense argues that the judgment should not include any mention of the priority date. *See* ECF No. 411 at 7– 9.

Motion Offense reiterates its objection to the inclusion of a priority date question on the verdict form as unnecessary. Motion Offense further argues, citing to out-of-circuit caselaw, that the priority date determination was an "ancillary factual question[]" with no place in a final judgment. ECF No. 411 at 7–8. Also, because Dropbox presented other invalidity arguments that did not depend on the priority date, Motion Offense claims the priority date determination may not even be part of the basis for the jury's invalidity decision. Dropbox counters that Motion Offense's objection was already overruled. Dropbox also argues that the priority date was "hotly contested" and not ancillary. ECF No. 413 at 5.

The Court rejects all of Motion Offense's challenges. Dropbox correctly notes that Motion Offense's objections were overruled, and Motion Offense identifies nothing that has changed since its objections were first made that would cause the Court to rethink its ruling. Dropbox is also correct that the mere possibility the jury found invalidity on an alternate basis does not mean that part of the jury's explicit findings should be excluded. The priority date finding defines the universe of prior art, and consequently the scope of Dropbox's potential invalidity case. Motion Offense offers no authority to support this argument, so the Court rejects it.

Motion Offense's primary case, *In re Cendant Corp. Securities Litigation*, 454 F.3d 235, 240–245 (3rd Cir. 2006), is non-binding and distinguishable. *In re Cendant* was primarily concerned that a judgment with too much discussion of facts, procedural history, or legal analysis—

---

[7] This includes claims from asserted patents that are not the Patents at Issue.

thus looking more like an opinion or memorandum—will no longer be set forth in a separate document as required by Fed. R. Civ. P. 58(a). *See id.* ("The question thus becomes whether an *extensive* recitation of facts and procedural history is *as* fatal, for separate-document purposes, as an *extensive* recitation of legal reasoning and analysis.") (emphases added). But here, Motion Offense challenges one sentence and one sentence fragment: "None of the Asserted Claims are entitled to a priority date of September 25, 2012," and "On May 19, 2023, the jury reached and returned its unanimous verdict finding: . . . that Motion Offense had not proven by a preponderance of the evidence that any Asserted Claim was entitled to a priority date of September 25, 2012 . . . ." ECF No. 398-1 at 1–2. Even under *In re Cendant*'s standards, this accurate recitation of the jury's decision is hardly *extensive* enough to violate Rule 58(a). The mere inclusion of priority date cannot make a final judgment look like a judicial opinion or a memorandum.

Motion Offense's request to exclude priority date from the final judgment is denied.

## V.    CONCLUSION

For the foregoing reasons, Dropbox's motion for entry of judgment is **GRANTED**, and Motion Offense's Fed. R. Civ. P. 49 motion for a new trial is **DENIED**. A final judgment reflecting the jury's verdict and this opinion will separately issue.


**SIGNED** this 29th day of August, 2024.


ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | |
|---|---|
| DROPBOX, INC., | |
| *Plaintiff / Counterclaim Defendant,* | **Civil Action No. 6:20-cv-00251-ADA** |
| v. | **JURY TRIAL DEMANDED** |
| MOTION OFFENSE, LLC, | |
| *Defendant / Counterclaim Plaintiff.* | |
| MOTION OFFENSE, LLC, | |
| *Plaintiff,* | **Civil Action No. 6:21-cv-00758-ADA** |
| v. | **JURY TRIAL DEMANDED** |
| DROPBOX, INC., | |
| *Defendant.* | |

## JURY VERDICT FORM

When answering the following questions and filling out this Verdict Form, please follow the directions provided throughout the Form. Your answer to each question must be unanimous. Some of the questions contain legal terms that are defined and explained in detail in the Jury Instructions. Please refer to the Jury Instructions if you are unsure about the meaning or usage of any legal term that appears in the questions below.

As used here, "Motion Offense" means Motion Offense LLC and "Dropbox" means "Dropbox Inc." As used here, "'158 Patent" refers to U.S. Patent No. 10,013,158, "'052 Patent" refers to U.S. Patent No. 10,021,052, "'548 Patent" refers to U.S. Patent No. 10,587,548 and "'215 Patent" refers to U.S. Patent No. 11,044,215.

We, the jury, unanimously agree to the answers to the following questions, and return them under the instructions of this Court as our verdict in this case.

1

## I.  QUESTIONS OF INFRINGEMENT

**Please answer Question 1 separately for each asserted patent claim.**

| **Q1. For each asserted patent claim, has Motion Offense proven by a preponderance of the evidence that Dropbox has infringed?** **Please answer in each cell with "Yes" (for Motion Offense) or "No" (for Dropbox).** | |
|---|---|
| '158 patent – Claim 3 | NO |
| '158 patent – Claim 6 | NO |
| '158 patent – Claim 14 | NO |
| '052 patent – Claim 12 | NO |
| '052 patent – Claim 20 | NO |
| '052 patent – Claim 27 | NO |
| '548 patent – Claim 46 | NO |
| '215 patent – Claim 18 | NO |

2

## II.     QUESTIONS OF PRIORITY DATE

**ANSWER QUESTION 2 FOR EACH ASSERTED CLAIM OF THE '158 PATENT AND EACH ASSERTED CLAIM OF THE '052 PATENT.**

| **Q2. For each asserted patent claim, has Motion Offense proven by a preponderance of the evidence that the claim is entitled to a priority date of September 25, 2012?** **Please answer in each cell with "Yes" (for Motion Offense) or "No" (for Dropbox).** | |
|---|---|
| '158 patent – Claim 3 | *NO* |
| '158 patent – Claim 6 | *NO* |
| '158 patent – Claim 14 | *NO* |
| '052 patent – Claim 12 | *NO* |
| '052 patent – Claim 20 | *NO* |
| '052 patent – Claim 27 | *NO* |

**ANSWER QUESTION 2 FOR CLAIM 46 OF THE '548 PATENT AND/OR CLAIM 18 OF THE '215 PATENT <u>ONLY IF</u> YOU ANSWERED "YES" FOR THAT CLAIM IN QUESTION 1.**

| **Q2. For each asserted patent claim, has Motion Offense proven by a preponderance of the evidence that the claim is entitled to a priority date of September 25, 2012??** **Please answer in each cell with "Yes" (for Motion Offense) or "No" (for Dropbox).** | |
|---|---|
| '548 patent – Claim 46 | *NO* |
| '215 patent – Claim 18 | *NO* |

3

## III.      QUESTIONS OF INVALIDITY

**ANSWER QUESTION 3 FOR EACH ASSERTED CLAIM OF THE '158 PATENT AND EACH ASSERTED CLAIM OF THE '052 PATENT.**

| **Q3. For each asserted patent claim, has Dropbox proven by clear and convincing evidence that the claim is invalid as anticipated or obvious in light of the prior art?** **Please answer in each cell with "Yes" (for Dropbox) or "No" (for Motion Offense).** | |
| --- | --- |
| '158 patent – Claim 3 | Yes |
| '158 patent – Claim 6 | Yes |
| '158 patent – Claim 14 | Yes |
| '052 patent – Claim 12 | Yes |
| '052 patent – Claim 20 | Yes |
| '052 patent – Claim 27 | Yes |

**ANSWER QUESTION 3 FOR CLAIM 46 OF THE '548 PATENT AND/OR CLAIM 18 OF THE '215 PATENT ONLY IF YOU ANSWERED "YES" FOR THAT CLAIM IN QUESTION 1.**

| **Q3. For each asserted patent claim, has Dropbox proven by clear and convincing evidence that the claim is invalid as anticipated or obvious in light of the prior art?** **Please answer in each cell with "Yes" (for Dropbox) or "No" (for Motion Offense).** | |
| --- | --- |
| '548 patent – Claim 46 | YES |
| '215 patent – Claim 18 | YES |

4

IV.     QUESTION OF DAMAGES (ONLY IF APPLICABLE)

IF YOU ANSWERED "NO" FOR ALL CLAIMS IN QUESTION 1 (NOT INFRINGED), DO NOT ANSWER QUESTION 4.  PROCEED DIRECTLY TO THE FINAL SIGNATURE PAGE.

IF YOU ANSWERED "YES" (INFRINGED) FOR AT LEAST ONE CLAIM IN QUESTION 1 <u>AND</u> YOU FOUND ANY INFRINGED CLAIM NOT INVALID ("NO" IN QUESTION 3), THEN PROCEED TO QUESTION 4.

Q4. What is the amount of reasonable royalty damages through June 30, 2022, that Motion Offense has proved by a preponderance of the evidence as a result of the infringement you found in Question No. 1?

Amount of Reasonable Royalty Damages: $_____

PROCEED TO THE FINAL SIGNATURE PAGE.

5

## FINAL PAGE OF JURY VERDICT FORM

You have now reached the end of the Verdict Form and should review it to ensure it accurately reflects your **unanimous** determinations. After you have satisfied that your unanimous answers are correctly reflected above, your Jury Foreperson should then sign and date this Verdict Form in the spaces below. Once that is done, notify the Court Security Officer that you have reached a verdict.

SIGNED this 19 day of May 2023



JURY FOREPERSON

6